Andrew J. Ogilvie (SBN 57932)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
ajogil@kaboblaw.com

Attorneys for Plaintiff Emelia M. Pasternak

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association,<br><br>    Defendants. | Case No.<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act<br>15 USC § 1681 *et seq*.)<br><br>DEMAND FOR JURY TRIAL |

**Jurisdiction and Venue**

1. This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA). The court has jurisdiction pursuant to 15 USC §1681p. Plaintiff lives in this district and the events complained of occurred here.

**Description of the Case**

2. The first claim arises out of the consumer reporting agency ("CRA") defendants' failure to maintain reasonable procedures to limit the furnishing of a consumer's credit report to persons who have a permissible purpose to view that consumer's credit report.

*Pasternak v. Trans Union, et al.*
Complaint and Jury Demand                                                                                                                                                                                                                       1

The CRA defendants failed to maintain such procedures and gave plaintiff's credit report to subscribers who did not have a permissible purpose to see plaintiff's credit file. As a result of these violations of the FCRA, the CRA defendants enabled an imposter to open credit accounts in plaintiff's name and to incur large charges on those accounts. As a result, plaintiff suffered damages and continues to be suffer damages.

3. The second claim involves the CRA defendants' failures to conduct a reasonable reinvestigation of information after receiving notice from plaintiff that she disputed that information and their failures to comply with other aspects of 15 USC § 1681i.

4. The third claim arises out of Capital One's failure to fulfill its obligations under 15 USC § 1681s-2(b) relating to the reinvestigation it was required to do after it was notified by the CRA defendants that plaintiff disputed information that Capital One was reporting to them.

**The Parties**

5. Plaintiff Emelia M. Pasternak ("plaintiff") is a consumer as defined by the FCRA, 15 USC §1681a(c), and a resident of San Francisco, California.

6. Defendant Trans Union LLC ("Trans Union") is an Illinois corporation with its principal place of business in Chicago, Illinois. Trans Union is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

7. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

8. Defendant Equifax Information Services LLC ("Equifax") is a Georgia corporation with its principal place of business in Atlanta, Georgia. Equifax is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

9. Trans Union, Equifax and Experian are sometimes referred to collectively as the CRA defendants.

10. Defendant Capital One Bank ("Capital One") is a national banking association. Capital One is a furnisher of information to one or more of the other defendants.

**First Claim: The CRA Defendants' Violations of 15 USC § 1681b(a)**

11. Plaintiff incorporates by reference paragraphs 1 through 10.

12. The FCRA provides that a CRA may furnish a consumer's report to "a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer…." 15 USC § 1681b(a). The Act further provides that every consumer reporting agency "shall maintain reasonable procedures designed…to limit the furnishing of consumer reports to the purposes listed under section 1681b" of the Act.

13. Within the past five years an unknown person used plaintiff's name and some of her personal identification information to apply for credit with various companies that subscribe to defendants' credit reporting services.

14. The person who used plaintiff's name and personal identification information to apply for credit did so without plaintiff's knowledge, consent or authorization. Hereinafter that person is referred to as "the imposter."

*Pasternak v. Trans Union, et al.*
Complaint and Jury Demand                                                                                              3

15. Plaintiff is informed and believes that the imposter's credit applications contained some information that matched plaintiff's identifying information, but that those credit applications did not match all of plaintiff's information as contained in defendants' files on plaintiff.

16. The CRA defendants, and each of them, responded to their subscribers' inquiries by treating the imposter's applications as made by plaintiff, even though some critical identification information was missing or did not match the information on file for plaintiff.

17. When the CRA defendants furnished plaintiff's credit report to their subscribers, those defendants did not maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 USC § 1681b.

18. Plaintiff did not become aware of any of these violations of the FCRA until late 2005.

19. Each of the CRA defendants negligently and/or willfully failed to comply with the requirements of 15 USC §1681e(b) by failing to maintain reasonable procedures to limit the furnishing of credit reports to persons who have a permissible purpose to obtain such reports.

20. Each of the CRA defendants negligently and/or willfully violated the requirements of 15 USC 1681b by furnishing plaintiff's credit report to persons who did not have a permissible purpose to access plaintiff's credit report.

21. As a result of the CRA defendants' violations of the FCRA, plaintiff has suffered actual damages. Plaintiff continues to suffer actual damages and plaintiff will suffer

more damages in the future. Plaintiff seeks damages in an amount to be determined by the jury.

22. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2) against each of the CRA defendants.

23. Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

### Second Claim: The CRA Defendants' Violations of 15 USC § 1681i

24. Plaintiff incorporates by reference paragraphs 1 through 10.

25. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A). The Act further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer."

26. Within the two years preceding the filing of this complaint, plaintiff has notified each defendant herein of inaccuracies contained in that CRA's report on plaintiff and has asked each defendant to reinvestigate and correct the inaccuracies.

27. Each of the CRA defendants has failed to conduct a proper reinvestigation of the items of information that plaintiff has disputed.

28. On information and belief, each of the CRA defendants failed to provide timely and complete notification to the furnisher of the disputed information.

29. On information and belief, each of the CRA defendants failed to review and consider all relevant information submitted by plaintiff.

30. Each of the CRA defendants violated the provisions of 15 USC § 1681i in the respects alleged above and in other ways presently unknown to plaintiff, who will provide such information to defendants in discovery as it is uncovered. These violations by defendants were negligent and willful.

31. As a result of the above described violations of § 1681i, plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

32. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2) against each of the CRA defendants.

33. Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Third Claim: Capital One's Violations of 15 USC § 1681s-2(b)**

34. Plaintiff incorporates by reference paragraphs 1 through 10.

35. The FCRA requires a furnisher, after receiving notice from a CRA that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the CRA, and, if the investigation reveals that the

*Pasternak v. Trans Union, et al.*
Complaint and Jury Demand                                                                                                   6

information is incomplete or inaccurate, to report those results to all other CRAs to which the furnisher has provided the inaccurate information.

36. Within the last two years, Capital One has furnished inaccurate information about plaintiff to the CRAs.

37. Within the past two years, plaintiff has notified the CRA defendants that she disputes the inaccurate information reported by Capital One concerning her.

38. On information and belief, the CRAs have notified Capital One that plaintiff has disputed the information it has furnished concerning plaintiff.

39. On information and belief, the CRAs has provided Capital One with the relevant information plaintiff provided to the CRAs, as required of the CRAs by 15 USC § 1681i(a)(2).

40. Capital One negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to the CRAs, and by failing to modify, delete or permanently block the reporting of the inaccurate information about plaintiff.

41. As a result of the above described violations of § 1681s-2(b), plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

42. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2).

43. Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**PRAYER**

WHEREFORE, plaintiff prays for judgment against each defendant as follows:

1. Actual damages (for purposes of a default judgment, plaintiff demands

*Pasternak v. Trans Union, et al.*
Complaint and Jury Demand                                                                                                                7

$35,000 in actual damages);

2. Punitive damages (for purposes of a default judgment, plaintiff demands $100,000 against each defendant):

3. Costs of the action together with reasonable attorneys fees as determined by the court.

Dated: September 25, 2007     KEMNITZER, ANDERSON, BARRON,
                              OGILVIE & BREWER LLP


By   /s/ Andrew J. Ogilvie
     Andrew J. Ogilvie
     Attorney for Plaintiff Emelia M. Pasternak


**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Dated: September 25, 2007     KEMNITZER, ANDERSON, BARRON,
                              OGILVIE & BREWER LLP



By   /s/ Andrew J. Ogilvie
     Andrew J. Ogilvie
     Attorney for Plaintiff Emelia M. Pasternak

*Pasternak v. Trans Union, et al.*
Complaint and Jury Demand                                                    8