1  THOMAS P. QUINN, JR. (SBN: 132268)
   NOKES & QUINN
2  450 OCEAN AVENUE
   LAGUNA BEACH, CA 92651
3  Tel: (949) 376-3055
   Fax: (949) 376-3070
4  Email: tquinn@nokesquinn.com

5  Attorneys for Defendant EQUIFAX
   INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC. And CAPITAL ONE BANK, a national association,<br><br>Defendants. | Case No: 3:07-cv-04980 MJJ<br><br>**ANSWER AND DEFENSES OF DEFENDANT EQUIFAX INFORMATION SERVICES, LLC.** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") hereby submits its answer and defenses to Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

## DESCRIPTION OF THE CASE

2. In response to Paragraph 2 of Plaintiff's Complaint, Equifax admits that Plaintiff purports to bring this action for actual, statutory and punitive damages, costs and attorneys' fees pursuant to the FCRA, all of which Equifax denies any liability to Plaintiff.

3.      In response to Paragraph 3 of Plaintiff's Complaint, Equifax admits that Plaintiff purports to bring this action for actual, statutory and punitive damages, costs and attorneys' fees pursuant to the FCRA, all of which Equifax denies any liability to Plaintiff.

4.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## THE PARTIES

5.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Equifax admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Equifax admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

### First Claim: The CRA Defendants' Violations of 15 USC § 1681b(a)

11.     In response to Paragraph 11 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

12.     In response to Paragraph 12 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

13.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Equifax denies the allegations contained in Paragraph 16 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Equifax denies the allegations contained in Paragraph 19 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Equifax denies the allegations contained in Paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Equifax denies the allegations contained in Paragraph 21 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Equifax denies the allegations contained in Paragraph 22 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Equifax denies the allegations contained in Paragraph 23 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

**Second Claim: The CRA Defendants' Violations of 15 USC § 1681i**

24. In response to Paragraph 24 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

25. In response to Paragraph 25 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

1    26.    In response to Paragraph 26 of Plaintiff's Complaint, Equifax states that the
2  provisions of the FCRA speak for themselves.

3    27.    Equifax denies the allegations contained in Paragraph 27 as they pertain to
4  Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
5  of the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

6    28.    Equifax denies the allegations contained in Paragraph 28 as they pertain to
7  Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
8  of the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

9    29.    Equifax denies the allegations contained in Paragraph 29 as they pertain to
10 Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
11 of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

12    30.    Equifax denies the allegations contained in Paragraph 30 as they pertain to
13 Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
14 of the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

15    31.    Equifax denies the allegations contained in Paragraph 31 as they pertain to
16 Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
17 of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

18    32.    Equifax denies the allegations contained in Paragraph 32 as they pertain to
19 Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
20 of the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

21    33.    Equifax denies the allegations contained in Paragraph 33 as they pertain to
22 Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
23 of the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

24

25    **Third Claim: Capital One's Violations of 15 USC § 1681s-2(b)**

26    34.    In response to Paragraph 34 of Plaintiff's Complaint, Equifax reasserts and
27 realleges its responses and defenses as set forth above.

28

35. In response to Paragraph 35 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

42. Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 42 of Plaintiff's Complaint.

43. Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 43 of Plaintiff's Complaint.

## PRAYER

44. Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 44.

## DEFENSES

### FIRST DEFENSE

45. Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### SECOND DEFENSE

46. Plaintiff's claims are, or may be, barred by the applicable statute of limitations.

### THIRD DEFENSE

47.　Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### FOURTH DEFENSE

48.　To the extent that plaintiff alleges that Equifax violated the FCRA, CCCRA or other similar statute, Equifax is entitled to, and asserts, each and every defense and limitation of liability provided by said acts.

### FIFTH DEFENSE

49.　Some, or all, of Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681h(e).

### SIXTH DEFENSE

50.　Equifax maintained reasonable procedures to assure the maximum possible accuracy in its credit reports.

### SEVENTH DEFENSE

51.　The Complaint, and each and every cause of action stated therein, is barred by the provisions of CCRAA §§1785.31, 1785.32 and 1785.33.

### EIGHTH DEFENSE

52.　The Complaint is barred by Plaintiff's failure to mitigate his damages, if any.

### NINTH DEFENSE

53.　Equifax's publication of information about Plaintiff, if any, was privileged and justified.

### TENTH DEFENSE

54.　Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

### ELEVENTH DEFENSE

55.　Plaintiff's complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: <u>BMW v. Gore</u>, 517 U.S.

559 (1996); <u>Cooper Indus., Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 923 (2001) and <u>State Farm v. Campbell</u>, 538 U.S. 408 (2003).

## TWELFTH DEFENSE

56. To the extent any allegations or counts sound in tort or negligence, Equifax asserts any and all defenses available to it under those bodies of law.

## THIRTEENTH DEFENSE

57. Any allegation of the Complaint not expressly admitted is denied.

## FOURTEENTH DEFENSE

58. Equifax reserves the right to have additional defenses that it learns of through the course of discovery.

**WHEREFORE,** this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint on file herein, and that the same be dismissed;
2. For costs of suit and attorney's fees herein; and
3. For such other and further relief as the Court may deem just and proper.

NOKES & QUINN

Dated: October 18, 2007         /s/
THOMAS P. QUINN, JR.,
Attorneys for Defendant EQUIFAX
INFORMATION SERVICES, LLC

Of Counsel:

Michael Douglas , Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100

# CERTIFICATE OF SERVICE

PASTERNAK v TRANS UNION, et al, CASE NO: 3:07-cv-04980 MJJ

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On October 18, 2007. I served a true copy of the

**ANSWER AND DEFENSES OF**
**EQUIFAX INFORMATION SERVICES, LLC**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ X ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

**Andrew Jones Ogilvie**
Kemnitzer Anderson Barron Ogilvie & Brewer, LLP
445 Bush Street, Sixth Floor
San Francisco, CA 94108
(415) 861-2265
Fax: (415) 861-3151
Email: ajogil@kabolaw.com

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

/S/
YVONNE M. HOMAN

Place of Mailing:  Laguna Beach, California

Executed on October 18, 2007, at Laguna Beach, California.

CERTIFICATE OF SERVICE
Case No: C07 1890 MJJ