1  **MUSICK, PEELER & GARRETT** LLP
   ATTORNEYS AT LAW
   650 TOWN CENTER DRIVE, SUITE 1200
2  COSTA MESA, CALIFORNIA 92626-1925
   TELEPHONE 714-668-2447
   FACSIMILE 714-668-2490
3
   Donald E. Bradley (State Bar No. 145037)
4    d.bradley@mpglaw.com

5  Attorneys for Trans Union LLC

6

7            **UNITED STATES DISTRICT COURT**

8            **NORTHERN DISTRICT OF CALIFORNIA**

9

10  EMELIA M. PASTERNAK,                  | Case No. 3:07-cv-04980-MJJ

11              Plaintiff,

12        vs.                             | **ANSWER AND AFFIRMATIVE**
                                          | **DEFENSES OF DEFENDANT**
13  TRANS UNIONS, LLC, EXPERIAN           | **TRANS UNION LLC TO**
    INFORMATION SOLUTIONS, INC.,          | **PLAINTIFF'S COMPLAINT**
14  EQUIFAX INFORMATION
    SERVICES, LLC, and CAPITAL ONE
15  BANK, a national association

16          Defendants.

17

18        Defendant Trans Union LLC ("Trans Union") hereby answers the

19  averments contained in the Complaint of Emelia M. Pasternak ("Plaintiff"). Trans

20  Union's answers to Plaintiff's averments are intended to apply to Trans Union's

21  actions and do not speak to the actions of other entities or persons.

22        1.    Answering paragraph 1, Trans Union admits that this Court has

23  jurisdiction as Plaintiff purportedly brings this action under the Fair Credit Reporting

24  Act ("FCRA"), codified at 15 U.S.C. §§1681 *et seq.*  Trans Union, however, denies

25  any implication that it is liable to Plaintiff or that Plaintiff's Complaint states a cause

26  of action against Trans Union.

27        2.    Answering paragraph 2, Trans Union denies the allegations of this

28  paragraph.

556143.1

1    3.    Answering paragraph 3, Trans Union denies the allegations of this
2  paragraph.

3    4.    Answering paragraph 4, Trans Union denies the allegations of this
4  paragraph.

5    5.    Answering paragraph 5, Trans Union lacks sufficient information
6  or belief to admit or deny the averments of this paragraph, and on that basis denies
7  them.

8    6.    Answering paragraph 6, Trans Union admits the averments of this
9  paragraph.

10    7.    Answering paragraph 7, Trans Union admits the averments of this
11  paragraph.

12    8.    Answering paragraph 8, Trans Union admits the averments of this
13  paragraph.

14    9.    Answering paragraph 9, Trans Union admits the averments of this
15  paragraph.

16    10.    Answering paragraph 10, Trans Union admits the averments of
17  this paragraph.

18    11.    Answering paragraph 11, Trans Union incorporates by reference
19  its answers to paragraphs 1 through 10 above as though fully set forth herein.

20    12.    Answering paragraph 12, the cited statutes speak for themselves.

21    13.    Answering paragraph 13, Trans Union lacks sufficient information
22  or belief to admit or deny the averments of this paragraph, and on that basis denies
23  them.

24    14.    Answering paragraph 14, Trans Union lacks sufficient information
25  or belief to admit or deny the averments of this paragraph, and on that basis denies
26  them.

27    15.    Answering paragraph 15, Trans Union lacks sufficient information
28  or belief to admit or deny the averments of this paragraph, and on that basis denies

1  them.

2          16.    Answering paragraph 16, Trans Union lacks sufficient information

3  or belief to admit or deny the averments of this paragraph, and on that basis denies

4  them.

5          17.    Answering paragraph 17, Trans Union lacks sufficient information

6  or belief to admit or deny the averments of this paragraph, and on that basis denies

7  them.

8          18.    Answering paragraph 18, Trans Union lacks sufficient information

9  or belief to admit or deny the averments of this paragraph, and on that basis denies

10  them.

11          19.    Answering paragraph 19, Trans Union denies the allegations of

12  this paragraph.

13          20.    Answering paragraph 20, Trans Union denies the allegations of

14  this paragraph.

15          21.    Answering paragraph 21, Trans Union denies the allegations of

16  this paragraph.

17          22.    Answering paragraph 22, Trans Union denies the allegations of

18  this paragraph.

19          23.    Answering paragraph 23, Trans Union denies the allegations of

20  this paragraph.

21          24.    Answering paragraph 24, Trans Union incorporates by reference

22  its answers to paragraphs 1 through 10 above as though fully set forth herein.

23          25.    Answering paragraph 25, the cited statutes speak for themselves.

24          26.    Answering paragraph 26, Trans Union denies the allegations of

25  this paragraph.

26          27.    Answering paragraph 27, Trans Union denies the allegations of

27  this paragraph.

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

556143.1

1        28.    Answering paragraph 28, Trans Union denies the allegations of

2  this paragraph.

3        29.    Answering paragraph 29, Trans Union denies the allegations of

4  this paragraph.

5        30.    Answering paragraph 30, Trans Union denies the allegations of

6  this paragraph.

7        31.    Answering paragraph 31, Trans Union denies the allegations of

8  this paragraph.

9        32.    Answering paragraph 32, Trans Union denies the allegations of

10  this paragraph.

11        33.    Answering paragraph 33, Trans Union denies the allegations of

12  this paragraph.

13        34.    Answering paragraph 34, Trans Union incorporates by reference

14  its answers to paragraphs 1 through 10 above as though fully set forth herein.

15        35.    Answering paragraph 35, the cited statutes speak for themselves.

16        36.    Answering paragraph 36, Trans Union lacks sufficient information

17  or belief to admit or deny the averments of this paragraph, and on that basis denies

18  them.

19        37.    Answering paragraph 37, Trans Union lacks sufficient information

20  or belief to admit or deny the averments of this paragraph, and on that basis denies

21  them.

22        38.    Answering paragraph 38, Trans Union lacks sufficient information

23  or belief to admit or deny the averments of this paragraph, and on that basis denies

24  them.

25        39.    Answering paragraph 39, Trans Union lacks sufficient information

26  or belief to admit or deny the averments of this paragraph, and on that basis denies

27  them.

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

556143.1

4

1    40.    Answering paragraph 40, Trans Union lacks sufficient information
2  or belief to admit or deny the averments of this paragraph, and on that basis denies
3  them.

4    41.    Answering paragraph 41, Trans Union lacks sufficient information
5  or belief to admit or deny the averments of this paragraph, and on that basis denies
6  them.

7    42.    Answering paragraph 42, Trans Union lacks sufficient information
8  or belief to admit or deny the averments of this paragraph, and on that basis denies
9  them.

10    43.    Answering paragraph 43, Trans Union lacks sufficient information
11  or belief to admit or deny the averments of this paragraph, and on that basis denies
12  them.

13  ### AFFIRMATIVE DEFENSES

14  ### FIRST DEFENSE

15    44.    Plaintiff has failed to state a claim against Trans Union upon
16  which relief may be granted.

17  ### SECOND DEFENSE

18    45.    On information and belief, Trans Union alleges that any purported
19  damages to Plaintiff, which Trans Union continues to deny, are the result of the acts
20  or omissions of third parties over whom Trans Union has neither control nor
21  responsibility.

22  ### THIRD DEFENSE

23    46.    Some or all of Plaintiff's claims against Trans Union are barred by
24  applicable statutes of limitations, including, but not limited to, 15 U.S.C. §1681p.

25  ### FOURTH DEFENSE

26    47.    Trans Union has complied with the provisions of the FCRA, 15
27  U.S.C. §§1681a-x, in its handling of Plaintiff's credit files, and is entitled to each and
28  every defense afforded to it by that Act.

**FIFTH DEFENSE**

48.    Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate her alleged damages and, therefore, cannot recover against Trans Union, whether as alleged, or otherwise.

**SIXTH DEFENSE**

49.    Without admitting that it has the burden of proof on the issue, Trans Union alleges that at all times relevant to the Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's Trans Union credit reports.

**SEVENTH DEFENSE**

50.    At all times relevant to the Complaint, Trans Union conducted proper reinvestigation procedures concerning Plaintiff in preparing consumer reports related to Plaintiff.

**EIGHTH DEFENSE**

51.    Any credit report or other information released by Trans Union to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

**NINTH DEFENSE**

52.    Trans Union is informed and believes, and thereon alleges, that any purported damages sustained by Plaintiff, were, in whole or in part, caused by her own actions and resulted from Plaintiff's own negligence, equal to or exceeding any alleged wrongdoing by Trans Union.

**TENTH DEFENSE**

53.    Trans Union is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred by the doctrine of Unclean Hands.

**ELEVENTH DEFENSE**

54.    Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by res judicata.

1

## TWELFTH DEFENSE

2       55.    Trans Union is informed and believes, and thereon alleges, that

3   some or all of Plaintiff's claims are barred by collateral estoppel.

4

## THIRTEENTH DEFENSE

5       56.    Trans Union reserves the right to assert additional defenses that it

6   may learn of through the course of discovery.

7

## <u>PRAYER</u>

8   WHEREFORE, Defendant Trans Union LLC prays as follows:

9       1.    That Plaintiff take nothing by reason of her Complaint;

10      2.    That the Complaint be dismissed in its entirety as to Trans Union;

11      3.    That Trans Union be awarded its costs of suit and reasonable

12  attorneys' fees incurred herein; and

13      4.    For such other and further relief as this Court may deem just and

14  proper.

15

16  DATED: October 19, 2007          MUSICK, PEELER & GARRETT LLP

17

18                                   By:  _/s/ Donald E. Bradley_____
                                          Donald E. Bradley
19                                        Attorneys for Trans Union LLC

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2
STATE OF CALIFORNIA
COUNTY OF ORANGE

3

4
     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

5

6
     On October 19, 2007, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

7

8
     **See Attached List**

9
☐    **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

10

11
☒    **BY E-SERVICE.** I caused such documents to be e-filed with the court who then serves such document via e-filing.

12
☒    **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

16
☐    **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission

17

18
☐    **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

19

20

21

22
     Executed on October 19, 2007, at Costa Mesa, California.

23
☒    **(Federal)**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

24

25

26

27
                       /s/ Karen S. Reisner
                       Karen S. Reisner

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

556143.1

8

**SERVICE LIST**

Andrew J. Ogilvie
Kemnitzer Anderson Barron Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Phone:  (415) 861-2265
Fax:  (415) 861-3151
ajogil@kaboblaw.com

Thomas P. Quinn
Nokes & Quinn
450 Ocean Avenue
Laguna Beach, CA 92651
Phone:  (949) 376-3055
Fax:  (949) 376-3070
yhoman@nokesquinn.com