Abraham J. Colman (SBN 146933)
Felicia Y. Yu (SBN 193316)
Veronica Kuiumdjian (SBN 244825)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendant
Capital One Bank

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>              Plaintiff,<br><br>    vs.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association,<br><br>              Defendants. | No.: CV 07 4980 MJJ<br><br>**DEFENDANT CAPITAL ONE BANK'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Compl. Filed:   September 26, 2007<br><br>Honorable Martin J. Jenkins |

Defendant Capital One Bank, ("Capital One"), for itself and for no one else answers the Complaint of Plaintiff Emelia M. Pasternak ("Plaintiff") as follows:

**JURISDICTION AND VENUE**

1. Answering Paragraph 1 of the Complaint, Capital One admits that jurisdiction is proper in this court pursuant to 15 U.S.C. 1681p. Capital One, however, denies any implication that it is liable to Plaintiff or that Plaintiff's Complaint states a cause of action against Capital One. Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. Answering Paragraph 2 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

3. Answering Paragraph 3 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

4. Answering Paragraph 4 of the Complaint, Capital One denies each and every allegation of wrongdoing contained therein. Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

# THE PARTIES

5.     Answering Paragraph 5 of the Complaint, Capital One admits that Emelia M. Pasternak is a consumer as defined by 15 U.S.C. § 1681a(c).  Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6.     Answering Paragraph 6 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

7.     Answering Paragraph 7 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

8.     Answering Paragraph 8 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

9.     Answering Paragraph 9 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

10.     Answering Paragraph 10 of the Complaint, Capital One admits that it is a national banking association.  Capital One further admits that Capital One is a furnisher of credit information to one or more of the other credit reporting defendants.

## FIRST CLAIM

11. Answering Paragraph 11 of the Complaint, Capital One incorporates and re-alleges its responses to Paragraphs 1 through 10 as though set forth in full.

12. Answering Paragraph 12 of the Complaint, the cited statutes speak for themselves.

13. Answering Paragraph 13 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

14. Answering Paragraph 14 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

15. Answering Paragraph 15 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

16. Answering Paragraph 16 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

17. Answering Paragraph 17 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these

DEFENDANT CAPITAL ONE BANK'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

allegations, and on that basis, denies these allegations.

18. Answering Paragraph 18 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

19. Answering Paragraph 19 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

20. Answering Paragraph 20 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

21. Answering Paragraph 21 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

22. Answering Paragraph 22 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

23. Answering Paragraph 23 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

## SECOND CLAIM

24. Answering Paragraph 24 of the Complaint, Capital One incorporates and re-alleges its responses to Paragraphs 1 through 10 as though set forth in full.

25. Answering Paragraph 25 of the Complaint, the cited statutes speak for themselves.

26. Answering Paragraph 26 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

27. Answering Paragraph 27 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

28. Answering Paragraph 28 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

29. Answering Paragraph 29 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

30. Answering Paragraph 30 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these

1 allegations, and on that basis, denies these allegations.

31. Answering Paragraph 31 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

32. Answering Paragraph 32 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

33. Answering Paragraph 33 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

## **THIRD CLAIM**

34. Answering Paragraph 34 of the Complaint, Capital One incorporates and re-alleges its responses to Paragraphs 1 through 10 as though set forth in full.

35. Answering Paragraph 35 of the Complaint, the cited statutes speak for themselves.

36. Answering Paragraph 36 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

37. Answering Paragraph 37 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

38. Answering Paragraph 38 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

39. Answering Paragraph 39 of the Complaint, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

40. Answering Paragraph 40 of the Complaint, Capital One denies these allegations.

41. Answering Paragraph 41 of the Complaint, Capital One denies these allegations.

42. Answering Paragraph 42 of the Complaint, Capital One denies that Plaintiff is entitled to any of the relief set forth in this Paragraph.

43. Answering Paragraph 43 of the Complaint, Capital One denies that Plaintiff is entitled to any of the relief set forth in this Paragraph.

**PRAYER**

44. Answering the prayer for relief, Capital One denies that Plaintiff is

entitled to any of the relief set forth in this Paragraph.

## **AFFIRMATIVE DEFENSES**
### **FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. Plaintiff fails to state a claim against Capital One upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

(Estoppel)

2. Plaintiff's claims are barred by the equitable doctrine of estoppel.

### **THIRD AFFIRMATIVE DEFENSE**

(Laches)

3. Plaintiff's claims are barred by the doctrine of laches.

### **FOURTH AFFIRMATIVE DEFENSE**

(Mistake)

4. Any alleged acts or omissions of Capital One giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Capital One. Capital One acted in a reasonable manner in connection with the transactions at issue in this action.

### **FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

5. Plaintiff has failed, in whole or in part, to mitigate her alleged

damages.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver)

6. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

(Fault of Plaintiff)

7. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Capital One.

## EIGHTH AFFIRMATIVE DEFENSE

(Fault of Others)

8. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Capital One.

## NINTH AFFIRMATIVE DEFENSE

(Intervening Acts)

9. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Capital One.

DEFENDANT CAPITAL ONE BANK'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

## TENTH AFFIRMATIVE DEFENSE

(Contribution)

10.  Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

(Several Liability)

11.  Should Plaintiff prevail against Capital One, Capital One's liability is several and limited to its own actionable segment of fault, if any.

## TWELFTH AFFIRMATIVE DEFENSE

(No Duty to Plaintiff)

12.  Capital One owed no duty to Plaintiff to control the alleged conduct of third persons.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Causation)

13.  The Complaint fails to show that any alleged acts or omissions of Capital One caused the injuries or damages claimed by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

14.  The injuries or damages of which Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Malice)

15. Capital One specifically denies acting with any willfulness, oppression, fraud or malice towards Plaintiff or others.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Justification)

16. The acts and omissions alleged in the Complaint were justified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

17. Plaintiff's claims are barred by all applicable statutes of limitations, including but not limited to 15 U.S.C. § 1681p.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages)

18. Plaintiff's demand for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

(Arbitration)

19. Capital One reserves the right to compel arbitration.

## TWENTIETH AFFIRMATIVE DEFENSE

(Uncertainty)

20. Plaintiff's claims against Capital One are uncertain, ambiguous and unintelligible.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Consent)

21. Plaintiff acquiesced in and/or consented to the acts or omissions alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Protection of Economic Interest)

22. Capital One at all times acted in good faith and in accordance with reasonable commercial standards to protect Capital One's economic interest, thus precluding any recovery by Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Choice of Law)

23. Capital One expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with federal choice of law rules.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to Give Notice)

24. Plaintiff failed to give proper notice to Capital One of identity theft and/or fraud as required by law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure of Conditions Precedent)

25. Conditions precedent, which may have given rise to a duty to act or liability on the part of Capital One, did not arise.

DEFENDANT CAPITAL ONE BANK'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

26. Capital One may have additional, as yet unstated, affirmative defenses available. Capital One therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Capital One prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;

2. That the Complaint be dismissed with prejudice;

3. For its costs of suit herein;

4. For attorney's fees according to proof; and

5. For such other and further relief as this Court may deem just and proper.

DATED: November 26, 2007.

REED SMITH LLP

By   /s/ Veronica Kuiumdjian
    Abraham J. Colman
    Felicia Y. Yu
    Veronica Kuiumdjian
    Attorneys for Defendant
    Capital One Bank

DEFENDANT CAPITAL ONE BANK'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On November 26, 2007, I served the following document(s) by the method indicated below:

**DEFENDANT CAPITAL ONE BANK'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

☒ <u>On the recipients designated on the Transaction Receipt located on the CM/ECF website.</u>

☒ **<u>FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.</u>**

SEE ATTACHED LIST

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 26, 2007, at Los Angeles, California.

/s/ Davina Bernal
Davina Bernal

# SERVICE LIST

*Pasternak v. Trans Union, et al.*
LASC, Case No. C 07 4980 MJJ

| | |
|---|---|
| **Donald E. Bradley**<br>Musick Peeler & Garrett LLP<br>650 Town Center Drive<br>Suite 1200<br>Costa Mesa, CA 92626<br>714-668-2400<br>714-668-2490 (fax)<br>d.bradley@mpglaw.com<br>  *Assigned: 10/19/2007*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | **Trans Union LLC**<br>*(Defendant)* |
| **Andrew Jones Ogilvie**<br>Kemnitzer Anderson Barron Ogilvie & Brewer, LLP<br>445 Bush Street, Sixth Floor<br>San Francisco, CA 94108<br>(415) 861-2265<br>(415) 861-3151 (fax)<br>ajogil@kabolaw.com<br>  *Assigned: 09/26/2007*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | **Emelia M. Pasternak**<br>*(Petitioner)* |
| **Thomas P. Quinn**<br>Nokes & Quinn<br>450 Ocean Avenue<br>Laguna Beach, CA 92651<br>949-376-3055<br>949-376-3070 (fax)<br>yhoman@nokesquinn.com<br>  *Assigned: 10/18/2007*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | **Equifax Information Services LLC**<br>*(Defendant)* |
| **David L. Wallach**<br>Jones Day<br>26th Floor<br>San Francisco, CA 94104<br>415-875-5827<br>415-875-5700 (fax)<br>dwallach@jonesday.com<br>  *Assigned: 10/23/2007*<br>  *ATTORNEY TO BE NOTICED* | **Experian Information Solutions Inc**<br>*(Defendant)* |