1  Andrew J. Ogilvie (SBN 57932)
   Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
2  445 Bush Street, 6th Floor
   San Francisco, CA 94108
3  Ph: (415) 861-2265
   Fax: (415) 861-3151
4  ajogil@kaboblaw.com
5
   Attorneys for Plaintiff Emelia M. Pasternak
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 EMELIA M. PASTERNAK,                 )   Case No. 3:07-cv-04980 MJJ
                                        )
12          Plaintiff,                  )
                                        )
13     v.                               )   FIRST AMENDED COMPLAINT
                                        )
14                                      )   (Fair Credit Reporting Act
15 TRANS UNION, LLC, EXPERIAN           )   15 USC § 1681 et seq., Fair Debt
   INFORMATION SOLUTIONS, INC., EQUIFAX )   Collection Practices Act, 15 USC§ 1692
16 INFORMATION SERVICES, LLC, CAPITAL   )   et seq., and related state law claims.)
   ONE BANK, a national association, and )
17 PATENAUDE & FELIX, APC, a law firm,  )   DEMAND FOR JURY TRIAL
                                        )
18          Defendants.                 )
                                        )
19 ─────────────────────────────────── )

20                    **Jurisdiction and Venue**

21      1.      This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681

22 *et seq*. (FCRA). The court has jurisdiction pursuant to 15 USC §1681p. Plaintiff lives in this

23 district and the events complained of occurred here. By amendment, plaintiff brings claims

24 pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692 *et seq*., against Patenaude

25 & Felix, A.P.C. and, pursuant to the Court's supplemental jurisdiction under 28 USC § 1367,

26 state law claims against Capital One Bank and Patenaude & Felix for their violations of
27

28 *Pasternak v. Trans Union, et al.*, ND Cal. case no. 3:07-cv-04980 MJJ
   First Amended Complaint and Jury Demand                                              1

1   California's identity theft statute, California Civil Code § 1798.92 and for malicious

2   prosecution.

3                                   **Description of the Case**

4          2.     The first claim arises out of the consumer reporting agency ("CRA")

5   defendants' failure to maintain reasonable procedures to limit the furnishing of a consumer's

6   credit report to persons who have a permissible purpose to view that consumer's credit report.

7   The CRA defendants failed to maintain such procedures and gave plaintiff's credit report to

8   subscribers who did not have a permissible purpose to see plaintiff's credit file. As a result of

9   these violations of the FCRA, the CRA defendants enabled an imposter to open credit

10  accounts in plaintiff's name and to incur large charges on those accounts. As a result, plaintiff

11  suffered damages and continues to be suffer damages.

12         3.     The second claim involves the CRA defendants' failures to conduct a

13  reasonable reinvestigation of information after receiving notice from plaintiff that she

14  disputed that information and their failures to comply with other aspects of 15 USC § 1681i.

15         4.     The third claim arises out of Capital One's failure to fulfill its obligations

16  under 15 USC § 1681s-2(b) relating to the reinvestigation it was required to do after it was

17  notified by the CRA defendants that plaintiff disputed information that Capital One was

18  reporting to them.

19         5.     The fourth claim arises out of the debt collection practices of defendant

20  Patenaude & Felix, APC, which violate the Fair Debt Collection Practices Act.

21         6.     The fifth claim arises out of violations by Capital One Bank and Patenaude &

22  Felix of California's identity theft statute by continuing their collection activities against Ms

23  Pasternak, without conducting a diligent investigation, after she notified them that she was the

24  victim of identity theft.

28  *Pasternak v. Trans Union, et al.*, ND Cal. case no. 3:07-cv-04980 MJJ
    First Amended Complaint and Jury Demand                                          2

7.    The sixth claim is against Capital One Bank and Patenaude & Felix for malicious prosecution in suing Ms. Pasternak in state court on a credit card account said defendants knew or should have known she did not owe.

**The Parties**

8.    Plaintiff Emelia M. Pasternak ("plaintiff") is a consumer as defined by the FCRA, 15 USC §1681a(c), and a resident of San Francisco, California.

9.    Defendant Trans Union LLC ("Trans Union") is an Illinois corporation with its principal place of business in Chicago, Illinois. Trans Union is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

10.    Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

11.    Defendant Equifax Information Services LLC ("Equifax") is a Georgia corporation with its principal place of business in Atlanta, Georgia. Equifax is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

12.    Trans Union, Equifax and Experian are sometimes referred to collectively as the CRA defendants.

13.    Defendant Capital One Bank ("Capital One") is a national banking association. Capital One is a furnisher of information to one or more of the other defendants.

14.    Defendant Patenaude & Felix, APC is a San Diego law firm.

**First Claim: The CRA Defendants' Violations of 15 USC § 1681b(a)**

15.    Plaintiff incorporates by reference paragraphs 1 through 14.

16.    The FCRA provides that a CRA may furnish a consumer's report to "a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer…." 15 USC § 1681b(a). The Act further provides that every consumer reporting agency "shall maintain reasonable procedures designed…to limit the furnishing of consumer reports to the purposes listed under section 1681b" of the Act.

17.    Within the past five years an unknown person used plaintiff's name and some of her personal identification information to apply for credit with various companies that subscribe to defendants' credit reporting services.

18.    The person who used plaintiff's name and personal identification information to apply for credit did so without plaintiff's knowledge, consent or authorization. Hereinafter that person is referred to as "the imposter."

19.    Plaintiff is informed and believes that the imposter's credit applications contained some information that matched plaintiff's identifying information, but that those credit applications did not match all of plaintiff's information as contained in defendants' files on plaintiff.

20.    The CRA defendants, and each of them, responded to their subscribers' inquiries by treating the imposter's applications as made by plaintiff, even though some critical identification information was missing or did not match the information on file for plaintiff.

21.    When the CRA defendants furnished plaintiff's credit report to their subscribers, those defendants did not maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 USC § 1681b.

22.    Plaintiff did not become aware of any of these violations of the FCRA until late 2005.

23.    Each of the CRA defendants negligently and/or willfully failed to comply with the requirements of 15 USC §1681e(b) by failing to maintain reasonable procedures to limit the furnishing of credit reports to persons who have a permissible purpose to obtain such reports.

24.    Each of the CRA defendants negligently and/or willfully violated the requirements of 15 USC 1681b by furnishing plaintiff's credit report to persons who did not have a permissible purpose to access plaintiff's credit report.

25.    As a result of the CRA defendants' violations of the FCRA, plaintiff has suffered actual damages. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future. Plaintiff seeks damages in an amount to be determined by the jury.

26.    Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2) against each of the CRA defendants.

27.    Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Second Claim: The CRA Defendants' Violations of 15 USC § 1681i**

28.    Plaintiff incorporates by reference paragraphs 1 through 14.

29.    The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A).  The Act further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer."

30.    Within the two years preceding the filing of this complaint, plaintiff has notified each defendant herein of inaccuracies contained in that CRA's report on plaintiff and has asked each defendant to reinvestigate and correct the inaccuracies.

31.    Each of the CRA defendants has failed to conduct a proper reinvestigation of the items of information that plaintiff has disputed.

32.    On information and belief, each of the CRA defendants failed to provide timely and complete notification to the furnisher of the disputed information.

33.    On information and belief, each of the CRA defendants failed to review and consider all relevant information submitted by plaintiff.

34.    Each of the CRA defendants violated the provisions of 15 USC § 1681i in the respects alleged above and in other ways presently unknown to plaintiff, who will provide

1  such information to defendants in discovery as it is uncovered. These violations by defendants

2  were negligent and willful.

3      35.     As a result of the above described violations of § 1681i, plaintiff has been

4  damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages

5  in the future.

6      36.     Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2) against

7

8  each of the CRA defendants.

9      37.     Plaintiff requests costs of the action together with reasonable attorney fees as

10  determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

11              **Third Claim: Capital One's Violations of 15 USC § 1681s-2(b)**

12      38.     Plaintiff incorporates by reference paragraphs 1 through 14.

13

14      39.     The FCRA requires a furnisher, after receiving notice from a CRA that a

15  consumer disputes information that is being reported by that furnisher, to conduct an

16  investigation with respect to the disputed information, to review all relevant information, to

17  report the results of the investigation to the CRA, and, if the investigation reveals that the

18  information is incomplete or inaccurate, to report those results to all other CRAs to which the

19  furnisher has provided the inaccurate information.

20      40.     Within the last two years, Capital One has furnished inaccurate information

21  about plaintiff to the CRAs.

22

23      41.     Within the past two years, plaintiff has notified the CRA defendants that she

24  disputes the inaccurate information reported by Capital One concerning her.

25      42.     On information and belief, the CRAs have notified Capital One that plaintiff

26  has disputed the information it has furnished concerning plaintiff.

27

28  *Pasternak v. Trans Union, et al.*, ND Cal. case no. 3:07-cv-04980 MJJ
First Amended Complaint and Jury Demand                                    7

43. On information and belief, the CRAs has provided Capital One with the relevant information plaintiff provided to the CRAs, as required of the CRAs by 15 USC § 1681i(a)(2).

44. Capital One negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to the CRAs, and by failing to modify, delete or permanently block the reporting of the inaccurate information about plaintiff.

45. As a result of the above described violations of § 1681s-2(b), plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

46. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2).

47. Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Fourth Claim: Patenaude & Felix's Violations of 15 USC § 1692 *et seq*.**

48. Plaintiff incorporates by reference paragraphs 1 through 14.

49. Patenaude & Felix APC is a law firm based in San Diego that is in the business of collecting debts in this state using the mail and telephone. The principal purpose of Patenaude & Felix is the collection of debts in this state. Patenaude & Felix regularly attempts to collect debts alleged to be due to another.

50. Patenaude & Felix, APC, is a debt collector as defined by the FDCPA, 15 USC § 1692a(6).

51.    Less than 12 months prior to the filing of this lawsuit, Patenaude & Felix sent Ms Pasternak a letter stating that Capital One account no. 4003442485879947 had been assigned to it to initiate collection efforts.

52.    Ms Pasternak promptly notified Patenaude & Felix in writing that the account "is not mine" and that "I am the victim of identity theft." She notified Patenaude & Felix that she had "many efforts to get Capital One to stop hounding me for this fraudulent account," among them being her request to "send all further communications to my brother, Jeremy Pasternak, who is my attorney." She advised Patenaude & Felix that, over her objections, its associates were calling her father's house where she no longer resided. Her letter to Patenaude & Felix clearly set forth her address in San Francisco and her brother's law office address. She reiterated: "We have asked you to stop, but you ignore our pleas."

53.    Patenaude & Felix ignored Ms Pasternak's pleas and violated the FDCPA in numerous ways. Patenaude & Felix's violations of the FDCPA include, but are not limited to, the following:

   a.    Patenaude & Felix violated 15 USC § 1692b(3) by telephoning Ms Pasternak's parents' home more than once.

   b.    Patenaude & Felix violated 15 USC § 1692b(6) by telephoning Ms Pasternak's parents' home after it knew she was represented by an attorney with regard to the subject debt and had knowledge of the attorney's name and address.

   c.    Patenaude & Felix violated 15 USC § 1692c(a)(1) by contacting or attempting to contact Ms Pasternak at a time and place which it knew or should have known to be inconvenient to Ms Pasternak.

d.  Patenaude & Felix violated 15 USC § 1692c(a)(2) by contacting or attempting to contact Ms Pasternak when it knew she was represented by an attorney, whose name and address were known to Patenaude & Felix.

e.  Patenaude & Felix violated 15 USC § 1692c(b) by repeatedly contacting Ms Pasternak's parents without her prior consent and over her instructions not to contact them.

f.  Patenaude & Felix violated 15 USC § 1692c(c) by contacting Ms Pasternak after she had requested it to cease communications with her.

g.  Patenaude & Felix violated 15 USC § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Ms Pasternak in connection with the collection of an alleged debt.

h.  Patenaude & Felix violated 15 USC § 1692e by using false, deceptive or misleading representations or means in connection with the collection of an alleged debt.

i.  Patenaude & Felix violated 15 USC § 11692i by bringing a legal action to collect the alleged debt in Contra Costa County when it knew she was living in San Francisco when it commenced the lawsuit and when it lacked any reason to belief she had ever signed the contract on which it was bringing the lawsuit.

54.  The acts alleged above caused Ms Pasternak to suffer health problems, physical and emotional, and strained her family relationships.

55.  As a result of the above violations of the FDCPA, Patenaude & Felix is liable to Ms Pasternak for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorneys fees.

1
2

**Fifth Claim:   Capital One Bank's and Patenaude & Felix's Violations of California's Identity Theft Statute, California Civil Code §§ 1798.92 *et seq.*****

3    56.    Ms. Pasternak is the "victim of identity theft" as defined in Civil Code §

4
5    1798.92(b) because she had her personal identification information used without authorization

6    by another to obtain credit, goods, services, money or property and did not use or possess the

7    credit, goods, services, money or property obtained by the identity theft, and filed a police

8    report in this regard pursuant to section 530.5 of the Penal Code.

9    57.    Capital One and Patenaude & Felix are "claimants" as that term is defined in

10    Civil Code § 1798.92(a) because each of them purports to have a claim for money or an

11    interest in property in connection with a transaction procured through identity theft.

12
13    58.    In November 2005, Ms. Pasternak learned that an unknown person had used

14    her personal identifying information (defined in Civil Code § 1798.92(c)) to open fraudulent

15    accounts with various credit grantors.

16    59.    Ms. Pasternak promptly filed an identity theft police report pursuant to Penal

17    Code section 530.5 in which she listed the fraudulent accounts of which she was then aware,

18    including the account that is the subject of the complaint herein.

19    60.    After filing the police report and more than 30 days before filing this cross-

20    complaint, Ms. Pasternak notified Capital One and Patenaude & Felix, at the locations

21
22    designated by them for complaints relating to credit reporting issues to the extent they have

23    made such designations and at other locations where they received her notice, that she is the

24    victim of identity theft.

25    61.    More than 30 days prior to the filing of this complaint, Ms. Pasternak sent

26    copies of her identity theft police report to Capital One and Patenaude & Felix.

27
28    *Pasternak v. Trans Union, et al.*, ND Cal. case no. 3:07-cv-04980 MJJ
First Amended Complaint and Jury Demand                                                    11

62. Capital One and Patenaude & Felix failed to investigate diligently Ms. Pasternak's notification of identity theft.

63. After Ms. Pasternak had advised Capital One and Patenaude & Felix that Capital One had opened an account in her name for an identity thief, those defendants continued their efforts to collect that account from her.

64. As a result of Capital One's and Patenaude & Felix's violations of California's identity theft statute, Ms Pasternak has suffered, now suffers, and will suffer in the future, actual damages. Ms. Pasternak is unable at this time to quantify the amount of those damages but believes that are at least $25,000. The actual amount will be determined by the jury.

**Sixth Claim:  Malicious Prosecution of a Collection Action by Capital One Bank and Patenaude & Felix**

65. On or about May 21, 2007, Capital One Bank and Patenaude & Felix filed a lawsuit against Ms Pasternak in Contra Costa County to collect on the account that had been fraudulently opened in her name at Capital One Bank.

66. At the time said defendants filed the lawsuit against Ms Pasternak they lacked probable cause to believe she was liable for the account.

67. When Capital One Bank and Patenaude & Felix filed the lawsuit they knew that the claim they were asserting against her was unfounded and untrue, yet they persisted in filing the lawsuit to falsely and maliciously claim that she was liable for the account.

68. In October 2007, Ms Pasternak's attorneys sent Capital One's attorneys a copy of a proposed cross-complaint in the Contra Costa County action which named Capital One and Patenaude & Felix as cross-defendants for violations of California's identity theft statute.

1    69.    Ms Pasternak's cross-complaint against Capital One and Patenaude & Felix

2  was not filed with her answer due to a problem with the service company that was asked to

3  file the documents.

4    70.    Because the cross-complaint was not filed with the answer, it could not be filed

5  against Capital One Bank without leave of court.

6

7    71.    When Ms Pasternak asked Capital One to stipulate to an order allowing her to

8  file the cross-complaint, Capital One, by and through its attorneys Patenaude & Felix,

9  dismissed its Contra Costa County collection action against Ms Pasternak. That action has

10  been terminated in favor of Ms Pasternak.

11    72.    Capital One and Patenaude & Felix acted willfully and knowingly in defiance

12  of Ms Pasternak's repeated protests that she is not liable on that account. The conduct of said

13  defendants was oppressive and malicious and was intended to annoy, harass and coerce Ms

14  Pasternak into paying an account for which she had no liability.

15

16    73.    As a result of Capital One's and Patenaude & Felix's violations of California's

17  identity theft statute, Ms Pasternak has suffered, now suffers, and will suffer in the future,

18  actual damages. Ms. Pasternak is unable at this time to quantify the amount of those damages

19  but believes that are at least $25,000. The actual amount will be determined by the jury.

20                                          **PRAYER**

21    WHEREFORE, plaintiff prays for judgment as follows:

22    On the First, Second and Third Claims, which are against Trans Union, Experian,

23  Equifax and Capital One Bank for violations of the Fair Credit Reporting Act:

24    1.    Actual damages (for purposes of a default judgment, plaintiff demands
25           $35,000 in actual damages);

26    2.    Punitive damages (for purposes of a default judgment, plaintiff demands
27           $100,000 against each defendant):

28  *Pasternak v. Trans Union, et al.*, ND Cal. case no. 3:07-cv-04980 MJJ
First Amended Complaint and Jury Demand                                          13

3.   Costs of the action together with reasonable attorneys fees as determined by the court.

On the Fourth Claim, which is against Patenaude & Felix for violations of the Fair Debt Collection Practices Act:

1.   A declaratory judgment that said defendant's conduct violated the FDCPA;

2.   Actual damages;

3.   Statutory damages pursuant to 15 USC § 1692k;

4.   Costs and reasonable attorney's fees pursuant to 15 USC § 1692k;

5.   Such other relief as the Court may deem proper.

On the Fifth Claim, which is against Capital One Bank and Patenaude & Felix for violations of California's identity theft statute:

1.   A declaration that she is not obligated to Capital One Bank, Patenaude & Felix, or their agents or assigns for the obligation asserted in the complaint herein or for the account referenced in that action;

2.   A declaration that any security interest or other interest Capital One and/or Patenaude & Felix purportedly obtained in Ms. Pasternak's property in connection with its claim or account is void and unenforceable;

3.   An injunction restraining cross-defendants and their agents and assignees from collecting or attempting to collect from Ms. Pasternak on that claim or account, from enforcing or attempting to enforce any security interest or other interest in her property in connection with that claim or account, and from enforcing or executing on any judgment against Ms. Pasternak on that claim or account;

4.   Actual damages of at least $25,000;

5.   A civil penalty of $30,000 against each defendant;

6.   Attorney fees and costs;

7.   Such other equitable relief as the court may deem appropriate.

On the Sixth Claim, which is against Capital One Bank and Patenaude & Felix for malicious prosecution of the state court collection action:

1.   Actual damages according to proof;

2.   Punitive damages against each of these defendants;

1     3.      Costs of suit; and

2     4.      Such other and further relief as the Court may deem proper.

3

Dated: November 6, 2007          KEMNITZER, ANDERSON, BARRON,
4                                          OGILVIE & BREWER LLP

5
                                 By _____/S/_____
6                                      Andrew J. Ogilvie
                                 Attorney for Plaintiff Emelia M. Pasternak
7

8

9                        **RENEWED DEMAND FOR JURY TRIAL**

10
          Plaintiff demands a trial by jury on all issues.
11

Dated: November 6, 2007          KEMNITZER, ANDERSON, BARRON,
12                                         OGILVIE & BREWER LLP

13

14
                                 By _____/S/_____
15                                     Andrew J. Ogilvie
                                 Attorney for Plaintiff Emelia M. Pasternak
16

17

18

19

20

21

22

23

24

25

26

27

28
*Pasternak v. Trans Union, et al.*, ND Cal. case no. 3:07-cv-04980 MJJ
First Amended Complaint and Jury Demand                                    15