**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
  d.bradley@mpglaw.com

Attorneys for Trans Union LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TRANS UNIONS, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association<br><br>　　　　Defendants. | Case No. 3:07-cv-04980-MJJ<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

　　　　Defendant Trans Union LLC ("Trans Union") hereby answers the averments contained in the First Amended Complaint of Emelia M. Pasternak ("Plaintiff"). Trans Union's answers to Plaintiff's averments are intended to apply to Trans Union's actions and do not speak to the actions of other entities or persons.

## JURISDICTION AND VENUE

　　　　1.　　Answering paragraph 1, Trans Union admits that this Court has jurisdiction as Plaintiff purportedly brings this action under the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§1681 *et seq*. Trans Union, however, denies any implication that it is liable to Plaintiff or that Plaintiff's First Amended Complaint states a cause of action against Trans Union.

563751.1

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## DESCRIPTION OF THE CASE

2. Answering paragraph 2, Trans Union denies the allegations of this paragraph.

3. Answering paragraph 3, Trans Union denies the allegations of this paragraph.

4. Answering paragraph 4, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

5. Answering paragraph 5, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

6. Answering paragraph 6, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

7. Answering paragraph 7, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## THE PARTIES

8. Answering paragraph 8, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

9. Answering paragraph 9, Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, however, denies it is an Illinois corporation.

10. Answering paragraph 10, Trans Union admits the averments of this paragraph.

11. Answering paragraph 11, Trans Union admits the averments of this paragraph.

12. Answering paragraph 12, Trans Union admits the averments of this paragraph.

13. Answering paragraph 13, Trans Union admits the averments of this paragraph.

14. Answering paragraph 14, Trans Union admits the averments of this paragraph.

## FIRST CLAIM: THE CRA DEFENDANTS' VIOLATIONS OF 15 U.S.C. § 1681b(a)

15. Answering paragraph 15, Trans Union incorporates by reference its answers to paragraphs 1 through 14 above as though fully set forth herein.

16. Answering paragraph 16, the cited statutes speak for themselves.

17. Answering paragraph 17, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

18. Answering paragraph 18, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

19. Answering paragraph 19, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

20. Answering paragraph 20, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

21. Answering paragraph 21, Trans Union denies the allegations of this paragraph.

22. Answering paragraph 22, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

23. Answering paragraph 23, Trans Union denies the allegations of this paragraph.

24. Answering paragraph 24, Trans Union denies the allegations of this paragraph.

25. Answering paragraph 25, Trans Union denies the allegations of this paragraph.

26. Answering paragraph 26, Trans Union admits that Plaintiff requests punitive damages but denies any implication that it is liable for punitive damages or any other damage.

27. Answering paragraph 27, Trans Union admits that Plaintiff requests costs of the action but denies any implication that it is liable for the costs of the action.

## SECOND CLAIM: THE CRA DEFENDANTS' VIOLATIONS OF 15 U.S.C. § 1681i

28. Answering paragraph 28, Trans Union incorporates by reference its answers to paragraphs 1 through 14 above as though fully set forth herein.

29. Answering paragraph 29, the cited statutes speak for themselves.

30. Answering paragraph 30, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

31. Answering paragraph 31, Trans Union denies the allegations of this paragraph.

32. Answering paragraph 32, Trans Union denies the allegations of this paragraph.

33. Answering paragraph 33, Trans Union denies the allegations of this paragraph.

34. Answering paragraph 34, Trans Union denies the allegations of this paragraph.

35. Answering paragraph 35, Trans Union denies the allegations of this paragraph.

36. Answering paragraph 36, Trans Union admits that Plaintiff requests punitive damages but denies any implication that it is liable for punitive damages or any other damage.

37. Answering paragraph 37, Trans Union admits that Plaintiff requests costs of the action but denies any implication that it is liable for the costs of the action.

## THIRD CLAIM: CAPITAL ONE'S VIOLATIONS OF 15 U.S.C. § 1681s-2(b)

38. Answering paragraph 38, Trans Union incorporates by reference its answers to paragraphs 1 through 14 above as though fully set forth herein.

39. Answering paragraph 39, the cited statute speaks for itself.

40. Answering paragraph 40, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

41. Answering paragraph 41, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

42. Answering paragraph 42, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

43. Answering paragraph 43, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

44. Answering paragraph 44, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

45. Answering paragraph 45, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

46. Answering paragraph 46, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

47. Answering paragraph 47, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## FOURTH CLAIM: PATENAUDE & FELIX'S VIOLATIONS OF 15 U.S.C. § 1692 *et seq.*

48. Answering paragraph 48, Trans Union incorporates by reference its answers to paragraphs 1 through 14 above as though fully set forth herein.

49. Answering paragraph 47, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

50. Answering paragraph 50, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

51. Answering paragraph 51, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

52. Answering paragraph 52, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

53. Answering paragraph 53, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

1         (a)    Answering paragraph 53(a), Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

        (b)    Answering paragraph 53(b), Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

        (c)    Answering paragraph 53(c), Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

        (d)    Answering paragraph 53(f), Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

        (e)    Answering paragraph 53(e), Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

        (f)    Answering paragraph 53(f), Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

        (g)    Answering paragraph 53(g), Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

        (h)    Answering paragraph 53(h), Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

        (i)    Answering paragraph 53(i), Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

54.    Answering paragraph 54, Trans Union lacks sufficient information

or belief to admit or deny the averments of this paragraph, and on that basis denies them.

55. Answering paragraph 55, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## FIFTH CLAIM: CAPITAL ONE BANK'S AND PATENAUDE & FELIX'S VIOLATIONS OF CALIFORNIA'S IDENITY THEFT STATUTE, CALIFORNIA CIVIL CODE §§ 1798.92 *et seq.*

56. Answering paragraph 56, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

57. Answering paragraph 57, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

58. Answering paragraph 58, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

59. Answering paragraph 59, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

60. Answering paragraph 60, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

61. Answering paragraph 61, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

62. Answering paragraph 62, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies

them.

63. Answering paragraph 63, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

64. Answering paragraph 64, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## SIXTH CLAIM: MALICIOUS PROSECTUION OF A COLLECTION ACTION BY CAPITAL ONE BANK AND PATENAUDE & FELIX

65. Answering paragraph 65, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

66. Answering paragraph 66, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

67. Answering paragraph 67, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

68. Answering paragraph 68, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

69. Answering paragraph 69, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

70. Answering paragraph 70, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

71. Answering paragraph 71, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

72. Answering paragraph 72, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

73. Answering paragraph 73, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

74. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

### SECOND DEFENSE

75. On information and belief, Trans Union alleges that any purported damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of third parties over whom Trans Union has neither control nor responsibility.

### THIRD DEFENSE

76. Some or all of Plaintiff's claims against Trans Union are barred by applicable statutes of limitations, including, but not limited to, 15 U.S.C. §1681p.

### FOURTH DEFENSE

77. Trans Union has complied with the provisions of the FCRA, 15 U.S.C. §§1681a-x, in its handling of Plaintiff's credit files, and is entitled to each and every defense afforded to it by that Act.

### FIFTH DEFENSE

78. Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate her alleged damages and, therefore, cannot recover against Trans

Union, whether as alleged, or otherwise.

## SIXTH DEFENSE

79. Without admitting that it has the burden of proof on the issue, Trans Union alleges that at all times relevant to the First Amended Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's Trans Union credit reports.

## SEVENTH DEFENSE

80. At all times relevant to the First Amended Complaint, Trans Union conducted proper reinvestigation procedures concerning Plaintiff in preparing consumer reports related to Plaintiff.

## EIGHTH DEFENSE

81. Any credit report or other information released by Trans Union to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

## NINTH DEFENSE

82. Trans Union is informed and believes, and thereon alleges, that any purported damages sustained by Plaintiff, were, in whole or in part, caused by her own actions and resulted from Plaintiff's own negligence, equal to or exceeding any alleged wrongdoing by Trans Union.

## TENTH DEFENSE

83. Trans Union is informed and believes, and thereon alleges, that Plaintiff's First Amended Complaint is barred by the doctrine of Unclean Hands.

## ELEVENTH DEFENSE

84. Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by res judicata.

## TWELFTH DEFENSE

85. Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by collateral estoppel.

### THIRTEENTH DEFENSE

86. Trans Union reserves the right to assert additional defenses that it may learn of through the course of discovery.

### PRAYER

WHEREFORE, Defendant Trans Union LLC prays as follows:

1. That Plaintiff take nothing by reason of her First Amended Complaint;

2. That the First Amended Complaint be dismissed in its entirety as to Trans Union;

3. That Trans Union be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as this Court may deem just and proper.

DATED: December 12, 2007        MUSICK, PEELER & GARRETT LLP

By: /s/ Donald E. Bradley
Donald E. Bradley
Attorneys for Trans Union LLC

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

    On December 12, 2007, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached List**

☐   **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

☒   **BY E-SERVICE.** I caused such documents to be e-filed with the court who then serves such document via e-filing.

☐   **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission

☐   **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

Executed on December 12, 2007, at Costa Mesa, California.

☒   (**Federal**)     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                     /s/ Karen S. Reisner
                                    Karen S. Reisner

**SERVICE LIST**

Andrew J. Ogilvie
Kemnitzer Anderson Barron Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Phone: (415) 861-2265
Fax: (415) 861-3151
ajogil@kaboblaw.com

Abraham J. Colman
Veronica Kuiumdjian
Reed Smith LLP
355 So. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Phone: (213) 457-8000
Fax: (213) 457-8080
acolman@reedsmith.com
vkuiumdjian@reedsmith.com

Thomas P. Quinn
Nokes & Quinn
450 Ocean Avenue
Laguna Beach, CA 92651
Phone: (949) 376-3055
Fax: (949) 376-3070
yhoman@nokesquinn.com

David L. Wallach
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Phone: (415) 875-5827
Fax: (415) 875-5700
dwallach@jonesday.com