Abraham J. Colman (SBN 146933)
Felicia Y. Yu (SBN 193316)
Veronica Kuiumdjian (SBN 244825)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:   213.457.8000
Facsimile:    213.457.8080

Attorneys for Defendant
Capital One Bank

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>             Plaintiff,<br><br>   vs.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association,<br><br>             Defendants. | No.: CV 07 4980 MJJ<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CAPITAL ONE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**<br><br>Date:        February 12, 2008<br>Time:       9:30 a.m.<br>Courtroom: 11<br><br>Honorable Martin J. Jenkins |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 12, 2008, at the hour of 9:30 a.m., in Courtroom 11 of the above entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Martin J. Jenkins, presiding, defendant Capital One Bank, ("Capital One"), will move to dismiss the purported causes of action asserted in the First Amended Complaint ("FAC") of Plaintiff Emelia M. Pasternak:

(1)  Purported violation of 15 U.S.C. § 1681s-2(b);

(2)  Purported violation of California Civil Code § 1798.92;

(3)  Malicious Prosecution.

Capital One moves to dismiss on the grounds that the FAC fails to state facts constituting a claim for relief against Capital One as required by Federal Rule of Civil Procedure 12(b)(6). Alternatively, Capital One Bank moves for an order for a more definite statement pursuant to Rule 12(e).

This motion will be based on Federal Rules of Civil Procedure 12(b)(6) and 12(e), the attached Memorandum of Points and Authorities, and such other papers as may be on file in this action, and any evidence or arguments raised during the hearing on the Motion.

DATED: January 7, 2008.

REED SMITH LLP

By  /s/ Veronica Kuiumdjian
    Abraham J. Colman
    Felicia Y. Yu
    Veronica Kuiumdjian
    Attorneys for Defendant
    Capital One Bank

- 1 -
NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CAPITAL ONE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Emelia M. Pasternak alleges that she was a victim of identity theft. Plaintiff alleges that the identity thief used her information to apply for, and obtain, credit cards in Plaintiff's name from Capital One Bank ("Capital One"), as well as other credit card issuers, and that Capital One continued to collect on the debt without conducting a diligent investigation after Plaintiff notified it that she was a victim of identity theft. Plaintiff's First Amended Complaint ("FAC") recites claims against Capital One that fail as a matter of law for the following reasons: (1) Plaintiff's cause of action alleging willful and negligent violations of 15 U.S.C. § 1681s-2(b) is defective because the facts alleged are insufficient to support a cause of action under this section; (2) the California Civil Code § 1798.92 claim is defective because the federal Fair Credit Reporting Act ("FCRA") expressly preempts and bars state law on the subject matter regulated by section 1798.92 because it implicates matters that are already exclusively regulated by the FCRA; and (3) the malicious prosecution claim fails because Plaintiff does not satisfy the requirement that the earlier action end in Plaintiff's favor. Accordingly, the Court should dismiss against Capital One:

   (1)   the third cause of action, for purported violation of
          15 U.S.C. § 1681s-2(b);

   (2)   the fifth cause of action, for purported violation of
          California Civil Code § 1798.92;

   (3)   the sixth cause of action, for malicious prosecution.

On the face of the FAC, it is clear that Plaintiff's claims are all fatally, and incurably, defective. Accordingly, Capital One moves to dismiss the entire FAC as to it under Federal Rule of Civil Procedure 12(b)(6) with prejudice. In the alternative,

///

Capital One Bank requests a more definite statement from Plaintiff so that it may properly prepare its response.

## II. MATERIAL FACTS OF THE COMPLAINT

Plaintiff Emelia M. Pasternak alleges that she is a victim of identity theft. Plaintiff alleges that Capital One continued to collect on the debt without conducting a diligent investigation after Plaintiff notified it that she was a victim of identity theft. Complaint, ¶ 6. Patenaude & Felix, the collection law firm, sued Plaintiff in Contra Costa County state court regarding the debt she claims she does not owe to Capital One. Complaint, ¶ 65. Patenaude & Felix eventually dismissed the collection action against Plaintiff. Complaint, ¶ 71. Plaintiff seeks actual damages, punitive damages, statutory damages and attorneys' fees against Capital One Bank and other named defendants under the Fair Credit Reporting Act, California Civil Code section 1798.92, and for the malicious prosecution claim.

## III. LEGAL ARGUMENT

### A. Plaintiff's FCRA Claim Against Capital One Is Defective Because the Facts Alleged Are Insufficient to Sustain a Cause of Action under the Statute.

Under the Supreme Court's recent reading of Rule 8(a)(2), Plaintiff's claims under 15 U.S.C. 1692s-2(b) are not well-pleaded and should be dismissed. In *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955 (2007), the Supreme Court announced a newly revamped approach to Rule 8(a)(2)'s requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In *Bell Atlantic*, the Court held that "Rule 8(a)(2) requires a 'showing,' rather than a blanket assertion of entitlement to relief," (*Id.* at 1965 n.3) and that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CAPITAL ONE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "The pleading must contain something more … than … a statement of fact that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation omitted).

Applying these principles, *Bell Atlantic* held that the plaintiffs in that case failed to state a cause of action because they failed to allege facts to support the conclusory allegations. *Id.* at 1966. As the Court noted, "on fair reading these are merely legal conclusions resting on the prior allegations." *Id.* at 1970. Therefore, the plaintiffs could not simply allege legal conclusions – they had to allege facts to make their allegations plausible and not simply possible.

Here, Plaintiff's claims provide insufficient facts to meet the *Bell Atlantic* standard. Plaintiff's allegation of Capital One's wrongdoing in paragraph 44 of the Complaint states:

> Capital One negligently and willfully violated 15 USC § 1682s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results of the CRAs, and by failing to modify, delete or permanently block the reporting of the inaccurate information about plaintiff.

This paragraph is "a formulaic recitation of the elements," which the Supreme Court has found unacceptable. *Bell Atlantic*, 127 S. Ct. at 1964-65. Merely alleging that a defendant has violated a statute does not show a plausible "entitlement to relief." *Bell Atlantic*, 127 S. Ct. at 1964-65. Indeed, Plaintiff failed to even specify any information as to what the nature of the "inaccurate information" that Capital One

- 4 -
NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CAPITAL ONE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

has allegedly failed to modify, delete or permanently block is. Plaintiff has provided no facts whatsoever to support the claim that Capital One Bank violated the FCRA negligently or willfully . *See also*, *Rovers v. Providian National Bank*, 2006 WL 305915, *2 (D. Or. 2006) (holding that plaintiff's claims under § 1681n fail as a matter of law because factual allegations were insufficient to support defendant's willful non-compliance with the FCRA); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143 (N.D. Cal. 2005).

### B.  Plaintiff's Claim under California Civil Code § 1798.92 Fails because the Claim Is Preempted by the FCRA.

Section 1798.92 concerns duties of a claimant when a consumer notifies the claimant of the alleged identity theft. Plaintiff claims that Capital One failed to (1) investigate this notice of identity theft and (2) continued collection efforts after the notification. Complaint, ¶¶ 62-63. Section 1681s-2(a)(6) of the FCRA, however, also addresses the duties of a credit information furnisher, like Capital One, who receives a report from a consumer that the information maintained by the credit furnisher resulted from identity theft. Based on the 15 U.S.C. section 1681t(b)(1)(F)'s ("Section 1681t") express language prohibiting all state law claims against credit furnishers, it is clear that plaintiff's section 1798.92 claim is preempted by the FCRA. Section 1681t specifically bars plaintiffs from bringing any state law claims against credit furnishers, which relate to conduct already regulated by section 1681s-2 of the FCRA:

> "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . ."

15 U.S.C. § 1681t(b)(1)(F)(ii). District courts have held that the FCRA preempts

1  private actions against credit information furnishers under various state consumer
2  protection statutes.  *See Roybal v. Equifax,* 405 F. Supp. 2d 1177, 1182 n. 5 (E.D. Cal.
3  2005) (FCRA preempted claim brought under California's Consumer Credit
4  Reporting Agencies Act); *Davis v. Maryland Bank, N.A*, 2002 U.S. Dist. Lexis 26468
5  at *45 (N.D. Cal. 2002) ("Plaintiff's claims under section 1747.70 of California's
6  Song-Beverly Act are also preempted under section 1681t(b)(1)(F)."); *Lin v.*
7  *Universal Card Servs. Corp.*, 238 F. Supp. 2d 1147, 1152-53 (N.D. Cal. 2002)
8  ("Although CCRAA § 1785.25(a) is excepted from preemption, CCRAA §§
9  1785.25(g) and 1785.31, which provide Lin with a private right of action to sue
10 furnishers of consumer credit information, are not excepted from preemption.");
11 *Drew v. Equifax Information Servs.*, 2007 WL 2028745 at *5 (N.D. Cal. 2007)
12 ("California Song-Beverly Credit Card Act, Cal. Civ. Code § 1747 et. seq. 'is also
13 clearly preempted' by the FCRA."); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d
14 1139, 1144 (N.D. Cal. 2005) ("The plain meaning of section 1681t(b)(1)(F) . . .
15 expresses Congress's intent to preclude state law claims against furnishers of
16 information, and instead to subject them solely to the FCRA."); *Stafford v. Cross*
17 *Country Bank* (W.D. Ky. 2003) 262 F. Supp. 2d 776, 785-89 (stating that Section
18 1681t(b)(1)(F) "provides furnishers absolute immunity when fulfilling their
19 obligations under § 1681s-2"); *Riley v. General Motors Acceptance Corp.*, 226 F.
20 Supp. 2d 1316, 1322 (S.D. Ala. 2002) ("[T]here is no question that the statutory
21 prohibition precludes suits under state consumer protection laws.").  Therefore,
22 pursuant to FCRA section 1681t, this claim is preempted by the FCRA.
23         Further, sections 1681t(b)(5)(H) and (F) specifically preempt state laws
24 with respect to the conduct required by the specific provisions of section 1681s-
25 2(a)(6) as well as subsection (f) of 1681m.  Section 1681m(f) states that "no person
26 shall …place for collection a debt that such person has been notified under section
27 1681c-2 of this title has resulted from identity theft."
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Therefore, since Plaintiff's claim under section 1798.92 is based on the Capital One's duties when in receipt of a notice of identity theft, sections 1681t(b)(1)(F), 1682t(b)(5)(H) and 1682t(b)(5)(F) require preemption of this state law claim.

### C. Plaintiff's Malicious Prosecution Claim Fails because Capital One's Decision to Dismiss the Collection Lawsuit Does Not Constitute a Favorable Termination on the Merits.

California public policy disfavors the malicious prosecution tort. *See Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 872 (1989) (Malicious prosecution is a disfavored tort because it has a "chilling effect" on a citizen's willingness to seek legal redress.). Moreover, Plaintiff cannot allege facts sufficient to establish a malicious prosecution claim.

To establish a malicious prosecution claim, the plaintiff must establish: (1) a favorable termination; (2) on the merits; (3) the lawsuit was brought without probable cause; and (4) the lawsuit was initiated with malice. *Contemporary Servs. Corp. v. Staff Pro. Inc.*, 2007 WL 1829341, *8 (Cal. App. June 27, 2007); *Robbins v. Blecher*, 52 Cal. App. 4th 886, 893 (1997).

A favorable termination of the prior lawsuit on the merits is a necessary element. *Id.* "In order for the termination of a lawsuit to be considered favorable to the malicious prosecution plaintiff, the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." *Pender v. Radin*, 23 Cal. App. 4th 1807, 1814 (1994). If resolution of the underlying action leaves even "some doubt" as to the plaintiff's innocence or liability, it cannot be considered a favorable termination, and "bars that party from bringing a malicious prosecution action." *Robbins*, 52 Cal. App. 4th at 893; *see also Sierra Club Found v. Graham*, 72 Cal. App. 4th 1135, 1148-49 (1999) (stating that if the resolution of the

underlying case leaves a "residue of doubt" as to the plaintiff's innocence or liability, then it cannot be considered a favorable termination sufficient to support a malicious prosecution claim); *Jaffe v. Stone*, 18 Cal. 2d 146, 150 (1941) (if dismissal is "for any other reason not inconsistent with [the underlying plaintiff's] guilt, it does not constitute a favorable termination"); *Oprian v. Goldrich, Kest & Assoc.*, 220 Cal. App. 3d 337, 343-45 (1990) (business reason for dismissal did not reflect plaintiff's innocence, and therefore, no favorable termination as a matter of law); *Chauncey v. Niems*, 182 Cal. App. 3d 967, 978 (1986) (concluding that the trial court properly sustained the demurrer as to the malicious prosecution claim because plaintiff merely alleged that defendants dismissed the case).

Here, Plaintiff cannot and will never be able to allege that there was a favorable termination on the merits. **Capital One (through Patenaude &Felix) voluntarily dismissed the collection lawsuit.** Complaint, ¶ 71. As even the FAC confirms, there was no court judgment/order or jury trial reflecting upon the merits of the case—merely a voluntary dismissal. Nor does the FAC allege that Capital One or Patenaude & Felix indicated—in any document or otherwise—that the collection lawsuit was voluntarily dismissed because it lacked merit. Accordingly, Plaintiff cannot establish a favorable termination on the merits—a prerequisite for a malicious prosecution claim. Therefore, this claim should be dismissed.

///
///
///
///
///
///
///
///

- 8 -
NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CAPITAL ONE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## IV. CONCLUSION

Based on the foregoing, Capital One respectfully request that this Court grant the Motion to Dismiss as to the third, fifth and sixth causes of action, with prejudice. In the alternative, if this Court declines to dismiss these causes of action, Capital One moves this Court pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for an order requiring Plaintiff to provide a more definite statement of her claims.

DATED: January 7, 2008.

        REED SMITH LLP

        By  /s/ Veronica Kuiumdjian
           Abraham J. Colman
           Felicia Y. Yu
           Veronica Kuiumdjian
           Attorneys for Defendant
           Capital One Bank

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On January 7, 2008, I served the following document(s) by the method indicated below:

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CAPITAL ONE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6), OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)**

☒ <u>On the recipients designated on the Transaction Receipt located on the CM/ECF website.</u>

☒ <u>**FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.**</u>

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 7, 2008 at Los Angeles, California.

<u>/s/ Davina Bernal</u>
Davina Bernal

- 1 -
Proof of Service