Andrew J. Ogilvie (SBN 57932)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
ajogil@kabolaw.com

Attorneys for Plaintiff Emelia M. Pasternak

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M PASTERNAK,, | Case No. 3:07-CV-04980 |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | **DATE: January 15, 2008** |
| TRANS UNION, LLC, et al., | **TIME: 2:00 P.M.** |
| Defendants. | **COURTROOM:11 (19TH FLOOR)** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and counsel for Defendants conferred to discuss the matters set forth in Rule 16, Rule 26(f), Local Rule 3-5, and the Court's September 26, 2007 Order Setting Initial Case Management Conference and ADR Deadlines. The parties hereby submit their Joint Case Management Statement:

1. **JURISDICTION AND SERVICE**

The case is brought under the Fair Credit Reporting Act, 15 USC §§ 1681 et al and the Fair Debt Collection Practices Act, 15 USC §§ 1692. The Court has jurisdiction pursuant to 15 USC §§ 1681p and 1692k(d). The Court has supplemental jurisdiction pursuant to 28 USC § 1367 over the state law claims against Capital One Bank and Patenaude & Felix under California's Identity Theft Statute and California common law.

Capital One Bank, Trans Union, Equifax and Experian have been served and have

answered.  In December 2007, those defendants stipulated to allow Plaintiff to amend the complaint to add Patenaude & Felix (Patenaude) as a defendant. Patenaude, which is a collection law firm, has been served but has not yet appeared.

**2.    FACTS**

**Plaintiff**: In October 2005, Emmy Pasternak obtained a copy of her credit file from Trans Union and learned that an imposter had opened a Capital One account in her name.  She filed an identity theft report with the San Francisco police and sent copies of it to the credit reporting agencies and to all credit furnishers that appeared to have dealt with the imposter.  From the consumer disclosures she obtained from Trans Union, Experian and Equifax she learned that the imposter had opened accounts with other credit grantors.

After she learned of the identity theft, Ms Pasternak spent an enormous amount of time trying to stop the identity theft and to cure the problems it had created for her.

Capital One Bank billed Ms Pasternak for the fraudulent account it had opened for the imposter. She notified Capital One that the account resulted from identity theft, but it ignored her notices and continued its efforts to collect from her. It sent the account to collection agencies. She notified them that the account was fraudulent. They apparently sent it back to Capital One because it was fraudulent, but Capital One ignored them too and sent it to other collection agencies. Ms Pasternak continued to notify the new collection agencies that it was fraudulent, but Capital One would not quit. Next it sent the account to Patenaude, the debt collection law firm.

Patenaude sent Ms Pasternak a demand letter, to which she responded with a letter informing it that the account was fraudulent and that she had already sent the police report to its principal, Capital One. Patenaude ignored her and filed a collection action in Contra Costa County. Ms Pasternak filed an answer and tried to file a cross-complaint which was not filed due to a snafu with One Legal. A copy of the proposed cross-complaint was mailed to Patenaude, however.

Patenaude refused to stipulate to permit Ms Pasternak to file her cross-complaint in the Contra Costa lawsuit and, before she could move for court permission to file that cross-action,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Patenaude dismissed Capital One's complaint. This FCRA complaint had already been filed and served. Ms Pasternak amended the complaint herein and served Patenaude in December, 2007.

Very briefly, the factual issues relating to the CRA defendants concern the identity of the credit grantors that the CRAs furnished with copies of Ms Pasternak's credit report and the CRAs' procedures to limit the furnishing of consumer reports to persons who have a permissible purpose to receive those reports. A primary focus is on their procedures to ensure that they are providing the report of the person who is seeking credit, rather than the victim of identity theft. This issue is discussed in depth in *Andrews v. TRW, Inc,* 225 F.3d 1063 (9th Cir. 2000), reversed on other grounds, *TRW Inc. v. Andrews,* 534 U.S. 19 (2001). The case also involves the CRAs' reinvestigation procedures, i.e., the procedures they have for reinvestigating information that the consumer reports as inaccurate or fraudulent. *Guimond v. Trans Union***,** 45 F.3d 1329 (9th Cir.1995).

With respect to Capital One, the factual issues concern the opening of the fraudulent account(s) and Capital One's response when it was notified by Ms Pasternak and later by the CRAs that the account(s) were the result of identity theft. Other factual issues concern the basis for its lawsuit against her and its decision to dismiss that lawsuit.

With respect to Patenaude, the factual issues concern its continued efforts to collect the fraudulent account after being notified that it was identity theft and its filing of a meritless lawsuit.

Plaintiffs' damages are factual issues. Under the FCRA, emotional distress damages are recoverable, regardless of whether there has been a credit denial or other pecuniary loss. *Guimond v. Trans Union, supra.*

**Experian**: Experian is a national credit reporting agency. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. It serves as a conduit for credit information that it obtains from Experian's customers or

"subscribers," which include banks, retailers, finance companies, and collection agencies. Because its subscriber businesses have a direct relationship with consumers, Experian relies on its subscribers to provide information about the subscribers' customers, including identifying information, type and amount of credit extended, and credit performance.

Experian is still investigating Plaintiff's claims and her alleged communications with Experian. As a result, Experian cannot comment on Plaintiff's specific factual allegations. Experian, however, denies that it violated the FCRA negligently or intentionally. Experian maintains that at all times it employed reasonable procedures in preparing Plaintiff's credit reports. Additionally, it is Experian's position that its reinvestigation policies and procedures are reasonable. Any damages Plaintiff may have sustained, therefore, were not caused by Experian.

**Equifax**: Equifax denies Plaintiff's claims and maintains that at all times it employed reasonable procedures in preparing Plaintiff's credit reports. Equifax also maintains that it conducted a reasonable reinvestigation of Plaintiff's disputes. Equifax also denies it disclosed Plaintiff's credit file information to a third-party without a permissible purpose based on the information provided to it by its subscriber(s). As a result, Equifax did not cause any damages alleged by the Plaintiff.

**Trans Union**: Trans Union maintains reasonable procedures designed to ensure the maximum possible accuracy of the information it reports. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union has investigated Plaintiff's disputes made with it and timely reported the results of those reinvestigations to Plaintiff. Trans Union also updated this information contained in Plaintiff's Trans Union credit files pursuant to those reinvestigations when warranted. Trans Union is still investigating Plaintiff's claims and her communications with Trans Union, and, therefore, cannot comment on the factual allegations at this time. Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681s-2(b). Even if Plaintiff has suffered any compensable damage, the damage was not caused by Trans Union. Trans Union has not acted with negligence, malice or intent to harm Plaintiff. Trans Union has not acted in reckless or conscious disregard for the rights

of Plaintiff.  Some of Plaintiff's claims or alleged damages may be barred by the applicable statute of limitations.  Trans Union's investigation into the facts and circumstances of this case is on-going.

**Capital One Bank, NA**: As set forth in Capital One's Motion to Dismiss, filed on January 7, 2008, Plaintiff's claims are not viable as a matter of law.  To the extent these claims are not dismissed, Capital One denies that it negligently or willfully violated any statutes or caused any harm to Plaintiff.

**3.    LEGAL ISSUES**

**Plaintiff**: The FCRA provides that the CRAs may furnish Ms Pasternak's credit report only to a person which it has reason to believe intends to use the information in connection with a credit transaction "involving the consumer on whom the information is to be furnished."  15 USC § 1681b(a)(3)(A). The CRAs have a statutory duty to maintain "reasonable procedures…to limit the furnishing of consumer reports to the purposes listed under section 1681b…." Ms Pasternak contends that the CRAs violated their duties under these provisions of the FCRA by giving Ms Pasternak's credit report to credit grantors who were dealing with an imposter, not with Ms Pasternak. She contends that the procedures that were in place at the CRAs were not reasonable. The Ninth Circuit has held that in this situation it is for a jury to determine whether the procedures were reasonable. *Andrews v. TRW, supra*.

Ms Pasternak contends that the CRAs also violated their reinvestigation obligations under 15 USC § 1681i and that Capital One violated its reinvestigation obligations under 15 USC § 1681s2-b.

Ms Pasternak also contends that Capital One and Patenaude violated California's Identity Theft Statute by continuing their efforts to collect the fraudulent account(s) from her after she had notified them of the identity theft. Civil Code § 1798.92 *et seq*. She has also sued those defendants for malicious prosecution because they sued her on the fraudulent account after they knew it was the result of identity theft.

**Defendants**:  Capital One filed a Motion to Dismiss Plaintiff's claims against Capital One

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

as alleged in the First Amended Complaint. Capital One's Motion to Dismiss is scheduled to be heard on February 12, 2008.

The Defendants deny Plaintiff's claims. The Defendants maintain that they employed reasonable procedures in preparing credit reports on Plaintiff and in conducting any reinvestigations of her disputes. (See individual defendant contention statements above)

**4.    MOTIONS**

Capital One filed a Motion to Dismiss the Plaintiff's First Amended Complaint on January 7, 2008, that is noticed for hearing on February 12, 2008. All of the Defendants anticipate that each will file a motion for summary judgment or partial adjudication.

**5.    AMENDMENT OF PLEADINGS**

**Plaintiff**: Ms Pasternak continues to suffer damages as a result of the violations alleged in the complaint. If the Court deems it necessary, she requests leave to amend at the close of discovery to specify all damages she has suffered as a result of the actions complained of, including damages that may be incurred between now and the time of trial. The damages flow from the actions alleged in the complaint, but they are ongoing and may continue to accrue.

**Defendants**: Defendants anticipate that an amendment may be necessary to add as a defendant the alleged imposter. After the parties engage in discovery, the Defendants will be able to better ascertain the necessity of adding the alleged imposter to this suit.

**6.    EVIDENCE PRESERVATION**

**Plaintiff**: Ms Pasternak has preserved all evidence of which she is aware.

**Defendants**: Defendants are aware of their responsibility under the Federal Rules to preserve evidence relevant to the issues reasonably evident in this action, and are not aware of any document- or data-destruction program that would prevent them from fulfilling their responsibilities.

**7.    DISCLOSURES**

**Plaintiff:** Ms Pasternak anticipates making full and timely initial disclosures by January 15, 2008, unless the Court orders all parties to make disclosures earlier. The information will

include the names and addresses (and phone numbers when known) of all witnesses known to her, with a brief description of the subject matter of each such witness, together with copies of all her documents.

**Defendants:**  The Defendants anticipate making initial disclosures by January 15, 2008.

8.    **DISCOVERY**

8.1.    Changes in timing, form or requirement for Rule 26(a) disclosures.

**Plaintiff**:  Ms Pasternak is willing and able to comply with the regular deadline for Rule 26(a) initial disclosures and believes defendants should be required to do so also. No changes are needed.

**Defendants:**  The Defendants will make their initial disclosures by January 15, 2008.  The Defendants are currently unaware of any need to change the usual limitations on discovery.  The Defendants propose that, in the event either side comes to believe it needs to conduct additional discovery, the parties should meet and confer at that time to attempt to reach agreement about the additional discovery.  To the extent that the parties can agree there is a legitimate need for additional discovery, the parties will propose a stipulated change to the normal limits for the Court's approval.  If no agreement can be reached, the requesting party can bring a motion at that time for permission to expand the limits.

8.2.    Subjects on which discovery is needed, etc.

**Plaintiff**:  Ms Pasternak has served interrogatories and document demands on the CRAs and Capital One. She has not served any discovery on Patenaude because it has not appeared.

Ms Pasternak needs discovery from the CRAs to learn what each of them did with respect to the information they maintain on Ms Pasternak and what their procedures are. Also, she needs discovery relating to the CRAs' reinvestigation of the information she disputed in her credit files. She intends to follow up the initial round of discovery with additional interrogatories and document demands where needed and depositions of the CRAs corporate representatives and the employees who actually worked on her file.

With respect to Capital One, Ms Pasternak needs discovery on all accounts that it

attributed to her and its files and records of those accounts. She needs depositions from the corporate representative and from the persons who investigated her complaints that the accounts were the result of identity theft. She will also need to depose the persons who decided to file the lawsuit against her and then to dismiss it.

Ms Pasternak needs similar discovery from Patenaude.

Ms Pasternak suggests that discovery remain open until September 1, 2008.

**Defendants:** This case involves numerous parties, each of which will have to engage in independent fact and expert discovery. The Defendants anticipate that they will seek fact discovery regarding any communication by Plaintiff with respect to her credit report, any subsequent communication between and among the Defendants with respect to any such complaint by Plaintiff, and any investigations conducted by any Defendant. Additionally, the Defendants anticipate that it will be necessary to obtain Rule 26(a)(2) reports from and depose experts. The Defendants believe that discovery will be needed on the following factual issues:

- Facts and circumstances surrounding the alleged theft of Plaintiff's personal identifiers.
- Facts and circumstances surrounding the alleged imposter's use of Plaintiff's personal identifiers.
- Facts and circumstances surrounding Plaintiff's alleged dispute of credit information to Defendants Experian, Equifax and Trans Union.
- Facts and circumstances surrounding the respective Defendant credit reporting agencies' reports of credit information related to Plaintiff.
- Facts and circumstances surrounding the notification of a dispute to and conduct of investigation by the respective Defendant furnishers of information.
- Whether Defendants Experian, Equifax or Trans Union negligently and/or willfully violated the Fair Credit Reporting Act as it pertains to credit reporting agencies.
- Whether Defendants Capital One negligently and/or willfully violated the Fair Credit Reporting Act as it relates to furnishers of information.
- Whether Defendant Capital One violated California Civil Code section 1798.92.
- The damages suffered by Plaintiff and whether any damages were caused by negligent acts or omissions of the respective Defendants.

8      Joint Case Management Statement Case No. 3:07-CV-04980

- Whether Plaintiff is comparatively at fault for or failed to mitigate any resulting damages.

- Whether any Defendant may be liable for punitive damages under the Fair Credit Reporting Act.

- Whether Plaintiff brought this action in bad faith or for the purpose of harassment.

- Whether any Defendant may be immune, in whole or in part, from the Plaintiff's claims under the Fair Credit Reporting Act.

- Whether the Plaintiff's claims, whole or in part, are subject to a privilege or qualified privilege.

- Whether the Plaintiff's claims are precluded by the statute of limitations and/or the doctrine of laches.

**8.3.**  Electronically stored information

The parties agree that any responsive electronically stored information be produced in hard copy.

**8.4.**  Privileged information and trial-preparation material

**Plaintiff:** Ms Pasternak submits that any information that is claimed to be protected from disclosure due to privilege or attorney work product claims must be identified in a privilege log. That log must identify the documents or information that is being withheld from disclosure, the basis for withholding the documents or information, and the factual basis for the claim. If the claim involves the assertion that a lawyer was involved, the log must clearly identify who the attorney is and who has received or seen the document or information and why it remains privileged.

**Defendants:** In the event that a party inadvertently produces information that is protected by the attorney-client privilege, work product doctrine or any other privilege, within a reasonable time after the producing party discovers the inadvertent disclosure the producing party may make a written request to the other parties to return the inadvertently produced privileged document. All parties who received the inadvertently-produced document will either return the document to the producing party or destroy the document immediately upon receipt of the written request.  By returning or destroying the document, the receiving parties are not conceding that the document is privileged and are not waiving their right to later challenge the substantive privilege claim; except

that they may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.

**8.5.**    Changes in the limitations on discovery

None are requested at this time.

**8.6.**    Protective Orders

<u>**Plaintiff:**</u> Ms Pasternak proposed a protective order in a form that complies with this Court's rule relating to protective orders. A copy is attached. Defendants have refused to stipulate to that form of protective order and have proposed using the form protective order found on the court's website. The parties disagree as to the appropriate form of order.

<u>**Defendants:**</u>  Plaintiff's proposed protective order is unduly burdensome.  The Defendants request that the Court enter the form protective order found on the court's website.

**9.**    **CLASS ACTIONS**

Not applicable.

**10.**    **RELATED CASES**

None.

**11.**    **RELIEF**

<u>**Plaintiff:**</u> Ms Pasternak seeks damages for her out of pocket expenses, lost wages, emotional distress, embarrassment and humiliation. *See Guimond, supra*. Each defendant has violated the FCRA or the FDCPA in its own way and has caused her damage which is separate and distinct from the damages she has suffered from the actions of the other defendants. *Sloane v. Equifax* --- F.3d ----, 2007 WL 4535267 (4th Cir. 2007). Plaintiff also seeks punitive damages for the CRAs and Capital One's willful violations of the FCRA, (*Safeco Ins. v. Burr*, 127 S.Ct. 2201 (2007)), compensatory and statutory damages for Patenaude's violations of the FDCPA (15 USC § 1692k), compensatory damages, civil penalties of $30,000 per defendant and attorneys fees and costs for Capital One's and Patenaude's violations of the Identity Theft Statute (Civil Code § 1798.93), and compensatory and punitive damages for malicious prosecution. Only a jury can determine what is the appropriate amount of such damages. In *Sloane*, *supra*, the jury awarded

emotional distress damages of approximately $114,000 and punitive damages of almost $250,000, which was reduced by the Court of Appeal to $150,000. Ms Pasternak also seeks attorney fees pursuant to the fee provisions of the FCRA, the FDCPA and the identity theft statute.

**Defendants:** The Defendants deny that Plaintiff is entitled to any relief.

## 12. SETTLEMENT AND ADR

There have been no ADR efforts to date. On December 26, 2007, the parties who have appeared executed and filed their Stipulation And [Proposed] Orders Selecting ADR Process. The parties agreed to attend mediation by May 15, 2008.

## 13. CONSENT TO MAGISTRATE JUDGE

**Plaintiff:** Ms Pasternak would be willing to consent to have a Magistrate Judges conduct all further proceedings, provided the parties can agree upon the Magistrate Judge to whom it would be transferred.

**Defendants:** The Defendants do not agree to have this matter transferred to a Magistrate Judge.

## 14. OTHER REFERENCES

This case is not suitable for such references.

## 15. NARROWING OF ISSUES

The parties are unable to narrow the issues, as the parties have not yet conducted discovery.

## 16. EXPEDITED SCHEDULE

Not applicable or possible.

## 17. SCHEDULING

**Plaintiff:**

| | |
|---|---|
| Discovery Cutoff: | September 1, 2008 |
| Hearing for Dispositive Motions: | September 15, 2008 |
| Designation of Experts: | October 15, 2008 |

Joint Case Management Statement Case No. 3:07-CV-04980

Pretrial Conference:                    November 15, 2008

Trial:                                  December 1, 2008

**Defendants:**

Discovery Cutoff                        September 12, 2008

Hearing for Dispositive Motions:        October 14, 2008

Designation of Experts:                 August 1, 2008

Pretrial Conference:                    November 18, 2008

Trial:                                  December 1, 2008

18.    TRIAL

**Plaintiff:**  Ms Pasternak has demanded a jury trial. She expects the trial will last about 6 court days.

**Defendants:**  The Defendants believe that a trial would be completed in approximately 3 to 4 court days.

19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiff:** Ms Pasternak has no such persons to disclose.

**Defendants:** The Defendants have filed their "Certification of Interested Entities or Persons."

The persons identified by Defendant Experian are: "GUS, PLC; Parent company owning 100 percent of Experian Information Solutions, Inc."

20.    OTHER MATTERS

None.

Dated: January 8, 2008          /s/_____
                                Andrew J. Ogilvie, Attorney for Plaintiff Emelia M.
                                Pasternak


Dated: January 8, 2008          /s/_____
                                Donald Bradley, Attorney for Defendant Trans Union, LLC


Dated: January 8, 2008          /s/_____
                                Thomas Quinn, Attorney for Defendant Equifax Information

Joint Case Management Statement Case No.
3:07-CV-04980

1

2    Dated: January 8, 2008

3

4

5    Dated: January 8, 2008

6

7    SFI-576597v1

8

9    **Certification of holographic signatures**:

10        I certify that I have in my file fax signed authorizations to file this
document from all persons designated by the "/s/."

11

12        I declare that the foregoing is true and correct. Executed in San Francisco, California on
January 8, 2008.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Services, LLC

/s/_____

David Wallach, Attorney for Defendant Experian
Information Solutions, Inc.


/s/_____

Veronica Kuiumdjian, Attorney for Defendant Capital One
Bank, N.A.

/s/ _____

Andrew J. Ogilvie

Joint Case Management Statement Case No.
3:07-CV-04980

1   Andrew J. Ogilvie (SBN 57932)
    Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
2   445 Bush Street, 6th Floor
    San Francisco, CA 94108
3   Ph: (415) 861-2265
    Fax: (415) 861-3151
4   ajogil@kabolaw.com
5
    Attorneys for Plaintiff Emelia M. Pasternak
6
7
8                   UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA
10
11  EMELIA M. PASTERNAK,              )    Case No. 3:07-cv-04980 MJJ
                                      )
12          Plaintiff,                )
                                      )
13          v.                        )    [Proposed]
                                      )    PROTECTIVE ORDER
14                                    )
    TRANS UNION, LLC, et al.,         )
15                                    )
                                      )
16          Defendants.               )
    _____   )
17
18          It appears that the parties anticipate discovery and production of documents which

19  may be the proper subject of a protective order under FRCP 26(c), and that each of the parties

20  will likely seek such protection for information to be produced in discovery. In order to assist

21  in the timely completion of discovery without undue delay or unnecessary motion practice,

22  the Court enters this Protective Order.

23  **Confidentiality as a Basis of Non-Disclosure**

24          Having provided the parties a mechanism for the protection of documents and other

25  information of a confidential nature, the parties may not assert the confidential nature or trade

26  secret status of documents, testimony or other information as a basis of non-disclosures.

27
28  *Pasternak v. Trans Union et al*, NDCal. Case no. 3:07-cv-04980 MJJ
    [Proposed] Protective Order                                               1

**Designation of Confidentiality**

A party responding to requests for production or interrogatories may – acting in good faith – designate the responsive information to that discovery as "Confidential" if good cause exists for the designation. That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "Confidential." The party making the designation shall serve with the information a log of all information designated as confidential and identify the each basis upon which the designation is made pursuant to FRCP 26(c). The failure to designate the information as "Confidential" or provide the log waives any such designation and the material in question is no longer subject to the protection in this Order.

A party wishing to designate portions of a deposition "Confidential" pursuant to this Order must order the deposition transcript within 2 days after the conclusion of the deposition from the court reporter for regular turnaround. The designating party may – acting in good faith – designate those portions of the transcript "Confidential" if good cause exists for designating such portions of the testimony Confidential. Within 14 days of the date the court reporter sends out the transcript, the designating party must notify all counsel of record via electronic mail or facsimile of the precise passages of testimony, by page and line numbers, which are designated "Confidential." For each portion of the transcript that is designated "Confidential," the designating party's notice shall identify the each basis upon which the designation is made pursuant to FRCP 26(c). The failure to designate the information as "Confidential" or provide the log waives any such designation and the material in question is no longer subject to the protection in this Order.

Counsel are cautioned that over-designation of documents or testimony may result in sanctions. The filing of documents or testimony designated "Confidential" puts an additional burden on the court. Often the party filing the material designated "Confidential" is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request

1   they be filed under seal. Over-designating documents can thus result in unnecessary work for

2   the Court in sorting the documents that deserve sealing from those that do not, as well as

3   additional work for the parties who must then re-file public versions of the non-confidential

4   documents. The best way to avoid this result is for counsel to use best efforts to make

5   appropriate designations at the outset, and to promptly de-designate a document when it

6   comes to counsel's attention that the document is over-designated.

7   **Protection of Information Designated as Confidential.**

8           Any information which is protected as confidential may only be used in this litigation

9   or litigation of similar cases against the party producing the information designated as

10  confidential.  This information may only be disclosed to

11          • Other attorneys appearing in this case.

12          • Staff, office personnel, consulting attorneys, experts, and consulting experts

13            associated with the attorneys appearing in this case.

14          • Witnesses.

15

16          • Deponents.

17          • The Court and its personnel

18          • Court reporters engaged to transcribe the proceedings or discovery in this case.

19

20          • Other attorneys working on similar cases against the party having produced the

21            material designated as confidential who have agreed to be bound by this order.

22  Each person – excepting the Court and its personnel – who receives material subject to the

23  protections of this order shall be given a copy of this order prior to receiving the materials and

24  execute a copy of the acknowledgment attached Exhibit A to this order. No person apart from

25  counsel for the parties to this matter may be provided with any material designated as

26  "Confidential" unless that person has executed that acknowledgment.

27

28  *Pasternak v. Trans Union et al*, NDCal. Case no. 3:07-cv-04980 MJJ
    [Proposed] Protective Order                                                        3

1  **Challenges to Confidentiality of Designated Material**

2        If a party contends that any material is not entitled to confidential treatment, such

3  party at any time may give written notice to the party or non-party who designated the

4  material. The party or non-party who designated the material shall have fifteen (15) days from

5  the receipt of such written notice to apply to the Court for an order designating the material as

6  confidential. The party or non-party seeking the order has the burden of establishing that the

7  document is entitled to protection.

8        Notwithstanding any challenge to the designation of material as "Confidential" all

9  documents shall be treated as such and shall be subject to the provisions hereof unless and

10  until one of the following occurs: (i) the party or non-party who claims that the material is

11  confidential withdraws such designation in writing; (ii) the party or non-party who claims that

12  the material is confidential fails to apply to the Court for an order designating the material

13  confidential within the time period specified above after the receipt of a written challenge to

14  such designation or within the time allowed by Local Rule 79-5 when confidential material is

15  submitted to the court in connection with a dispositive motion or at trial; or (iii) the Court

16  rules the material is not confidential.

17  **Use of Confidential Materials in Dispositive Motions**

18        Any party that wants to use material which has been designated confidential in

19  connection with a dispositive motion or in response to a dispositive motion must follow the

20  procedures set out in Local Rule 79-5. If the party wishing to use such material is not the

21  designating party, it shall file and serve an Administrative Motion for a sealing order and

22  lodge the documents or information in accordance with that Local Rule. Within five days

23  thereafter the designating party must file and serve a declaration establishing that the

24  designated information is sealable and must lodge and serve a narrowly-tailored proposed

25  sealing order, or it must withdraw the designation of confidentiality. Local Rule 79-5(d). The

26  party wishing to seal the information must meet the high "compelling reasons" threshold.

27

28  *Pasternak v. Trans Union et al*, NDCal. Case no. 3:07-cv-04980 MJJ
    [Proposed] Protective Order                                           4

1   *Kamakana v. City of Honolulu,* 447 F.3d 1172 (9th Cir. 2006); *Pintos v. Pacific Creditors*

2   *Ass'n,* 2007 WL 2743502, *6 (9th Cir., Sept. 21, 2007).

3   **Use of Confidential Information at Trial**

4        Any party that believes that information or documents or witness testimony should be

5   or remain under seal during trial must comply with the requirements set out in this Court's

6   Standing Order for Cases Involving Sealed or Confidential Documents.

7        The Court will retain jurisdiction over the parties for purposes of enforcement or

8   modification of this order.

9   SO ORDERED this ___ day of November, 2007.

10
                                    _____
11                                      Martin J. Jenkins
                                    United States District Court Judge
12
     **STIPULATION**
13

14        The parties, by their counsel of record, stipulate to the entry of this Protective Order.

15

16
     _____
17   Andrew J. Ogilvie                              Attorneys for Emelia Pasternak
     Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP
18   445 Bush Street, Sixth Floor
     San Francisco, California 94108
19        Tel. (415) 861-2265
          Fax: (415) 861-3151
20        Email: ajogil@kaboblaw.com

21

22

23
     _____
24   Michael Douglas                               Attorneys for Equifax
     King & Spalding LLP
25   1180 Peachtree Street, N.E.
     Atlanta, GA 30309-3521
26        Tel. (404) 572-4600
          Fax: (404) 572-5100
27

28
     *Pasternak v. Trans Union et al*, NDCal. Case no. 3:07-cv-04980 MJJ
     [Proposed] Protective Order                                              5

1

2

3
_____

Donald E. Bradley                                    Attorneys for Trans Union

4
Musick, Peeler & Garrett LLP

650 Town Center Drive, Suite 1200

5
Costa Mesa, California 92626-1925

    Tel: (714) 668-2447

6
    Fax: (714) 668-2490

7
    Email: d.bradley@mpglaw.com

8

9
_____

David L. Wallach                                    Attorneys for Experian

10
JONES DAY

555 California Street

11
San Francisco, CA 94105

    Tel: (415) 626-3939

12
    Fax: (415) 875-5700

13
    Email: dwallach@jonesday.com

14

15

16
_____

Veronica Kuiumdjian

17
Reed Smith LLP

355 South Grand Avenue, Suite 2900

18
Los Angeles, CA 90071-1514                          Attorneys for Capital One Bank

    Tel: (213) 457-8000

19
    Fax: (213) 457-8080

    Email: vkuiumdjian@reedsmith.com

20

21

22

23

24

25

26

27

28
*Pasternak v. Trans Union et al*, NDCal. Case no. 3:07-cv-04980 MJJ

[Proposed] Protective Order                                              6