STEPHEN H. TURNER, SB# 89627
E-Mail: turner@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900
ROGER S. RAPHAEL, SB #111946
E-Mail: raphael@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants Patenaude & Felix, APC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, CAPITAL ONE BANK, a national association, and PATENAUDE & FELIX, APC, a law firm,<br><br>Defendants. | CASE NO. 3:07-cv-04980 MJJ<br><br>The Hon. Martin J. Jenkins<br><br>**ANSWER OF PATENAUDE & FELIX, APC TO FIRST AMENDED COMPLAINT**<br><br>ACTION FILED:   September 26, 2007<br>TRIAL DATE:   N/A |

DEFENDANT PATENAUDE & FELIX, APC. ("Defendant"), for itself and for no other defendant, answers the First Amended Complaint as follows:

1.  Answering paragraph No. 1, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

/ / /

4830-4942-2338.1                          -1-

2. Answering paragraph No. 2, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

3. Answering paragraph No. 3, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

4. Answering paragraph No. 4, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

5. Answering paragraph No. 5, Defendant denies that it violated the Fair Debt Collection Practices Act.

6. Answering paragraph No. 6, Defendant denies it violated California's Anti Theft Statute. Defendant lacks sufficient information and belief on which to either admit or deny each and every allegation in paragraph 6.

7. Answering paragraph No. 7, Defendant denies it is liable for malicious prosecution, or for any other basis. Plaintiff lacks sufficient information and belief on which to admit or deny any other allegation in paragraph 7.

8. Answering paragraph No. 8, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

9. Answering paragraph No. 9, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

10. Answering paragraph No. 10, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

///
///

1  11.  Answering paragraph No. 11, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

4  12.  Answering paragraph No. 12, Defendant has insufficient information and belief in which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

7  13.  Answering paragraph No. 13, Defendant has insufficient information and belief in which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

10  14.  Answering paragraph No. 14, Defendant admits that it has an office in San Diego.

12  15.  Answering paragraph No. 15, Defendant incorporates paragraphs 1-14 of this answer as if set forth at length.

14  16.  Answering paragraph No. 16, Defendant notes that the first claim for relief is not directed to it.

16  17.  Answering paragraph No. 17, Defendant notes that the first claim for relief is not directed to it.

18  18.  Answering paragraph No. 18, Defendant notes that the first claim for relief is not directed to it.

20  19.  Answering paragraph No. 19, Defendant notes that the first claim for relief is not directed to it.

22  20.  Answering paragraph No. 20, Defendant notes that the first claim for relief is not directed to it.

24  21.  Answering paragraph No. 21, Defendant notes that the first claim for relief is not directed to it.

26  22.  Answering paragraph No. 22, Defendant notes that the first claim for relief is not directed to it.

28  / / /

23. Answering paragraph No. 23, Defendant notes that the first claim for relief is not directed to it.

24. Answering paragraph No. 24, Defendant notes that the first claim for relief is not directed to it.

25. Answering paragraph No. 25, Defendant notes that the first claim for relief is not directed to it.

26. Answering paragraph No. 26, Defendant notes that the first claim for relief is not directed to it.

27. Answering paragraph No. 27, Defendant notes that the first claim for relief is not directed to it.

28. Answering paragraph No. 28, Defendant incorporates paragraphs 1 through 14 of this answer as if set forth at length.

29. Answering paragraph No. 29, Defendant notes that the second claim for relief is not directed to it.

30. Answering paragraph No. 30, Defendant notes that the second claim for relief is not directed to it.

31. Answering paragraph No. 31, Defendant notes that the second claim for relief is not directed to it.

32. Answering paragraph No. 32, Defendant notes that the second claim for relief is not directed to it.

33. Answering paragraph No. 33, Defendant notes that the second claim for relief is not directed to it.

34. Answering paragraph No. 34, Defendant notes that the second claim for relief is not directed to it.

35. Answering paragraph No. 35, Defendant notes that the second claim for relief is not directed to it.

36. Answering paragraph No. 36, Defendant notes that the second claim for relief is not directed to it.

37. Answering paragraph No. 37, Defendant notes that the second claim for relief is not directed to it.

38. Answering paragraph No. 38, Defendant incorporates paragraphs 1-14 of this answer as if set forth at length.

39. Answering paragraph No. 39, Defendant notes that the third claim for relief is not directed to it.

40. Answering paragraph No. 40, Defendant notes that the third claim for relief is not directed to it.

41. Answering paragraph No. 41, Defendant notes that the third claim for relief is not directed to it.

42. Answering paragraph No. 42, Defendant notes that the third claim for relief is not directed to it.

43. Answering paragraph No. 43, Defendant notes that the third claim for relief is not directed to it.

44. Answering paragraph No. 44, Defendant notes that the third claim for relief is not directed to it.

45. Answering paragraph No. 45, Defendant notes that the third claim for relief is not directed to it.

46. Answering paragraph No. 46, Defendant notes that the third claim for relief is not directed to it.

47. Answering paragraph No. 47, Defendant notes that the third claim for relief is not directed to it.

48. Answering paragraph No. 48, Defendant incorporates paragraphs 1 through 14 of this answer as if set forth at length.

49. Answering paragraph No. 49, Defendant admits that it is a law firm which has an office in San Diego. Defendant admits each and every other allegation.

50. Answering paragraph No. 50, Defendant admits each and every allegation.

51. Answering paragraph No. 51, Defendant lacks sufficient information and belief in which to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

52. Answering paragraph No. 52, Defendant lacks sufficient information and belief in which to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

53. Answering paragraph No. 53 and each subparagraph therein, Defendant denies each and every allegation.

54. Answering paragraph No. 54, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

55. Answering paragraph No. 55, Defendant denies each and every allegation contained therein and further denies that it is liable in any way to Plaintiff.

56. Answering paragraph No. 56, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

57. Answering paragraph No. 57, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

58. Answering paragraph No. 58, Defendant has insufficient information and belief in which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

59. Answering paragraph No. 59, Defendant has insufficient information and belief in which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

60. Answering paragraph No. 60, Defendant has insufficient information and belief in which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

61. Answering paragraph No. 61, Defendant denies that it received a copy of a police report from plaintiff. As to the remaining allegations in the complaint, defendant has has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

62. Answering paragraph No. 62, Defendant denies it failed to diligently investigate Plaintiff's notification of identity theft. Defendant lacks sufficient information and belief on which to either admit or deny each and every other allegation and on that basis denies each and every allegation.

63. Answering paragraph No. 63, Defendant denies it failed to diligently investigate Plaintiff's notification of identity theft. Defendant lacks sufficient information and belief on which to either admit or deny each and every other allegation and on that basis denies each and every allegation.

64. Answering paragraph No. 64, Defendant denies that it has damaged plaintiff in any manner whatsoever or that she is entitled to recover any damages from defendant. Defendant lacks sufficient information and belief on which to admit or deny the remaining allegations and on that basis denies each and every allegation.

65. Answering paragraph No. 65, Defendant lacks sufficient information and belief on which to admit or deny the allegations contained therein and on that basis denies each and every allegation.

66. Answering paragraph No. 66, Defendant denies that it lacks probable cause to believe Plaintiff is liable for the account. As to the remaining allegations, Defendant lacks sufficient information and belief to either admit or deny the allegations and on that basis denies each allegation.

67. Answering paragraph No. 67, Defendant denies each and every allegation as it pertains to Defendant. As to the remaining allegations, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies every allegation.

///

68. Answering paragraph No. 68, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

69. Answering paragraph No. 69, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

70. Answering paragraph No. 70, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

71. Answering paragraph No. 71, Defendant has insufficient information and belief on which to admit or deny the allegations contained herein and on that basis denies each and every allegation.

72. Answering paragraph No. 72, Defendant denies each and every allegation as it pertains to Defendant. As to the remaining allegations, Defendant lacks sufficient information and belief on which to admit or deny the allegations and on that basis denies each and every allegation.

73. Answering paragraph No. 73, Defendant denies it has damaged Plaintiff in any way whatsoever.

### FIRST AFFIRMATIVE DEFENSE

1. As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. §1692 et. seq.

///
///

### THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were not accompanied by actual malice, intent or ill will.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant allege that Defendant's conduct, communications and actions, if any, were privileged.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against this answering Defendant by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendants allege that its conduct, communications and actions, if any, were privileged pursuant to Civil Code §§1785.32 and 47.

///

### NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant alleges that they, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act.

### TENTH AFFIRMATIVE DEFENSE

10. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §1692(k)(a)(1), §1692(k)(a)(2)(A), §1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. §1692(k)(c).

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of Cal. Civ. Code § 1788, *et seq.*

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant was privileged pursuant to Federal and State Common Law.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Plaintiff failed to mitigate her damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Defendant's alleged acts or omissions were not a proximate cause of said damages.

WHEREFORE, this answering Defendant prays,

1. For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff take nothing by reason of said Complaint;

2. That this answering Defendant be awarded cost of suit herein and such other further relief as the Court deems just.

DATED: January 10, 2008

STEPHEN H. TURNER
LEWIS BRISBOIS BISGAARD & SMITH LLP

By_____
Stephen H. Turner
Attorneys for Defendants Patenaude & Felix, APC

# CERTIFICATE OF SERVICE

I certify that on the 10th day of January, 2008, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Andrew J. Ogilvie, Esq.
Attorney for Plaintiff Emelia M. Pasternak

Thomas P. Quinn, Esq.
Attorney for Defendant Equifax

Donald E. Bradley, Esq.
Attorney for Defendant Trans Union

David L. Wallach, Esq.
Attorney for Defendant Experian

Veronica Kuiumdjian, Esq.
Attorney for Defendant Capital One Bank

By:   /s/ Stephen H. Turner

4830-4942-2338.1

1  STEPHEN H. TURNER, SB# 89627
   E-Mail: turner@lbbslaw.com
2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
3  Los Angeles, California 90012
   Telephone: (213) 250-1800
4  Facsimile: (213) 250-7900
   ROGER S. RAPHAEL, SB #111946
5  E-Mail: raphael@lbbslaw.com
   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
6  One Sansome Street, Suite 1400
   San Francisco, California 94104
7  Telephone: (415) 362-2580
   Facsimile: (415) 434-0882
8
9  Attorneys for Defendant Patenaude & Felix, APC

10                UNITED STATES DISTRICT COURT
11                NORTHERN DISTRICT OF CALIFORNIA
12
13
14 EMELIA M. PASTERNAK,              ) CASE NO. 3:07-cv-04980 MJJ
                                     )
15        Plaintiff,                 ) The Hon. Martin J. Jenkins
                                     )
16   v.                              )
                                     ) **CERTIFICATE OF INTERESTED**
17 TRANS UNION, LLC, EXPERIAN        ) **PARTIES**
   INFORMATION SOLUTIONS, INC.,      )
18 EQUIFAX INFORMATION               ) ACTION FILED:   September 26,
   SERVICES, LLC, CAPITAL ONE        )                 2007
19 BANK, a national association, and ) TRIAL DATE:     N/A
   PATENAUDE & FELIX, APC, a law     )
20 firm,                             )
                                     )
21        Defendants.                )
                                     )
22

23      The undersigned, counsel of record for Defendant Patenaude & Felix, APC
24 certifies that the following listed parties have a direct, pecuniary interest in the
25 outcome of this case. These representations are made to enable the Court to evaluate
26 possible disqualification or recusal.
27 / / /
28 / / /

4811-9350-8866.1

| | |
|---|---|
| EMELIA M. PASTERNAK | Plaintiff |
| TRANS UNION, LLC | Defendant |
| EXPERIAN INFORMATION SOLUTIONS, INC | Defendant |
| EQUIFAX INFORMATION SERVICES, LLC | Defendant |
| CAPITAL ONE BANK | Defendant |
| PATENAUDE & FELIX, APC | Defendant |

DATED: January __, 2008

STEPHEN H. TURNER
LEWIS BRISBOIS BISGAARD & SMITH LLP

By_____
Stephen H. Turner
Attorneys for Defendant Patenaude & Felix, APC

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4811-9350-8866.1

1 | CERTIFICATE OF SERVICE

2 |     I certify that on the 10th day of January, 2008, I electronically transmitted the

3 | foregoing document to the Clerk's office using the CM/ECF System for filing and

4 | transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5 | Andrew J. Ogilvie, Esq.
Attorney for Plaintiff Emelia M. Pasternak

7 | Thomas P. Quinn, Esq.
Attorney for Defendant Equifax

9 | Donald E. Bradley, Esq.
Attorney for Defendant Trans Union

11 | David L. Wallach, Esq.
Attorney for Defendant Experian

13 | Veronica Kuiumdjian, Esq.
Attorney for Defendant Capital One Bank

15 | By:   /s/ Stephen H. Turner

4811-9350-8866.1