Andrew J. Ogilvie (SBN 57932)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
ajogil@kabolaw.com

Attorneys for Plaintiff
Emelia M. Pasternak

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>         Plaintiff,<br><br>    v<br><br>TRANS UNION, LLC, et al.,<br><br>         Defendants. | **Case No. 3:07-CV-04980 MJJ**<br><br>**PLAINTIFF'S OPPOSITION TO CAPITAL ONE BANK'S MOTION TO DISMISS OR MORE DEFINITE STATEMENT**<br><br>**DATE:     February 12, 2008**<br>**TIME:     9:30 A.m.**<br>**COURTROOM 11 (19TH FLOOR)** |

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

LEGAL STANDARDS ....................................................................................................... 1

    A.    Motion to Dismiss ................................................................................................ 1

    B.    Motion for More Definite Statement ................................................................... 1

PLAINTIFF'S FIRST AMENDED COMPLAINT ............................................................. 2

ARGUMENT ....................................................................................................................... 3

    A.    Plaintiff's FCRA Claim Against Capital One Bank Is Sufficiently Pled ..... 3

    B.    Plaintiff's Identity Theft Claim Is Not Preempted By The FCRA ................ 5

    C.    Plaintiff Has Alleged Adequately The Malicious Prosecution Claim ........ 11

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**:

*Bell Atlantic v. Twombly*
    127 S.Ct. 1955 (2007) ............................................................................................. 3, 4, 5

*Brannan v. United Student Aid Funds, Inc.*
    94 F.3d 1260 (9th Cir. 1996) ............................................................................................ 10

*Camarena v. Sequoia Insurance Co.*
    (1987) 190 Cal.App.3d 1089 ............................................................................................ 12

*Casa Herrera, Inc. v. Beydoun*
    (2004) 32 Cal.4th 336 ...................................................................................................... 11

*Davis v. Maryland Bank*
    2002 WL 32713429 (N.D. Cal. 2002) ............................................................................... 7

*Drew v. Equifax Information Services*
    2007 WL 2028745 (N.D.Cal. 2007) ............................................................................... 1, 8

*Erickson v. Pardus*
    127 S.Ct. 2197 (2007) ..................................................................................................... 4, 5

*Howard v. Blue Ridge Bank*
    371 F.Supp.2d 1139 (N.D. Cal. 2005) ............................................................................... 7

*Hurgen v. Union Mutual Life*
    (1904) 141 Cal. 585 .......................................................................................................... 12

*Kennedy v. Byrum*
    (1962) 201 Cal.App.2d 474 .............................................................................................. 12

*Lin v. Universal Card Servs. Corp.*
    238 F.Supp.2d 1147 (N.D. Cal. 2002) ............................................................................... 7

*Lopez v. Smith*
    203 F.3d 1122 (9th Cir. 2000) ............................................................................................ 1

*MacDonald v. Joslyn*
    (1969) 275 Cal.App.2d 282 .............................................................................................. 12

*Nelson v. Chase Manhattan Mortgage Corp.*
    282 F.3d 1057 (9th Cir. 2002) .......................................................................................... 14

*Riley v. General Motors Acceptance Corp.*
    226 F.Supp.2d 1316 (S.D. Ala. 2002) ............................................................................... 7

*Robbins v. Blecher*
    (1997) 52 Cal.App.4th 886 ............................................................................................. 12

*Roybal v. Equifax*
    405 F.Supp.2d 1177 (E.D.Cal. 2005) .............................................................................. 7

*Scheuer v. Rhodes*
    416 U.S. 232 (1974), *overruled on other grounds by*
    *Davis v. Scherer,* 468 U.S. 183 (1984) ........................................................................... 1

*Siebel v. Mittlesteadt*
    (2007) 41 Cal.4th 735 ............................................................................................. 11, 12

*Skaff v. Meridien North America Beverly Hills, LLC*
    506 F.3d 832 (9th Cir. 2007) ....................................................................................... 4, 5

*Stafford v. Cross Country Bank*
    262 F. Supp.2d 776 (W.D. Ky 2003) ........................................................................... 7, 8

*United States v. City of Redwood City*
    640 F.2d 963 (9th Cir.1981) ........................................................................................... 1

*Usher v. City of Los Angeles*
    828 F.2d 556 (9th Cir.1987) ........................................................................................... 1

*Xechem, Inc. v. Bristol-Myers Squibb Co.*
    372 F.3d 899 (7th Cir. 2004) ........................................................................................ 11

*Young v. Equifax Credit Information Services, Inc.*
    294 F.3d 631 (5th Cir. 2002) ........................................................................................ 10

**Rules & Statutes**:

15 USC § 1681c-2 .................................................................................................................. 10

15 USC § 1681m(f) ............................................................................................................ 9, 10

15 USC § 1681s-2(a)(6) ........................................................................................................... 9

15 USC § 1681s-2(b) ................................................................................................. 5, 6, 7, 8

15 USC § 1681t(b)(1)(F) .......................................................................................................... 9

15 USC § 1681t(b)(5)(F ) ........................................................................................................ 9

15 USC § 1681t(b)(5)(H) ....................................................................................................... 9

15 USC § 1692s-2(b) (*sic*) ..................................................................................................... 3

California Civil Code § 1785.20.3 ......................................................................................... 8

California Civil Code § 1798.92 *et seq*. ....................................................................... 5, 6, 9

Federal Rule of Civil Procedure 8(a)(2) ......................................................................... 3, 4, 5

Federal Rule of Civil Procedure 12(b)(6) .............................................................................. 1

Federal Rule of Civil Procedure 12(e) ................................................................................... 1

# LEGAL STANDARDS

## A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). *See also Drew v. Equifax Information Services*, 2007 WL 2028745, *1-2 (N.D.Cal., 2007).

## B. Motion for More Definite Statement

Under Rule 12(e) of the Federal Rules of Civil Procedure "if the pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot

reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Fed.R.Civ.P. 12(e).

### MS PASTERNAK'S FIRST AMENDED COMPLAINT

Ms Pasternak's First Amended Complaint (FAC) alleges that she is the victim of identity theft. She has alleged in detail how she tried to get Capital One Bank to stop collection and to cease its inaccurate reporting of credit information. In November 2005 she learned she was an identity theft victim. She promptly filed a police report about the crime. FAC ¶¶ 56-61. At the same time, she notified Capital One and enclosed a copy of the police report. FAC ¶¶ 60-61. Capital One ignored her notice and sent the fraudulent account to collection agencies. She notified them and they sent it back to Capital One. It continued to ignore her and continued to try to collect from her. In May 2007 its collection activity culminated in a lawsuit in Contra Costa County Superior Court to collect the fraudulent account from her. FAC ¶ 65.

Ms Pasternak retained counsel who filed her answer in the collection action in October 2007. With their copy of her answer, Ms Pasternak's attorney sent Capital One's lawyers the cross-complaint she had attempted to file in the collection action. FAC ¶ 68. Her cross-complaint charged Capital One with violating California's Identity Theft Statute, Civil Code § 1798.92 *et seq*. *Id*. The legal service firm filed only her answer, not her cross-complaint. FAC ¶ 69. *Id*. Her lawyer asked Capital One to allow her to file the cross-complaint late, without a motion, but Capital One ignored his request. A week later, Capital One dismissed its collection action. FAC ¶¶ 70-71.

Much later, Ms Pasternak disputed the Capital One accounts as reported to the

consumer reporting agencies. FAC ¶¶ 40, 41. The CRAs notified Capital One that she was disputing the information Capital One was reporting about her. FAC ¶¶ 42, 43. Capital One did not conduct a reasonable reinvestigation; it did not delete or correct the information about Ms Pasternak. It continued reporting inaccurate information to the CRAs until at least the date Ms Pasternak filed this lawsuit. *Id*.

## ARGUMENT

**A.     Plaintiff's FCRA Claim Against Capital One Bank Is Sufficiently Pled**

Capital One relies on *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007) to argue that Ms Pasternak's claims under "15 USC 1692s-2(b)" (*sic*) are not well pleaded and should be dismissed. Capital One's argument under *Bell Atlantic* is based on a single paragraph taken out of context from Ms Pasternak's complaint. Capital One ignores all the specific detailed factual allegations discussed above and the inferences reasonably drawn from them. Capital One also ignores subsequent decisions by the Supreme Court and the Ninth Circuit which unequivocally hold that specific facts are not required under Rule 8 pleading standards.

The issue in *Bell Atlantic* was whether the plaintiffs had adequately alleged a Sherman Act conspiracy by alleging parallel conduct unfavorable to competition. Plaintiffs had not alleged any facts that suggested an "agreement," which is illegal, as distinct from "independent parallel action," which is not. Writing for the Court, Justice Souter explained that Rule 8(a)(2) requires "allegations plausibly suggesting" that the pleader is entitled to relief. There needs to be a factual enhancement that takes the claim from "possibility" to "plausibility." As an example of sufficient pleading, the Court cited

Form 9 from the Appendix to the Federal Rules, which is a negligence complaint that succinctly alleges that on a particular date on a specified highway "defendant negligently drove a motor vehicle against plaintiff who was then trying to cross said highway." *Bell Atlantic, supra* at 127 S.Ct. 1970, n. 10. That pleading adequately alleges a negligence claim. No more factual detail is required.

Less than a month after it issued its opinion in *Bell Atlantic*, the Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) in which it reiterated that pleading rules were not changed by *Bell Atlantic*. "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id* at 2200, internal quotations and citations omitted.

The Ninth Circuit has rejected the argument *Bell Atlantic* requires specific facts. In *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832 (9th Cir. 2007) the Court applied the requirements of notice pleading under Federal Rule of Civil Procedure 8 in assessing the general allegations of the complaint. Defendant, a hotel that was charged with violations of the Americans with Disabilities Act, argued that the plaintiff had "to plead the existence of accessibility barriers in specific detail and to support such pleadings with evidence that the plaintiff encountered those barriers." *Skaff, supra* at 841. The complaint lacked such evidentiary detail, but alleged generally that "Plaintiff encountered numerous other barriers to disabled access, including 'path of travel,' guestroom, bathroom, telephone, elevator, and signage barriers to access." *Id*. The Ninth Circuit rejected defendant's argument that more factual detail is required. It commented that the purpose of Rule 8 is to give the defendant "fair notice of the factual basis of the claim and

of the basis for the court's jurisdiction." *Id*.

Ms Pasternak's complaint satisfies the pleading requirements imposed by Rule 8 as explained in *Bell Atlantic, Erickson* and *Skaff*. Her complaint contains the specifics of her FCRA dispute with Capital One. She alleges that "within the last two years, Capital One has furnished inaccurate information about plaintiff to the CRAs." FAC ¶ 40.[1] She alleges that she disputed that inaccurate information with the CRAs and that they notified Capital One. FAC ¶¶ 41 & 42. She alleges that Capital One failed to conduct a proper investigation and verified the inaccurate information. ¶ 43-44. It puts Capital One on notice of the substance of her claim. Specific facts beyond those pled are not required.[2]

**B.   Plaintiff's Identity Theft Claim Is Not Preempted By The FCRA.**

Capital One's preemption argument is built on the false premise that the conduct that is regulated by the FCRA in § 1681s-2(b) is the same as the conduct that is prohibited by California Civil Code § 1798.92 *et seq*. That is untrue. Section 1681s-2b of the FCRA regulates the behavior of furnishers of credit information. In contrast, California Civil Code 1798.92 *et seq*. regulates conduct that is unrelated to the reporting of credit information.

---

[1] Capital One knows what that information is. It not only reported it to the CRAs, but it sued her to collect the fraudulent account. FAC ¶ 65.

[2] If the Court finds Ms Pasternak's allegations lacking in any respect, plaintiff requests leave to amend.

15 USC § 1681s-2b provides as follows:

> (b) Duties of furnishers of information upon notice of dispute
>
> (1) In general
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> **(A)** *conduct an investigation* with respect to the disputed information;
>
> **(B)** *review all relevant information* provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> **(C)** *report the results* of the investigation to the consumer reporting agency;
>
> **(D)** if the investigation finds that the information is incomplete or inaccurate, *report those results to all other consumer reporting agencies* to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> **(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>
> **(i)** *modify* that item of information;
>
> **(ii)** *delete* that item of information; or
>
> **(iii)** *permanently* block the reporting of that item of information.

All of the duties imposed on the *furnisher* of information pertain to its *reporting of the information to CRAs*.

California Civil Code § 1798.93 does not regulate the conduct of persons who furnish information to CRAs. Rather, it regulates the *collection activity* by *claimants* who are informed by the consumer that the account they are trying to collect is the result of identity theft. California's Identity Theft Statute requires claimants *to cease collection activity* from the time they are notified that the account is fraudulent until they have "diligently investigate[d]" that report. If the claimant continues its collection activity without completing a diligent investigation, the consumer can recover damages, including

a civil penalty, attorney fees and costs. *Id*.

Capital One cites a string of cases to support its argument that Ms Pasternak's claim under Civil Code § 1798.93 is preempted, but most of those cases involved state law claims that were based upon a furnisher's *reporting activities* to the CRAs. Reporting activity is covered by § 1681s-2 of the FCRA; collection activity is not. The cases that concern credit reporting claims based on state law are inapposite.[3]

Only two of the cases cited by Capital One involve claims based on activities that are unrelated to credit reporting and those cases support Ms Pasternak's position.

*Stafford v. Cross Country Bank*, 262 F. Supp.2d 776 (W.D. Ky 2003), was brought by the victim of identity theft. As soon as plaintiff learned of the fraudulent account, he notified the bank. Thereafter he received "incessant phone calls from the bank regarding the delinquent account." *Stafford*, supra at 780. He sued the bank for various claims, including harassment. The bank argued that plaintiff's state law claims, including the harassment claim, were preempted by § 1681t(b)(1)(F). The court rejected that argument:

---

[3] Most of the cases cited by Capital One are irrelevant because they involve state law claims that are based upon credit reporting activities by furnishers of information. *See, e.g.*, *Roybal v. Equifax*, 405 F.Supp.2d 1177 (E.D.Cal. 2005) [plaintiff's state law claims preempted because they were "based on alleged injury arising purely from the reporting of credit information by a furnisher of credit…"]; *Davis v. Maryland Bank*, 2002 WL 32713429 (N.D. Cal. 2002) [claim under Civil Code § 1747.70 preempted because that section prohibits a card issuer from "knowingly giv[ing] any untrue credit information to any other person concerning a cardholder."]; *Lin v. Universal Card Servs. Corp.*, 238 F.Supp.2d 1147 (N.D. Cal. 2002) [preemption of claim based on a California statute that governs duties of a person who *furnishes* information to a credit reporting agency]; *Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139 (N.D. Cal. 2005) [plaintiff's state law claims preempted because they all arose out of defendants' activities as a *furnisher* of credit information to the CRAs.]; *Riley v. General Motors Acceptance Corp.*, 226 F.Supp.2d 1316, 1325 (S.D. Ala. 2002) [state law claims preempted because "the court finds that the plaintiff's state law claims all relate to 'subject matter regulated under…section 1681s-2' of the Fair Credit Reporting Act."]

> [T]o find that § 1681t(b)(1)(F) preempts all state tort claims would extend that section well beyond its express terms. Section 1681t(b)(1)(F) simply states that "no requirement or prohibition may be imposed under the laws of any state ... with respect to *any subject matter* regulated under ... section 1681s-2 ..." (emphasis added). Section 1681s-2, in turn, explains the duties of furnishers of information to provide accurate information, 15 U.S.C. § 1681s-2(a), and the obligations of furnishers once they are notified of a dispute. 15 U.S.C. § 1681s-2(b). The Bank's argument, however, would have the Court also preempt all state law claims- including those *not* regulated by § 1681s-2. The distinction is important because, as this case illustrates, some state tort claims against furnishers of information have nothing to do with the furnisher's correlation to a credit reporting agency.

*Stafford supra* at, 785-786.

The *Stafford* court noted that "§ 1681s-2 only regulates conduct involved in the reporting of credit information." *Id.* at 787. It concluded that "the § 1681t(b)(1)(F) preemption provision, then, clearly does not apply to those tort claims that only involve the Bank's actions independent of its function as a furnisher of credit information." *Id*. It held that the "harassment claim…fall[s] outside § 1681s-2's reach…" *Id*.

The second relevant case cited by Capital One is Judge Illston's decision in *Drew v. Equifax* 2007 WL 2028745 (N.D. Cal.). Plaintiff alleged that several banks violated their furnisher obligations under the FCRA and that they had also violated state statutory obligations under the California Consumer Credit Reporting Agencies Act (CCRAA), Civil Code §§1785 *et seq*. The banks argued that the claims under the CCRAA were preempted by § 1681t(b)(1)(F). The Court concluded that the CCRAA claims that are related to "the duty of furnishers of credit information to credit agencies" are preempted but that the claim for violation of Civil Code § 1785.20.3[4] "is not preempted by the

---

[4] The obligations imposed by Civil Code § 1785.20.3 concern what the user of a credit report must do when it discovers a discrepancy between the information submitted on the credit application and consumer information contained in the consumer's credit report.

FCRA, as it does not relate to the duties of furnishers, but rather establishes certain duties on those who use consumer credit reports." *Drew, supra* at *4.

Ms Pasternak's claim under California's Identity Theft Statute is analogous to the harassment claim in *Stafford* and the CCRAA claims in *Drew*. Capital One's collection activity against Ms Pasternak is similar to the Bank's incessant telephone calls and hounding of Mr. Stafford. Capital One's collection activity is completely independent of its activity as a furnisher of credit information to the CRAs. For that reason the statute regulating that kind of conduct is not preempted by the § 1681t(b)(1)(F).

At the end of its discussion of preemption, Capital One mentions §§ 1681t(b)(5)(H) and (F). See page 6 of Capital One's memo. Capital One does not analyze those provisions, nor does it cite any cases that have applied them. Neither of these subparagraphs preempts Ms. Pasternak's claim under California's Identity Theft Statute.

Section 1681t(b)(5)(H) provides for preemption of any state statute that regulates conduct that is required by § 1681s-2(a)(6). Section 1681s-2(a)(6) does not have anything to do with the collection of accounts that are reported as fraudulent.[5]

Section 1681t(b)(5)(F) preempts state laws that regulate conduct covered by subsections (c), (f), and (g) of section 1681m. Capital One is relying upon subsection (f) of § 1681m. See Capital One's memo, page 6, lines 25-27. That subsection provides that

---

[5] Section 1681s-2(a)(6) has two subparagraphs, (A) and (B). Subparagraph (A) requires Capital One to have in place "reasonable procedures to respond to any notification that it receives from a consumer reporting agency…" Subparagraph (B) provides that if a consumer notifies a furnisher that its information is the result of identity theft, then the furnisher "may not furnish such information…unless [the furnisher] subsequently knows or is informed by the consumer that the information is correct." The California Identity Theft Statute does not purport to regulate conduct in these areas, so it is not preempted by § 1681t(b)(5)(H).

"no person shall sell, transfer for consideration, or place for collection a debt that such person *has been notified under section 1681c-2 of this title* has resulted from identity theft."

The flaw in Capital One's argument is that the conduct that is covered by § 1681m(f) is limited to conduct that occurs *after* it has received notice pursuant to 15 USC § 1681c-2. Notification under § 1681c-2 can only come from a CRA, not a consumer. In drafting the FCRA, Congress was careful to specify who the notice must come from before a CRA or a furnisher has an obligation under the Act. A furnisher does not have any obligation to reinvestigate information that the consumer disputes if the notice of the dispute comes from the consumer. See § 1681s-2(b). The furnisher's duty to reinvestigate is triggered only when it is notified by the CRA that the consumer disputes the information that the furnisher is reporting.[6]

Just as notice from a consumer will not trigger a furnisher's obligations under § 1681s-2b, notice from a consumer that an account is fraudulent will not trigger a credit grantor's obligations under § 1681m(f). The notice required by that subsection can come only from a CRA, not from a consumer.

Preemption is an affirmative defense. *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1266 (9th Cir. 1996). Plaintiff is not required to anticipate affirmative

---

[6] "[T]he FCRA establishes a duty for a consumer reporting agency (like Equifax or CBLC) to give notice of a dispute to a furnisher of information (like Penney) within five business days from the time the consumer notifies the consumer reporting agency of the dispute. 15 U.S.C. § 1681i(a)(2). *Such notice is necessary to trigger the furnisher's duties under Section 1681s-2(b).*" *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002), emphasis added.

defenses or to plead around them. *Xechem, Inc. v. Bristol-Myers Squibb Co*., 372 F.3d 899, 901 (7th Cir. 2004). If Capital One contends its collection activity was all *after* it received a CRA's notice under § 1681c-2, then it must plead and prove that.[7]

### C.   Plaintiff Has Alleged Adequately The Malicious Prosecution Claim

Ms Pasternak has sued Capital One for malicious prosecution of the Contra Costa County collection action it filed against her and then dismissed. Capital One moves to dismiss that claim on grounds that she has not adequately alleged a cause of action. To establish a cause of action for malicious prosecution, a plaintiff must demonstrate that the prior action (1) was initiated by or at the direction of the defendant and legally terminated in the plaintiff's favor, (2) was brought without probable cause, and (3) was initiated with malice. *Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, 740 (*Seibel*), citing *Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341 (*Casa Herrera* ).

Ms Pasternak has alleged that Capital One and its lawyers have dismissed the collection action and that it "has been terminated in favor of Ms Pasternak." FAC ¶ 71. Capital One argues that she cannot satisfy the "favorable termination" element because it voluntarily dismissed the collection action. Capital One's memo, page 8. It fails to cite a single case which holds that a voluntary dismissal cannot constitute a favorable termination of a legal proceeding.

The termination of a prior lawsuit is *favorable* to the defendant when it "reflects

---

[7]   When the facts are developed, the Court will see that Ms Pasternak notified Capital One of the identity theft many months before she notified the CRAs. Capital One ignored her notice and continued its collection efforts. It sued her months before it received any 1681c-2 notice from a CRA. However that is a matter for summary judgment, not this motion.

the opinion of someone, either the trial court or the prosecuting party, that the action lacked merit or if pursued would result in a decision in favor of the defendant." *Camarena v. Sequoia Insurance Co.* (1987) 190 Cal.App.3d 1089, 1099. "Victory following a trial on the merits is not required. Rather, ' "the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." [Citation.]'" *Casa Herrera, supra* at 342.

The Court of Appeal squarely rejected Capital One's argument in *MacDonald v. Joslyn* (1969) 275 Cal.App.2d 282. Plaintiff in that case was the executor of a large estate. The testator's son, dissatisfied with his share, brought a will contest that he eventually dismissed voluntarily, without prejudice. The executor sued the son for malicious prosecution and obtained a judgment for $123,000 compensatory damages and $50,000 in punitive damages. On appeal the son argued that his voluntary dismissal of the will contest was not a favorable termination that could serve as the basis for malicious prosecution. The Court disagreed: "[A] voluntary dismissal, though expressly made 'without prejudice,' is a favorable termination which will support an action for malicious prosecution." *MacDonald, supra* at 289; citing *Hurgen v. Union Mutual Life* (1904) 141 Cal. 585 and *Kennedy v. Byrum* (1962) 201 Cal.App.2d 474. See also *Robbins v. Blecher* (1997) 52 Cal.App.4th 886, 893-4.

Capital One argues that malicious prosecution is a disfavored tort, as if that justifies a dismissal at the pleading stage. Capital One ignores the California Supreme Court's most recent statement on this issue:

> Malicious prosecution actions have traditionally been disfavored as potentially chilling the right to pursue legal redress and report crime. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872, 254 Cal.Rptr. 336, 765 P.2d 498). However, we have noted that this principle " 'should not be employed to defeat a legitimate cause of action' or to 'invent [ ] new limitations on the substantive right, which are without support in principle or authority.' [Citations.]" (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 966, 12 Cal.Rptr.3d 54, 87 P.3d 802.) Thus, malicious prosecution suits are not barred simply because they are disfavored. (*Casa Herrera, supra,* 32 Cal.4th at p. 349, 9 Cal.Rptr.3d 97, 83 P.3d 497.) As we have also observed, "The malicious commencement of a civil proceeding is actionable because it harms the individual against whom the claim is made, and also because it threatens the efficient administration of justice.... [¶] The judicial process is adversely affected ... not only by the clogging of already crowded dockets, but by the unscrupulous use of the courts by individuals '... as instruments with which to maliciously injure their fellow men.' [Citation.]" (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50-51, 118 Cal.Rptr. 184, 529 P.2d 608, fn. omitted.) "[W]hen *the litigation is groundless and motivated by malice* the balance tips in favor of the policy of redressing the individual harm inflicted by that litigation." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 695, 34 Cal.Rptr.2d 386, 881 P.2d 1083.)

*Siebel, supra at* 740.

In short, the law does not favor banks and their lawyers filing groundless lawsuits against consumers. If the bank knows or should know that the account was opened by an imposter and it sues the identity theft victim anyhow, its action harms the consumer and it threatens the administration of justice. That tips the balance in favor of redressing the consumer's injuries.

## CONCLUSION

The allegations of plaintiff's First Amended Complaint satisfy the requirements of Rule 8 as construed by the Supreme Court in *Bell Atlantic*. There are more than sufficient facts and details set forth to put the defendants on notice as to what the lawsuit is about. Construing the pleading in favor of plaintiff and giving her the benefit of all reasonable inferences, the pleading clearly passes muster.

The state law claim for violation of the identity theft statute is not preempted. The preemption sections have been narrowly drawn. They do not preempt conduct that is not covered by the express provisions of the FCRA. Collection activity that occurs prior to notice from a CRA that the consumer has alleged identity theft is not covered by any section of the FCRA. The Ninth Circuit instructs the district courts to construe the limitations on consumer claims narrowly:

> The statute has been drawn with extreme care, reflecting the tug of the competing interests of consumers, CRAs, furnishers of credit information, and users of credit information. It is not for a court to remake the balance struck by Congress, or to introduce limitations on an express right of action where no limitation has been written by the legislature.

*Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

Ms Pasternak's claim for malicious prosecution states a viable claim under California law and should not be dismissed on the pleadings.

There is no reason for a more definite statement of the claims. Capital One has not identified a single paragraph that it considers too vague to respond to. Since it sued Ms Pasternak to collect the fraudulent account, it certainly should know what the litigation is all about.

For all the foregoing reasons, plaintiff respectfully urges the Court to deny Capital One's motion in its entirety.

Dated: January 17, 2008            /s/_____
                                              Andrew J. Ogilvie
                                   Attorney for Plaintiff Emelia M. Pasternak