1   Abraham J. Colman (SBN 146933)
    Felicia Y. Yu (SBN 193316)
2   Veronica Kuiumdjian (SBN 244825)
    REED SMITH LLP
3   355 South Grand Avenue, Suite 2900
    Los Angeles, CA  90071-1514
4   Telephone:  213.457.8000
    Facsimile:   213.457.8080

5   Attorneys for Defendant
    Capital One Bank
6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  EMELIA M. PASTERNAK,                ) No.: CV 07 4980 MJJ
                                        )
12              Plaintiff,              ) **REPLY IN SUPPORT OF CAPITAL**
                                        ) **ONE BANK'S MOTION TO**
13       vs.                            ) **DISMISS PLAINTIFF'S FIRST**
                                        ) **AMENDED COMPLAINT**
14  TRANS UNION, LLC, EXPERIAN          ) **PURSUANT TO FED. R. CIV. P.**
    INFORMATION SOLUTIONS, INC.,        ) **12(b)(6), OR ALTERNATIVELY,**
15  EQUIFAX INFORMATION SERVICES,       ) **FOR A MORE DEFINITE**
    LLC, and CAPITAL ONE BANK, a        ) **STATEMENT PURSUANT TO FED.**
16  national association,               ) **R. CIV. P. 12(e)**
                                        )
17              Defendants.             )
                                        )
18                                      ) Date:        February 12, 2008
                                        ) Time:         9:30 a.m.
19                                      ) Courtroom: 11
                                        )
20                                      )
                                        )
21                                      ) Honorable Martin J. Jenkins
                                        )
22 _____)

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................. 1

II.   LEGAL ARGUMENT.......................................................................................................... 1

    A.   Plaintiff's FCRA Claim Against Capital One Is Defective Because the Facts Alleged Are Insufficient to Sustain a Cause of Action under the Statute. ...................................................... 1

    B.   Plaintiff's Claim under California Civil Code § 1798.92 Fails because the Claim Is Preempted by the FCRA. ................................................................................................ 3

        1.   Section 1681t(b) Preempts any Claim Under Civil Code § 1798.92 that Involves Inadequate Investigation ........................................................................................ 6

        2.   Section 1681t(b) Preempts State Regulation of the Collection of an Account as to Which Identity Theft is Claimed ................................................................................ 8

    C.   Plaintiff's Malicious Prosecution Claim Fails because Capital One's Decision to Dismiss the Collection Lawsuit Does Not Constitute a Favorable Termination on the Merits ................. 10

III.  CONCLUSION.................................................................................................................... 13

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**TABLE OF AUTHORITIES**

**CASES**

American Bankers Ass'n v. Gould,
    412 F.3d 1081 (9th Cir. 2005) ...................................................................4

Bell Atlantic v. Twombly,
    127 S. Ct. 1955 (2007).............................................................................3

Camerana v. Sequoia Insurance Co.,
    190 Cal. App. 3d 1089 (1987) ...................................................................11

Casa Herrera Inc. v. Beydoun,
    32 Cal. 4th 336 (2004) ...........................................................................11

Chauncey v. Niems,
    182 Cal. App. 3d 967 (1986) ....................................................................11

Cipollone v. Liggett Group,
    505 U.S. 504 (1992)...............................................................................4

English v. General Electric Co.,
    496 U.S. 72 (1990)................................................................................3

Erickson v. Pardus,
    127 S. Ct. 2197 (2007)............................................................................2

Howard v. Blue Ridge Bank,
    371 F. Supp. 2d 1139 (N.D. Cal. 2005) .......................................................3

Johnson v. MBNA,
    357 F.3d 426 (4th Cir. 2004) ...................................................................7

Kodrick v. Ferguson,
    54 F. Supp. 2d  788 (N.D. Ill. 1999) ...........................................................4

MacDonald v. Joslyn,
    275 Cal. App. 2d 282 (1969) ...................................................................11

National Home Equity Mortgage Association v. Face,
    64 F. Supp. 2d 584 (E.D. Va 1999), *aff'd*, 239 F. 3d 633 (2001), *cert. denied*, 54 U.S.
    823 (2001)........................................................................................4-5

Nelson v. Chase Manhattan Mortgage Corp.,
    282 F.3d 1057 (9th Cir. 2002) ..................................................................9

Oprian v. Goldrich, Kest & Assoc.,
    220 Cal. App. 3d 337 (1990) ...................................................................11

Pender v. Radin,
    23 Cal. App. 4th 1807 (1994) ..................................................................11

Robbins v. Blecher,
    52 Cal. App. 4th 886 (1997) ....................................................................11

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Sheldon Appel Co. v. Albert & Oliker,
    47 Cal. 3d 863 (1989) ............................................................................................12

Sierra Club Foundation v. Graham,
    72 Cal. App. 4th 1135 (1999) ...........................................................................11, 12

Skaff v. Meridien North America Beverly Hills, LLC,
    506 F.3d 832 (9th Cir. 2007) ....................................................................................2

**STATUTES**

12 C.F.R. 226  ..............................................................................................................6

12 C.F.R. 30 .................................................................................................................6

12 C.F.R. 208 ...............................................................................................................6

12 C.F.R. 225 ...............................................................................................................6

12 C.F.R. 364 ...............................................................................................................6

15 U.S.C. 1681c-2..........................................................................................................8

15 U.S.C. § 1681m(e)(1)(A)...........................................................................................6

15 U.S.C. § 1681s-2(b) ..................................................................................................1

Section 15 U.S.C. § 1681m(e) ........................................................................................6

The FCRA, 15 U.S.C. § 1681t(b)(1)(F) ..........................................................................4

Cal. Civ. Code § 1798.92.................................................................................... passim

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff's Opposition fails to address, much less overcome, the arguments set forth in Capital One Bank's ("Capital One") Motion to Dismiss.  Rather, Plaintiff's Opposition merely confirms that the claims are defectively pled and wholly unsubstantiated.  First, Plaintiff's cause of action alleging willful and negligent violations of 15 U.S.C. § 1681s-2(b) is defective because the facts alleged are insufficient to support a cause of action under this section.  Next, the California Civil Code § 1798.92 claim is defective because the federal Fair Credit Reporting Act ("FCRA") expressly preempts and bars state law claims concerning subject matters that are already exclusively regulated by the FCRA.  Finally, the malicious prosecution claim fails because Plaintiff does not satisfy the favorable termination requirement.  For these reasons, the Court should dismiss Plaintiff's First Amended Complaint ("FAC") against Capital One. In the alternative, Capital One requests a more definite statement from Plaintiff so that it may properly prepare its response.

## II.     LEGAL ARGUMENT

### A.     Plaintiff's FCRA Claim Against Capital One Is Defective Because the Facts Alleged Are Insufficient to Sustain a Cause of Action under the Statute.

Plaintiff misconstrues Capital One's argument that Plaintiff's FCRA claim is insufficiently pled.  Capital One does not ask that Plaintiff provide detailed factual descriptions or comply with any sort of heightened pleading standard.  Capital One merely asks that Plaintiff give it fair notice and apprise it of the wrongdoing it alleges Capital One is liable for, so that Capital One can prepare a proper response to the FAC.

1

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In the Opposition, Plaintiff restates certain facts from her FAC, such as her filing of a police report and Capital One's lawsuit against her in state court. Plaintiff states that "Capital One ignores all the specific detailed factual allegation discussed above," without understanding that those facts have nothing to do with Plaintiff's claim against Capital One under the FCRA.  In its list of facts, Plaintiff fails to note any allegation in its FAC that apprises Capital One as to the nature of the "inaccurate information" that Capital One has allegedly furnished and failed to modify, delete or permanently block.  FAC, ¶ 40, 44.

Here, Plaintiff has not given Capital One "fair notice," as *Erickson v. Pardus,* 127 S.Ct. 2197 (2007), which Plaintiff cites, requires.  In addition, *Skaff v. Meridien North America Beverly Hills, LLC,* 506 F. 3d 832 (9th Cir. 2007), which Plaintiff also relies on, is easily distinguishable from the situation here and actually supports Capital One's position.  In that case, the complaint gave defendant "fair notice of the factual basis of the claim."  *Id.* at 841.  Defendant argued that plaintiff "did not allege the existence of specific accessibility barriers with sufficient detail." *Id.*  In fact, Plaintiff had alleged that "[d]uring the course of his stay at the Hotel, Plaintiff encountered numerous other barriers to disabled access, including path of travel, guestroom, bathroom, telephone, elevator, and signage barriers to access…" *Id.* at 840.  Plaintiff's "allegations that he encountered the above barriers, though succinct, gave [the defendant] notice of what [Plaintiff's] claims were…" *Id.* at 840-41.   In *Skaff*, instead of just alleging that plaintiff had encountered accessibility barriers in general, plaintiff succinctly stated what those accessibility barriers were. Plaintiff here failed to meet the standard in *Skaff*.  She merely alleged that there was "inaccurate information," but failed to succinctly state what that "inaccurate information" was.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Further, in *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143 (N.D. Cal. 2005), the court held that conclusory allegations that financial institutions received notice from agencies of disputes regarding the accuracy of information provided and that institutions willfully failed to comply with requirements of Fair Credit Reporting Act (FCRA) did not state a claim for willful noncompliance of the FCRA, notwithstanding the plaintiff's contention that he could not provide additional detail because relevant information was peculiarly within the institutions' control. The court found that "the factual allegations [were] insufficient as to defendants' willful noncompliance with the FCRA." *Id.*

Plaintiff's allegations under the FCRA claim are "a formulaic recitation of the elements," which the Supreme Court and district courts have found unacceptable. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Accordingly, Plaintiff's FCRA claim should be dismissed.

## B. **Plaintiff's Claim under California Civil Code § 1798.92 Fails because the Claim Is Preempted by the FCRA.**

Plaintiff misinterprets Capital One's argument in its Motion to Dismiss regarding the preemption of section 1798.92 and therefore a lengthier explanation is needed.

Preemption of state law by federal law is found in three circumstances. *English v. General Electric Co.*, 496 U.S. 72 (1990). First, there is "express preemption," meaning that "Congress can define exclusively the extent to which its enactments preempt state law." *Id.* at 78. Second, there is "field preemption," meaning that "state law is preempted where it regulates conduct in the field that Congress has intended that the federal government occupy exclusively." *Id.* at 79.

3

1  The "no requirement or prohibition" language in section 1681t(b) had been repeatedly

2  held to create field preemption. *Cipollone v. Liggett Group*, 505 U.S. 504 (1992);

3  *American Bankers Ass'n v. Gould*, 412 F. 3d 1081, 1086 (9th Cir. 2005).  Third, there

4  is "conflict preemption," meaning that "state law is preempted to the extent it actually

5  conflicts with federal law."  *Id.*

6

7       Plaintiff claims that Capital One (1) failed to investigate the notice of

8  identity theft, and (2) continued collection efforts after the notification.  *See* FAC, ¶¶

9  62-63.  Section 1681t(b) of the FCRA provides for express and field preemption with

10  respect to credit reporting, but also with respect to the investigation of identity theft

11  claims and the collection of accounts as to which identity theft is claimed.  Section

12  1681t(b) provides: "No requirement or prohibition may be imposed under the laws of

13  any State…" with respect to the matters regulated by section 1681s-2, specifically

14  subsection (a)(6), as well as sections 1681m(e) and 1681m(f) (not just those relating to

15  section 1681s-2(b), as Plaintiff would have the court believe).  This means that states

16  cannot regulate these areas *at all*, even if their laws are not inconsistent with federal

17  law.  The FCRA thus preempts the claims made by Plaintiff under both "express" and

18  "field" preemption.

19

20       The FCRA is a scheme of federal regulation of credit reporting so

21  pervasive as to make reasonable the inference that Congress left no room for the states

22  to supplement it.  The legislative history of section 1681t makes it clear that Congress

23  intended to create a uniform national scheme.  *Kodrick v. Ferguson*, 54 F. Supp. 2d

24  788 (N.D. Ill. 1999).

25

26       The court observed in *National Home Equity Mortgage Association v.*

27  *Face*, 64 F. Supp. 2d 584 (E.D. Va 1999), *aff'd*, 239 F. 3d 633 (2001), *cert. denied*, 54

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

4

U.S. 823 (2001), that section 1681t is one of a group of statutes that "provide crucial substantive and legal protections for consumers nation-wide in large part because Congress clearly expressed its intent that federal safeguards preempt state law regulating the same subject area." *Id.* at 592.

The California Identity Theft Act, section 1798.92, was enacted in 2001. In December of 2003, the FCRA was comprehensively amended to regulate (1) how a creditor is supposed to respond to and investigate a claim of identity theft and what standard of evidence is to be used in the investigation and (2) the collection of accounts as to which identity theft is claimed. Express field preemption clauses were also added as to these subjects of regulation under the "no requirement or prohibition" language in section 1681t(b).

Plaintiff's principal argument is that section 1798.92, to the extent it penalizes inadequate investigations and collection on accounts, is not a credit reporting law and is thus not preempted by the FCRA. That is incorrect. Capital One's preemption argument is *not* "built on the false premise that the conduct that is regulated by the FCRA in § 1681s-2(b) is the same as the conduct that is prohibited by California Civil Code § 1798.92." Opposition, pg. 5, lines 13-15. There is more to the FCRA than just section 1681s-2(b). On December 4, 2003, Congress enacted Public Law 108-159, which consists of approximately 60 pages of amendments to the FCRA, most of which deal with the prevention of identity theft. The very preamble to the Act states that its purpose is "to amend the Fair Credit Report Act, *to prevent identity theft, improve resolution of consumer disputes,* improve the accuracy of consumer records…." (Emphasis added). This was Congress' effort to provide a comprehensive scheme for dealing with and preventing identity theft.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REPLY IN SUPPORT OF CAPITAL ONE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.     **Section 1681t(b) Preempts any Claim Under Civil Code § 1798.92 that Involves Inadequate Investigation.**

Section 15 U.S.C. § 1681m(e) establishes procedures for the identification of possible identity theft by requiring federal banking agencies to adopt regulations requiring guidelines for the use by each financial institution "regarding identity theft with respect to account holders, or customers of, such entities." 15 U.S.C. § 1681m(e)(1)(A).  Thus, federal banking agencies were empowered to issue regulations as to how to handle identity theft claims ***in all their particulars, not just credit reporting.***  Some of these regulations may be found at 12 C.F.R. 30, 12 C.F.R. 208, 12 C.F.R. 225, 12 C.F.R. 364, and 12 C.F.R. 226.

The 2003 amendments also included a specific preemption provision with respect to such federal regulations regarding identity theft.  The amendments added § 1681t(b)(5)(F), which specifically provides that there shall be no state regulation with respect to "the conduct required" by § 1681m(e).  In other words, the conduct required by the regulations issued under § 1681m(e) relating to such matters as the reasonable investigation of identity theft claims are one of the areas in which "no requirement or prohibition may be imposed under the laws of any state."  Thus, there is express and field preemption with respect to federal regulation of how identity theft claims are to be investigated for purposes of determining whether to hold the accountholder responsible for the disputed charge.

In 2003, section 1681s-2(a) was amended to add subsection (6), dealing with duties of creditors to respond to notices of identity theft and subsection (8),

6

1   dealing with the right of the consumer to dispute inaccurate information ***directly with***
2   ***the creditor***.  While this provision may deal with credit reporting also, it nonetheless
3   requires a reasonable investigation of any identity theft claim reported by the
4   consumer to the creditor, and the creditor can be liable if it fails to conduct a
5   reasonable investigation, regardless of whether its credit reporting was accurate.
6   *Johnson v. MBNA*, 357 F. 3d 426 (4th Cir. 2004)

7

8          The December 2003 Amendment also added an express provision that
9   said that the provisions in section 1681s-2(a) that were added by the Amendments
10  preempted state law.  Section 1681t(b)(5)(H) specifically provides that no state shall
11  impose any requirement or prohibition with respect to the conduct regulated by
12  section 1681s-2(a)(6), regulating a creditor's response to claims of identity theft.

13

14         Thus, Plaintiff's claim that Capital One is liable under section 1798.92
15  for failing to conduct a diligent investigation of Plaintiff's identity theft claim is
16  preempted by the combined effect of (1) section 1681m(e), the regulations adopted
17  thereunder, and the field preemption provision added at section 1681t(b)(5)(F) and (2)
18  section 1681s-2(a)(6), which regulates a creditor's investigation of an identity theft
19  claim and section 1681t(b)(5)(H), which provides that a state shall impose no
20  regulation or prohibition with regard to the area regulated by section 1681s-2(a)(6).
21  Moreover, section 1681(c) and (d) bar any private right of action for violation of
22  section 1681s-2(a), including failure to adequately investigate an identity theft claim.
23  Federal law not only thoroughly regulates how a financial institution should
24  investigate and handle identity theft claims, but ***also prohibits all state regulation of***
25  ***this area.***  Because of this field preemption, a state cannot regulate how a creditor is to
26  conduct an investigation of an identity theft claim as it does in Civil Code section
27  1798.92.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

7

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2.    **Section 1681t(b) Preempts State Regulation of the Collection of an Account as to Which Identity Theft is Claimed.**

Plaintiff states that it was a violation of section 1798.92 for Capital One to allegedly collect on the account once it has been notified of the identity theft. *See* FAC, ¶ 63.  This is plainly preempted by the 2003 amendments to the FCRA.  The 2003 amendments, amended section 1681c-2 to require credit reporting agencies to promptly notify creditors that transactions they may have handled may be the result of identity theft.

Section 1681m regulates the activities of creditors and debt collectors who have notice of identity theft.  Under section 1681m(f), creditors who have received notice from a credit reporting agency of identity theft are prohibited from placing that account for collection.  Again, as in the credit reporting provisions, Congress intended that the credit reporting agencies, act as "filtering mechanism."  In other words, under federal law, the consumer would first have to report identity theft to the credit reporting agencies, which would in turn notify the creditor that that creditors' account may have been the result of identity theft.  Here, Plaintiff does not allege that Capital One was informed by a credit reporting agency that Plaintiff's account was fraudulent.

Furthermore, section 1681m(h)(8) was amended to state that: "Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section…This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section."  Thus,

8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Plaintiff cannot bring a cause of action under this section because this section bars a private right of action by Plaintiff against Capital One.  Indeed, collection of accounts as to which identity theft is claimed is ***an area under the exclusive jurisdiction of federal agencies.***

Finally, the preemption provision in section 1681t(b) was amended to provide that "no regulation or prohibition may be imposed under state law" in this area.  Section 1681t(b)(5)(F) applies this preemption provision to the area regulated by § 1681m(f), namely, the collection of accounts as to which identity theft has been claimed.  ***Federal law thus occupies the field in this area, which the state may not regulate***.

Plaintiff states that conduct covered by section 1681m(f) is limited to conduct that occurs after it has received notice pursuant to 15 U.S.C.  1681c-2.  Plaintiff states that "just as a notice from a consumer will not trigger a furnisher's obligations under § 1681s-2(b), notice from a consumer that an account is fraudulent will not trigger a credit grantor's obligations under § 1681m(f)."  But Plaintiff does not continue her analogy.  A plaintiff cannot bring a cause of action under state law that implicates a furnisher's obligations under § 1681s-2(b), when a consumer makes a direct dispute to a creditor, because 1681t(b)(1)(F) provides for preemption of that state law.  Likewise, a plaintiff cannot bring a state claim when the notification of identity theft comes from the consumer directly, because section 1681t(b)(5)(F)'s preemption provision.  This is consistent with the FCRA's requirement that disputes go through the filter of a credit reporting agency.  *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F. 3d 1057, 1060 (9th Cir. 2002).

This claim regarding collection of the account is triply barred by the

9

FCRA.  The FCRA not only expressly preempts regulation by state law of the collection of accounts as to which identity theft has been claimed, but also prohibits collection of accounts only when the creditor receives a notice of identity theft from a credit reporting agency (which is not alleged here).  Moreover, the FCRA also bars private rights of action for collection on an account as to which identity theft has been claimed.[1]

It is thus entirely inaccurate for Plaintiff to contend that the FCRA only involves credit reporting.  It in fact provides a comprehensive scheme for the prevention of identity theft and the handling of identity theft claims.  In sum, the FCRA, as amended in 2003, specifically regulates the type of investigation a creditor is to conduct as to a claim of identity theft and the collection of accounts as to which identity theft is claimed.  The preemption provisions expressly provide that the state may not regulate each of these areas regulated by the FCRA.  It thus preempts state regulation of the specific violations of section 1798.92 alleged by Plaintiff.

**C.** **Plaintiff's Malicious Prosecution Claim Fails because Capital One's Decision to Dismiss the Collection Lawsuit Does Not Constitute a Favorable Termination on the Merits.**

Plaintiff has once again misconstrued Capital One's argument.  Opposition, pg. 12, lines 23-25.  Capital One does not argue that the public policy disfavoring the malicious prosecution tort alone justifies dismissal of the claim.  Capital One acknowledges that the public policy against malicious prosecution claims should not defeat a legitimate cause of action.  However, here, Plaintiff has not pled a

[1] In addition, Plaintiffs claims are preempted by conflict preemption under section 1681t(a).  As explained above, the FCRA prohibits the placing for collection of an account only after the creditor has received notification from a credit reporting agency.  Section 1798.92 instead prohibits the collection of accounts as to which identity theft has been claimed by the consumer.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    legitimate cause of action, and has not satisfied the requirements to plead a malicious

2    prosecution claim.

3           Plaintiff does not dispute the holdings of any of the cases Capital One

4    cites in its Motion to Dismiss to support its position that alleging that defendants

5    voluntary dismissed a cause of action is not enough to sustain a cause of action for

6    malicious prosecution.  *See Pender v. Radin,* 23 Cal. App. 4th 1807, 1814 (1994);

7    *Robbins v. Blecher*, 52 Cal. App. 4th 886, 893 (1997); *Sierra Club Foundation v.*

8    *Graham*, 72 Cal. App. 4th 1135, 1148-49 (1999); *Oprian v. Goldrich, Kest & Assoc.*,

9    220 Cal. App. 3d 337, 343-45 (1990); *Chauncey v. Niems*, 182 Cal. app. 3d 967, 978

10   (1986) (trial court sustained demurrer).

11          Further, the cases that even Plaintiff cites support Capital One's position.

12   A voluntary dismissal can constitute a favorable termination only when it "reflects the

13   opinion of someone, either the trial court or the prosecuting party, that the action

14   lacked merit or if pursued would result in a decision in favor of the defendant."

15   *Camerana v. Sequoia Insurance Co.*, 190 Cal. App. 3d 1089, 1099 (1987).  As

16   Plaintiff quotes in her Opposition, "the termination must reflect the merits of the

17   action and the plaintiff's innocence of the misconduct alleged in the lawsuit."  *Casa*

18   *Herrera Inc. v. Beydoun*, 32 Cal. 4th 336, 341 (2004); *see* Opposition, pg. 12, lines 1-

19   7.  Hence, a mere voluntary dismissal bears no light on a plaintiff's innocence because

20   a party can dismiss a cause of action for a several reasons not having to do with the

21   merits.

22          Further, Plaintiff's reliance on *MacDonald v. Joslyn*, 275 Cal. App. 2d

23   282, 289 (1969), is inapposite.  *MacDonald* does state that a voluntary dismissal can

24   constitute a favorable termination, but only to clarify that a "termination of the

25   malicious proceeding need not be a final determination of the controversy."  *Id.*  The

26   court did not address whether or not the dismissal must reflect on the merits, but only

27   clarified that a final determination is not necessary to constitute a termination for

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1　purposes of a malicious prosecution claim.  Plaintiff fails to mention that numerous

2　subsequent cases, however, make clear that a "[f]avorable termination can occur short

3　of a trial on the merits, ***but it must bear on the merits.  Thus, a plaintiff does not***

4　***establish favorable termination merely by showing that he or she prevailed in an***

5　***underlying action.***"  *Sierra Club Foundation v. Graham*, 72 Cal. App. 4th 1135, 1149

6　(1999) (emphasis added).  Further, "[i]f resolution of the underlying action leaves a

7　residue of doubt about the plaintiff's innocence of liability, it is not a favorable

8　termination sufficient to support a cause of action for malicious prosecution."  *Id.*

9　　　　Nowhere in the FAC does Plaintiff allege that there was such a reflection

10　on the merits or of Plaintiff's innocence.  In fact, Plaintiff cannot allege that because

11　no such reflection of the merits exists.  Plaintiff alleges that Capital One and

12　Patenaude simply dismissed the action—which is not enough on its own, without a

13　reflection of the merits to sustain a cause of action for malicious prosecution.

14　　　　"[T]he elements of the tort have historically been ***carefully***

15　***circumscribed*** so that litigants with potentially valid claims will not be deterred from

16　bringing their claims to court by the prospect of a subsequent malicious prosecution

17　claims."  *Sheldon Appel Co. v. Albert & Oliker,* 47 Cal. 3d 863, 872 (1989) (emphasis

18　added).  Therefore, before a claim for malicious prosecution can survive, it must meet

19　the "carefully circumscribed" element  of favorable termination.  Since the FAC does

20　not allege that Capital One or Patenaude & Felix indicated—in any document or

21　otherwise—that the collection lawsuit was voluntarily dismissed because it lacked

22　merit, this claim should be dismissed.

23　　　　　In further support of the dismissal of this cause of action is the public

24　policy that disfavors the malicious prosecution tort.  Courts have held that it is

25　"important that an individual be free to protect personal rights by resort to the courts

26　without the threat of a countersuit for damages in the event the suit is unsuccessful

27　and the courts have generally been sensitive to the need to ***carefully limit tort liability***

28

*in the context of malicious prosecution* of a civil proceeding." *Id*. at Fn.5 (emphasis added).

### III.    <u>CONCLUSION</u>

Based on the foregoing, Capital One respectfully request that this Court grant the Motion to Dismiss as to the third, fifth and sixth causes of action, with prejudice.  In the alternative, if this Court declines to dismiss these causes of action, Capital One moves this Court pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for an order requiring Plaintiff to provide a more definite statement of her claims.

DATED: January 29, 2008.

REED SMITH LLP

By____/s/ Veronica Kuiumdjian_____
        Abraham J. Colman
        Felicia Y. Yu
        Veronica Kuiumdjian
        Attorneys for Defendant
        Capital One Bank

REPLY IN SUPPORT OF CAPITAL ONE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071-1514.  On January 29, 2008, I served the following document(s) by the method indicated below:

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CAPITAL ONE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6), OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)**

☒    <u>On the recipients designated on the Transaction Receipt located on the CM/ECF website.</u>

☒    **<u>FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.</u>**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 29, 2008 at Los Angeles, California.

/s/ Davina Bernal
Davina Bernal