1  STEPHEN H. TURNER, SB# 89627
   E-Mail: turner@lbbslaw.com
2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
3  Los Angeles, California 90012
   Telephone: (213) 250-1800
4  Facsimile: (213) 250-7900

5  ROGER S. RAPHAEL, SB #111946
   E-Mail: raphael@lbbslaw.com
6  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   One Sansome Street, Suite 1400
7  San Francisco, California 94104
   Telephone: (415) 362-2580
8  Facsimile: (415) 434-0882

9
   Attorneys for Defendant Patenaude & Felix, APC
10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13

14  EMELIA M. PASTERNAK,                  )  CASE NO. 3:07-cv-04980 MJJ
                                          )
15              Plaintiff,                )  The Hon. Martin J. Jenkins
                                          )
16        v.                              )
                                          )  **PATENAUDE & FELIX, APC'S**
17  TRANS UNION, LLC, EXPERIAN            )  **NOTICE OF MOTION AND**
    INFORMATION SOLUTIONS, INC.,          )  **SPECIAL MOTION TO STRIKE**
18  EQUIFAX INFORMATION                   )  **PLAINTIFF'S FIRST AMENDED**
    SERVICES, LLC, CAPITAL ONE            )  **COMPLAINT PURSUANT TO**
19  BANK, a national association, and     )  **CALIFORNIA CODE OF CIVIL**
    PATENAUDE & FELIX, APC, a law         )  **PROCEDURE SECTION 425.16 AND**
20  firm,                                 )  **MEMORANDUM OF POINTS AND**
                                          )  **AUTHORITIES IN SUPPORT**
21              Defendants.               )  **THEREOF**
    _____       )
22                                           ACTION FILED:    September 26,
                                                              2007
23
                                             TRIAL DATE:      N/A
24
                                             Date:    March 11, 2008
25                                           Time:    9:30 a.m.
                                             Courtroom:  11
26
                                             [Memorandum of Points and Authorities
27                                           and Declaration of Victor Patenaude and
                                             Michael R. Boulanger filed concurrently
28                                           herewith

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4838-6777-2930.1                    -1-
DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 11, 2008, in courtroom 11 of the above entitled court, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Martin J. Jenkins presiding, defendant Patenaude & Felix, APC, ("hereinafter, "Patenaude" or sometimes "Defendant") will and hereby does move this court for an order striking Plaintiff's causes of action for malicious prosecution and California Civil Code section 1798.92 (collectively, "the challenged causes of action") pursuant to California Code of Civil Procedure section 425.16 and entitling Defendant to its reasonable attorney's fees and costs.

This motion is based upon the fact that the challenged causes of action arise from Defendant's free speech and petitioning activity and that Plaintiff cannot establish a probability of prevailing on the challenged causes of action.

This motion is further based upon this notice of motion, the accompanying memorandum of points and authorities, as well as the declarations of Michael R. Boulanger and Victor Patenaude, on all pleadings and papers on file in this mater, on any all matters which this court must or may take judicial notice and upon all evidence and arguments that this court may permit at the hearing of this motion.

DATED:  February 5, 2008          STEPHEN H. TURNER
                                  ROGER S. RAPHAEL
                                  LEWIS BRISBOIS BISGAARD & SMITH LLP


                                  By _____
                                     Stephen H. Turner
                                     Attorneys for Defendant Patenaude & Felix,
                                     APC

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1   STEPHEN H. TURNER, SB# 89627
    E-Mail: turner@lbbslaw.com
2   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    221 North Figueroa Street, Suite 1200
3   Los Angeles, California 90012
    Telephone: (213) 250-1800
4   Facsimile: (213) 250-7900

5   ROGER S. RAPHAEL, SB #111946
    E-Mail: raphael@lbbslaw.com
6   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    One Sansome Street, Suite 1400
7   San Francisco, California 94104
    Telephone: (415) 362-2580
8   Facsimile: (415) 434-0882

9

10  Attorneys for Defendant Patenaude & Felix, APC

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13

14  EMELIA M. PASTERNAK,                    ) CASE NO. 3:07-cv-04980 MJJ
                                            )
15          Plaintiff,                      ) The Hon. Martin J. Jenkins
                                            )
16      v.                                  )
                                            ) **PATENAUDE & FELIX, APC'S**
17  TRANS UNION, LLC, EXPERIAN              ) **MEMORANDUM OF POINTS AND**
    INFORMATION SOLUTIONS, INC.,            ) **AUTHORITIES IN SUPPORT OF**
18  EQUIFAX INFORMATION                     ) **SPECIAL MOTION TO STRIKE**
    SERVICES, LLC, CAPITAL ONE              ) **PLAINTIFF'S FIRST AMENDED**
19  BANK, a national association, and       ) **COMPLAINT**
    PATENAUDE & FELIX, APC, a law           )
20  firm,                                   ) ACTION FILED:      September 26,
                                            )                   2007
21          Defendants.                     )
                                            ) TRIAL DATE:       N/A
22  _____         )
                                              Date:      March 11, 2008
23                                            Time:      9:30 a.m.
                                              Courtroom: 11
24

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1

2

## <u>TABLE OF CONTENTS</u>

3    I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4
     II.   STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
5
           A.   Summary of Underlying Action . . . . . . . . . . . . . . . . . . . . . . . . . 3
6
           B.   Background Of The Underlying Litigation . . . . . . . . . . . . . . . . . 4
7

8    III.  PLAINTIFF'S CAUSE OF ACTION FOR MALICIOUS
           PROSECUTION IS SUBJECT TO THE ANTI-SLAPP MOTION . . . . . . . 5
9
           A.   The anti-SLAPP Statute Generally . . . . . . . . . . . . . . . . . . . . . . . 5
10
           B.   The anti-SLAPP Statute Applies To The Challenged
11                Causes Of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

12               1.   The anti-SLAPP statute by definition applies to
                      Plaintiff's cause of action for malicious prosecution . . . . . . . . . 7
13
                 2.   The anti-SLAPP statute applies to Plaintiff's cause
14                    of action for violation of California Civil Code
                      section 1798.92 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
15
           C.   The Anti-SLAPP Statute Applies In Federal Court . . . . . . . . . . . . . . 8
16

17   IV.   PLAINTIFF CANNOT ESTABLISH A PROBABILITY OF
           PREVAILING ON HER CAUSE OF ACTION FOR MALICIOUS
18         PROSECUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19         A.   Plaintiff's Burden Under the Anti-SLAPP Statute . . . . . . . . . . . . . . . 9

20         B.   Plaintiff Cannot Establish A Probability Of Prevailing As
                 To The Malicious Prosecution Cause Of Action . . . . . . . . . . . . . . . 10
21
                 1.   Plaintiff cannot show that the underlying action was
22                    terminated in her favor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

23               2.   Patenaude Had Probable Cause To Litigate The
                      Underlying Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
24
                      a.   Only the most frivolous of all frivolous suits
25                         subject a plaintiff to malicious prosecution liability . . . . 11

26                    b.   The underlying action was not frivolous so as
                           to subject Patenaude to a claim for malicious
27                         prosecution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

3.    Plaintiff Cannot Show that Patenaude Acted With
Any Malice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

C.    Plaintiff Cannot Show A Probability Of Prevailing As To
Her Cause Of Action For Violation Of Civil Code
Section 1798.92 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

1.    The Litigation Privilege Bars Plaintiff's Cause of Action
For Violation of 1798.92 . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

a.    The litigation privilege is given broad application . . . -15-

b.    The litigation privilege applies to the challenged
causes of action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

2.    Plaintiff's Cause of Action For Violation Of 1798.92 is
preempted by Federal Law . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

3.    Plaintiff failed to provide written notice of the claim
pursuant to California Civil Code section 1798.93 before
filing suit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1

# TABLE OF AUTHORITIES

2

3

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*
(1999) 63 F.Supp.2d 1127 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4

*Lin v. Universal Card Services Corp.*
(D. Cal. 2002) 238 F.Supp.2d 1147 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

5

6

*Riley v. General Motors Acceptance Corp.*
226 F.Supp.2d 1316 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

7

*S.O.G.-Sane Ore-Gardner v. Missouri Pacific R.R. Co.*
(8th Cir. 1981) 658 F.2d 562 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

8

9

*Waswick v. Stutsman County Bank*
(Bkrtch.D.N.D. 1997) 212 B.R. 350 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

10

11

## State Cases

12

*Ampex Corporation v. Cargle*
(2005) 128 Cal.App.4th 1569 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

13

14

*Casa Herrera, Inc. v. Beydoun*
(2004) 32 Cal.4th 336 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15

*Downey Venture v. LMI Insurance Co.*
(1998) 66 Cal.App.4th 478 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

16

17

*Eels v. Rosenblum*
(1995) 36 Cal.App.4th 1848 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18

*Equilon Enterprises, LLC v. Consumer Cause, Inc.*
(2002) 29 Cal.4th 53 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

19

20

*Gallanis-Politis v. Medina*
(2007) 152 Cal.App.4th 600 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21

*Graham v. Ellmore*
(1933) 135 Cal.App. 129 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

22

*Hagberg v. California Federal Bank FSB*
(2004) 32 Cal.4th 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15,16

23

24

*Hunt Trust Estate v. Kiker*
(N.D. 1978) 269 N.W.2d 377 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

25

*Hutton v. Hafif*
(2007) 150 Cal.App.4th 527 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26

27

*Jarrow Formulas, Inc. v. LaMarche*
(2003) 31 Cal.4th 728 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

*Knoell v. Petrovich*
(1999) 76 Cal.App.4th 164 . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Maritimes v. Wedbush Morgan Securities, Inc.*
(1991) 231 Cal.App.3d 1608 . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Martinez v. Metabolife Internat. Inc.*
(2003) 113 Cal.App.4th 181 . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Merlet v. Rizzo*
(1998) 64 Cal.App.4th 53 . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Navellier v. Sletten*
(2002) 29 Cal.4th 82 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Olszewski v. Scripps Health*
(2003) 30 Cal.4th 798 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Pollock v. University of Southern California*
(2003) 112 Cal.App.4th 1416 . . . . . . . . . . . . . . . . . . . . . . . . 16

*Premier Medical Management*
(2006)136, Cal.App.4th 472 . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Robbins v. Blecher*
(1997) 52 Cal.App.4th 886 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Roberts v. Sentry Life Insurance*
(1999) 76 Cal.App.4th 375 . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rusheen v. Cohen*
(2006) 37 Cal.4th 1048 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Sangster v. Paektkau*
(1998) 68 Cal.App.4th . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Shafer v. Berger Kahn*
(2003) 107 Cal.App.4th 54 . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Sheldon Appel Co. v. Albert & Oliker*
(1989) 47 Cal.3d 863 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Silberg v. Anderson*
(1990) 50 Cal.3d 205 . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*StaffPro, Inc. v. Elite Show Services*
(2006) 136 Cal.App.4th 1392 . . . . . . . . . . . . . . . . . . . . . . 10, 11

*State Farm General Insurance Co. v. Majorino*
(2002) 99 Cal.4th 974 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Vanzant v. Daimler-Chrysler Corp.*
(2002) 96 Cal.App.4th 1283 . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Varian Medical Systems, Inc. v. Delfino,*

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

1    35 Cal.4th 180 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2    *Wilbanks v. Wolk*
     (2004) 121 Cal.App.4th 883 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
3
     *Wilcox v. Superior Court*
4    (1994) 27 Cal.App.4th 809 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5    *Wilson v. Parker, et. al.*
     (2002) 28 Cal.4th 811 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
6
     *Wilton v. Mountain Wood Homeowners Association, Inc.*
7    (1993) 18 Cal.App.4th 565 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

8
     **Federal Statutes**
9
     15 U.S.C. § 1681t(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
10
     **State Statutes**
11
     Cal. Civ. Code § 47(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
12
     Cal. Civ. Code 1798.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
13
     Cal. Civ. Proc §425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7, 9
14
     Cal. Civ. Code §§ 1798.92 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8
15
     Cal. Civ. Code section 1798.93 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Plaintiff's causes of action for malicious prosecution and Violation of

4    California's Identity Theft Statute (Cal. Civ. Code 1798.2) fall within the purview of

5    California's anti-SLAPP statute (Cal. Code Civ. Proc §425.16) because each are

6    based upon defendant Patenaude & Felix's ("Patenaude" or sometimes "Defendant")

7    rights of free speech and petitioning as guaranteed by the California Constitution.

8    Indeed, the basis of each cause of action is an allegation that Patenaude wrongly

9    prosecuted an underlying lawsuit for common counts against Plaintiff Emelia

10   Pasternak ("Plaintiff").

11   Because the challenged causes of action are protected by the anti-SLAPP

12   statute, Plaintiff has the burden of showing a probability of prevailing on each cause

13   of action. Plaintiff, however, cannot meet her burden with respect to either cause of

14   action. The malicious prosecution cause of action fails because the underlying action

15   was not favorably terminated, because Patenaude had probable cause to maintain the

16   action and there is no evidence that Patenuade acted with malice. Similarly,

17   Plaintiff's cause of action for violation of California's Identity Fraud Statute fails

18   because it is preempted, barred by California's litigation privilege and because

19   Plaintiff failed to provide the necessary police report or affidavit prior to filing suit.

20   Accordingly, Patenaude submits that the instant motion should be granted and

21   the challenged causes of action stricken from Plaintiff's complaint. Additionally, the

22   court should enter an order entitling Patenuade to its reasonable attorney's fees and

23   costs.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## II.    STATEMENT OF THE FACTS

### A.    Summary of Underlying Action

The instant action arises from defendant Capital One Bank's ("Capital One") attempt to collect a debt allegedly owed by Plaintiff.[1]  Plaintiff, who claims to have been the victim of identity theft, refused to pay the debt.  Accordingly, on March 27, 2007, Capital One retained Patenaude to institute collection activity.  (Declaration of Victor Patenaude, ¶ 2.)  As part of its collection activity, on March 27, 2007, Patenaude sent its initial correspondence to Plaintiff, advising her that Patenaude was retained in order to collect Plaintiff's debt to Capital One and that Plaintiff's continuing failure to pay the debt might result in a lawsuit and judgment against Plaintiff. (Declaration of Victor Patenaude, ¶¶ 3, 4, Exhibit 1.)

Plaintiff ignored the March 27, 2007, letter as well as several telephone messages and voicemail recordings requesting her payment of the debt.  (Declaration of Victor Patenaude, ¶4.)  On May 3, 2007,  Plaintiff sent a letter to Patenaude. referencing the debt and stating that she had been the victim of identity fraud. (Declaration of Victor Patenaude, ¶5, Exhibit 2.)  In essence, the letter asked Patenaude to cease communication with her and advised Patenaude that she had retained an attorney.  (*Ibid.*)  Plaintiff's May 3, 2007, letter did not include any evidence that Plaintiff had filed a police report, or competled an Affidavit of identity theft. (*Id.*)  In fact, there was no evidence to substantiate the claims made in Plaintiff's May 3, 2007, letter whatsoever. (Id. at ¶5, 6.)

Moreover, Plaintiff's May 3, 2007, letter was highly suspicious for various reasons.  Firstly, Patenaude had given Plaintiff various opportunities to respond to telephone calls and messages and dispute the debt.  Plaintiff had refused for over a month. (*Id.* at ¶¶5, 6.)  Moreover, the letter contained various gross misrepresentations of fact.  Plaintiff's letter stated, "My father has told your

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

---

[1]Plaintiff's debt to Capital One, is sometimes referred to herein as "the debt".

DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

1 associates who call his house that I no longer reside there and to stop calling. We

2 have asked you to stop but you ignore our pleas."

3       However, Patenaude had no record of having any of its associates speak with

4 Plaintiff or her father. (Declaration of Victor Patenaude ¶¶ 7, 8.) To that end,

5 Patenaude maintains detailed records of every communication or attempted

6 communication that it had with Plaintiff. (*Id.* at ¶8.) The records were maintained in

7 a computer database in the regular course of business. (*Ibid.*) In direct contradiction

8 to Plaintiff's letter, Patenaude's records showed no direct communication with

9 Plaintiff or her father. (*Ibid.*)

10

11     **B.**    **Background Of The Underlying Litigation**

12       After receiving Plaintiff's May 3, 2007, letter, Patenaude undertook to

13 investigate the fraud allegations made by Plaintiff. After reviewing the file, and

14 finding no substantiation for Plaintiff's claim, on May 21, 2007, Patenaude filed suit.

15 (Declaration of Victor Patenaude ¶9, 10, Exhibit 3.) The lawsuit was filed in part

16 because Patenaude was told to stop contacting Plaintiff regarding her debt. The

17 lawsuit was filed in Contra Costa County limited jurisdiction on behalf of Capital

18 One. (*Ibid.*) In the underlying lawsuit, entitled, <u>Capital One Bank v. Emmy</u>

19 <u>Pasternak</u>, Case Number 07-03088, ("the underlying action") Patenaude alleged a

20 single cause of action for common counts which was grounded in an allegation that

21 Plaintiff had failed to pay her credit card debt and owed $17,464.21 plus interest to

22 Capital One. (*Ibid.*)

23       Additionally, on June 14, 2007, Patenaude contacted Plaintiff's counsel in an

24 attempt to verify her allegation that she was the victim of identity fraud.

25 (Declaration of Michael R. Boulanger, ¶¶ 2-5, Exhibit "A".) Patenaude requested

26 that Plaintiff provide a copy of police report and competed Affidavit of Identity

27 Theft. (*Ibid.*) The lawsuit was placed on hold pending Plaintiff's counsel's response.

28 Plaintiff's counsel refused to provide the aforementioned documents. On

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  approximately September 26, 2007, Plaintiff's counsel once again refused to provide

2  the documents, this time claiming that the information requested could be recovered

3  through formal discovery. (Declaration of Victor Patenaude, ¶12.) To date,

4  Patenaude has never received evidence of identity fraud. (*Ibid.*)

5      On September 24, 2007, Plaintiff answered Patenaude's complaint. (*Id.* at ¶13,

6  Exhibit 4.) On that same day a cross-complaint was forwarded to Patenaude's office.

7  (*Id.* at ¶14, Exhibit 5.) The cross-complaint alleged that Patenaude and its client

8  Capital One had violated California Civil Code §§ 1798.92 as a result of its debt

9  collection practices. Plaintiff's cross-complaint against Patenaude was never

10  properly filed.

11      In early October 2007, Plaintiff propounded form interrogatories, requests for

12  production of documents and special interrogatories on Patenaude. (Declaration of

13  Victor Patenaude,¶15.) Additionally, on approximately October 15, 2007, the case

14  was transferred to San Francisco Superior court.

15      After many months of prosecuting the underlying action, Capital One and

16  Patenaude made a business decision to dismiss the underlying action. (Declaration

17  of Victor Patenaude¶16, 17, Declaration of Michael R. Boulanger, ¶5.) Both Capital

18  One and Patenaude realized that the expenses of prosecuting the action would be

19  outweighed by the benefits realized. Accordingly, On October 19, 2007, Captial One

20  dismissed the underlying action with prejudice.

21

22  **III.   PLAINTIFF'S CAUSE OF ACTION FOR MALICIOUS**

23        **PROSECUTION IS SUBJECT TO THE ANTI-SLAPP MOTION**

24      **A.   The anti-SLAPP Statute Generally**

25      In 1992, the California Legislature enacted the anti-SLAPP statute in order to

26  combat increasing use of lawsuits designed to chill "a party's constitutional right of

27  petition". (*State Farm General Ins. Co. v. Majorino* (2002) 99 Cal.4th 974, 975.)

28  Commonly, "SLAPP suits are brought to obtain economic advantage over the

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

1    defendant, not to vindicate a legally cognizable right of the Plaintiff." (*Id.* at 1126,

2    citing *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 815-816.)

3        The elements for a special motion to strike under section 425.16 are set out as

4    follows:

5            (b)(1) A cause of action against a person arising from any
             act of that person in furtherance of the person's right of
6            petition or free speech under the United States or California
             Constitution in connection with a public issue shall be
7            subject to a special motion to strike, unless the court
             determines that the plaintiff has established that there is a
8            probability that the plaintiff will prevail on the claim.

9            (2) In making its determination, the court shall consider the
             pleadings, and supporting and opposing affidavits stating
10           the facts upon which the liability or defense is based.

11           (3) If the court determines that the plaintiff has established
             a probability that he or she will prevail on the claim, neither
12           that determination nor the fact of the determination shall be
             admissible in evidence at any later stage of the case, or in
13           any subsequent action, and no burden of proof or degree of
             proof otherwise applicable shall be effected by that
14           determination in any later stage of the case or in any
             subsequent proceeding.

15   (*Id.*)

16       The Legislature provided a precise definition of the types of activities

17   protected by the anti-SLAPP statute. The very first category of protected activity

18   includes, "any written or oral statement made before a legislative, executive, or

19   judicial proceeding, or any other official proceeding authorized by law." (Cal. Code

20   Civ. Proc . §425.16(e)(1).)

21       Moreover, section 425.16 was amended in January 1997 to prevent conflicting

22   interpretations of the statute issued by the appellate courts. The Legislature stated

23   that henceforth the statute "**shall be construed broadly** ." (C.C.P. §425.16(a)

24   emphasis added; See also *Wilbanks v. Wolk* (2004) 121 Cal. App.4th 883, 894

25   "although enacted in response to SLAPP litigation, [425.16] is to be broadly

26   interpreted".)

27   / / /

28   / / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

**B.    The anti-SLAPP Statute Applies To The Challenged Causes Of Action**

When a special motion to strike is filed, the trial court must consider two components. "First, the moving party has the initial burden of establishing a prima facie case that the Plaintiff's cause of action arose out of the defendant's actions in the furtherance of the rights of petition or free speech." (*Hutton v. Hafif* (2007) 150 Cal.App.4th 527, 537.) "A defendant meets this burden by demonstrating that the act underlying the Plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88. See also, *Equilon Enterprises, LLC v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53, 61.)

Cal. Code Civ. Proc . §425.16(e)(1) specifically provides that the anti-SLAPP statute applies to, "any written or oral statement made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law."

**1.    The anti-SLAPP statute by definition applies to Plaintiff's cause of action for malicious prosecution**

The appellate courts have uniformly held that the anti-SLAPP statute "by definition" applies to claims for malicious prosecution. (See Jarrow *Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734-735).

**2.    The anti-SLAPP statute applies to Plaintiff's cause of action for violation of California Civil Code section 1798.92**

In the recent case of *Gallanis-Politis v. Medina* (2007) 152 Cal.App.4th 600, the court explained: "The published appellate cases conclude that, where a cause of action alleges both protected and unprotected activity, the cause of action will be subject to 425.16 'unless the protected conduct is merely incidental to the unprotected conduct.'" (*Id.*)

The gravamen test was explained in *Martinez v. Metabolife Internat. Inc.* (2003) 113 Cal.App.4th 181, 188.  There, the Court explained announced that the gravamen test was the proper way of determining whether a cause of action arose out

of activity protected by the anti-SLAPP statute.  The *Metabolife* court held:

> We conclude it is the principal thrust or gravamen of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies (*Cotati, supra*, 29 Cal.4th at p. 79, 124 Cal.Rptr.2d 519, 52 P.3d 695), and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute.

(*Id.*)

Here, Plaintiff's cause of action for violation of California Civil Code section 1798.92 essentially alleges that Patenaude is liable because it filed a lawsuit to collect a debt that was not owed because it was incurred as the result of identity fraud.  The gravamen of plaintiff's cause of action for damages is the filing of a lawsuit.  Accordingly, the cause of action stems from litigation activity and the anti-SLAPP motion applies.

**C.    The Anti-SLAPP Statute Applies In Federal Court**

The court in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.* (1999) 63 F.Supp.2d 1127, considered whether the anti-SLAPP statute applied in federal court.  In holding that the anti-SLAPP statute was applicable to claims in federal court, the court found:

> With respect to the applicability of the anti-SLAPP statute to claims filed in federal court, the Court turns to a recent decision from the Ninth Circuit, *United States v. Lockheed Missiles and Space Co., Inc.*, 171 F.3d 1208 (9th Cir.1999), in which the Ninth Circuit held that the statute was applicable to state law counterclaims asserted in a federal diversity action.  The Court concluded that application of the statute to such claims would not result in a 'direct collision' with the Federal Rules.  The Court went on to perform an *Erie* analysis, concluding that important substantive state interests are furthered by the anti-SLAPP statute, that no identifiable federal interest would be undermined by applying the anti-SLAPP statute in diversity actions. . .
> The *Erie* doctrine applies to pendent state law claims to the same extent it applies to state law claims before a federal court on the basis of diversity jurisdiction. *See Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir.1997).  Accordingly, it appears that under the *Erie* analysis set forth in *Lockheed* the anti-SLAPP

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

statute may be applied to state law claims which, as in this case, are asserted pendent to federal question claims.

(*Id.* at 1129-1130.)

Because Patenaude has brought the instant special motion to strike only as to certain state law claims contained within plaintiffs' complaint, the anti-SLAPP statute is clearly applicable.

## IV. PLAINTIFF CANNOT ESTABLISH A PROBABILITY OF PREVAILING ON HER CAUSE OF ACTION FOR MALICIOUS PROSECUTION

### A. Plaintiff's Burden Under the Anti-SLAPP Statute

Once the court finds that the defendant has made the threshold showing, it determines whether plaintiff can demonstrate a probability of prevailing on the claim. (*Varian Medical Systems, Inc. v. Delfino* 35 Cal.4th 180, 192.)

> In order to establish a probability of prevailing on the claim (Code Civ. Proc., § 425.16, subd. (b)(1)), a plaintiff responding to an anti-SLAPP motion must ' "state [ ] and substantiate[ ] a legally sufficient claim." ' Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'

(*Id.* (internal citations omitted).)

In opposing an anti-SLAPP motion, "the plaintiff cannot rely on allegations in the complaint, **but must bring forth evidence that would be admissible at trial**." (*Ampex Corporation v. Cargle* (2005) 128 Cal.App.4th 1569, 1576 (emphasis added).) Moreover, a defendant may assert any available affirmative defenses in a special motion to strike. (*Premier Medical Management* (2006)136 Cal.App.4th 472, 477.) For example, in *Premier* the Appellate Court overturned the trial court's denial of defendant's anti-SLAPP motion, holding instead that defendant's reliance on the *Noerr-Pennington* doctrine barred all of the plaintiff's complaint. (*Ibid.*)

1    Thus, there is no question that the burden of establishing a probability of

2  prevailing lies squarely on plaintiffs' shoulders.  In filing this motion, Defendant has

3  put the burden on Plaintiff to establish each element of its causes of action for

4  malicious prosecution and Violation of California Civil Code section 1798.92.

5  Defendant reserves the right to oppose the evidence submitted by plaintiffs in its

6  reply brief.   However, regardless of plaintiffs' evidence, Defendant submits that

7  plaintiff cannot meet her burden for the following reasons.

8

9    **B.**    **Plaintiff Cannot Establish A Probability Of Prevailing As To The**

10   **Malicious Prosecution Cause Of Action**

11    **1.**    **Plaintiff cannot show that the underlying action was**

12    **terminated in her favor**

13    A defendant is not permitted to bring suit against a former plaintiff or his

14  attorneys for malicious prosecution until the underlying action against him has been

15  favorably terminated, i.e., finally disposed of in a way that clearly establishes the

16  defendant's "innocence" or lack of liability on the merits in the suit brought against

17  him. (*Casa Herrera, Inc. v. Beydoun*, (2004) 32 Cal.4th 336, 341-342.)  The key

18  inquiry is whether the termination reflects on the underlying defendant's innocence.

19  If the resolution of the underlying litigation leaves some doubt as to the defendant's

20  innocence or liability, it is not a favorable termination. (*StaffPro, Inc. v. Elite Show*

21  *Services,* (2006) 136 Cal.App.4th 1392, 1399-1400; *Eels v. Rosenblum* (1995) 36

22  Cal.App.4th 1848, 1855.)

23    Moreover, the mere filing of a voluntary dismissal by a plaintiff in the

24  underlying action does not amount to a favorable termination finding on its own. The

25  reasons for the dismissal must be examined to determine whether the termination

26  reflected on the merits. (*Robbins v. Blecher* (1997) 52 Cal.App.4th 886, 893.)

27    In this action, therefore, for Plaintiff to establish a probability of prevailing,

28  she must show that the dismissal of the underlying action reflects on her innocence.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  If the resolution of the underlying action leave any doubt concerning plaintiff's

2  innocence or liability, it is not a favorable termination. (*StaffPro, Inc., supra*, 136

3  Cal.App.4th at pp. 1399-1400.) The reason for this rule is the disfavored nature of a

4  malicious prosecution action. Malicious prosecution is a disfavored action because

5  of the potential chilling effect it may have on the ordinary citizen's willingness to

6  report criminal conduct or to bring a civil dispute to the court for the resolution of

7  conflicts or the redress of grievance. In California, litigants have the right to present

8  issues that are arguably correct even if it is extremely unlikely they will win.

9  (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871.)

10      Here, that Patenaude dismissed the action for common counts against Plaintiff

11  provides no evidence whatsoever of her potential liability. The decision not to

12  continue to prosecute the underlying action can best be characterized as a business

13  decision. In the time since Capital One had filed the action, Plaintiff had done

14  nothing to show Patenaude or Capital One that she was in fact the victim of identity

15  fraud or did not actually owe the debt. Indeed, Patenaude asked Plaintiff's attorney

16  for a copy of the police report or Affidavit attesting to the identity fraud and none

17  was forthcoming.

18      Accordingly, because Plaintiff cannot show that the dismissal of the

19  underlying action was a termination on the merits, Plaintiff cannot establish her

20  burden with respect to the anti-SLAPP motion. Accordingly, the instant motion

21  should be granted.

22          **2.    Patenaude Had Probable Cause To Litigate The Underlying**

23                  **Action**

24              **a.    Only the most frivolous of all frivolous suits subject a**

25                      **plaintiff to malicious prosecution liability**

26      The existence or absence of probable cause for bringing the prior action is a

27  question of law to be determined by the Court based on an objective standard. "A

28  plaintiff has probable cause to bring a civil suit if the claim is legally tenable. This

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    issue is considered objectively, without regard to the mental state of the plaintiff or

2    counsel; and *the trial court determines as a question of law whether probable cause*

3    *exists.*" (*Vanzant v. Daimler-Chrysler Corp.* (2002) 96 Cal.App.4th 1283,

4    1289-90). The probable cause element particularly lends itself to resolution by way

5    of motion to dismiss because it is a question of <u>law</u> for the <u>Court</u>.

6          As the Supreme Court recently held in *Wilson v. Parker, et. al.* (2002) 28

7    Cal.4th 811, 822, there is an ***extremely low threshold for a finding of probable***

8    ***cause.***

9          A litigant or attorney who possesses competent evidence to
10    substantiate a legally cognizable claim for relief does not
      act tortuously by bringing the claim, ***even if also aware of***
11    ***evidence that will weigh against the claim.*** Plaintiffs and
      their attorneys are not required, on penalty of tort liability,
12    to attempt to predict how a trier of fact will weigh the
      competing evidence, or to abandon their claim if they think
13    it likely the evidence will ultimately weigh against them.
      ***They have the right to bring a claim they think <u>unlikely to</u>***
14    ***<u>succeed</u>, so long as it is <u>arguably meritorious</u>.***

15    (*Id.* at 822, emphasis added. See also, *Sangster v. Paektkau* (1998) 68 Cal.App.4th

16    151, 165.)

17          In making its determination whether the prior action was
      legally tenable, the trial court must construe the allegations
18    of the underlying complaint liberally in a light most
      favorable to the malicious prosecution defendant. . . . ***If***
19    ***any reasonable attorney would have thought the claim***
      ***made in the prior action tenable, then it is not lacking in***
20    ***probable cause and the defendant is entitled to judgment***
      ***in the malicious prosecution*** action regardless of what the
21    defendant's subjective belief or intent may have been.
      (Emphasis added.)
22

23    "In our system litigants have the right to present issues that are arguably

24    correct even if it is extremely unlikely they will win." (*Id.* at 164). See also, *Roberts*

25    *v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375, 382, in which the appellate

26    court held:

27          ***Probable cause may be present even where a suit lacks***
      ***merit*** .... Reasonable lawyers can differ, some seeing as
28    meritless suits which others believe have merit, and some

4838-6777-2930.1                                -12-
DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

1    seeing as "totally and completely" without merit suits
     which others see as only marginally meritless. *Suits which*
2    *all reasonable lawyers agree totally lack merit* – that is,
     those which lack probable cause – *are the least*
3    *meritorious of all meritless suits. Only this subgroup of*
     *meritless suits present no probable cause.* (Emphasis
4    added, citations omitted.)

5       In order for the Court to make a finding of no probable cause, it must therefore

6    find that the underlying lawsuit was the ***most frivolous*** of all frivolous lawsuits.

7                    **b.    The underlying action was not frivolous so as to subject**

8                           **Patenaude to a claim for malicious prosecution**

9       The underlying action alleged a single cause of action for common counts

10   against Plaintiff Emily Pasternak. The cause of action, in essence alleged that a

11   credit card in Ms. Pasternak's name had been opened with Capital One Bank, that

12   approximately $17,000 had been charged to the account and that no payments had

13   been made. Each of these allegations were true and supported by substantial

14   evidence.

15      Moreover, prior to filing suit, Patenaude had attempted to contact Plaitniff on

16   various occasions in order to obtain payment for the outstanding balance on the

17   credit card. Plaintiff made no effort to respond to clarify debt was not owed. In fact,

18   the only correspondence received by Patenaude prior to filing suit on May 21, 2007,

19   was Plaintiff's May 3, 2007, letter. As described above, Plaintiff's letter was mired

20   in inaccuracies and wholly unbelievable.

21      Finally, after filing suit, Patenaude gave Plaintiff another opportunity to show

22   that she was in fact the victim of identity theft. Patenaude attempted to obtain from

23   Plaintiff's attorney a copy of the alleged police report she filed or affidavit of

24   identity fraud. Plaintiff refused to voluntarily provide that documentation, providing

25   further evidence that she was in fact not being truthful.

26      That Plaintiff may argue that she communicated with Capital One on various

27   occasions or provided Capital One documentation is wholly irrelevant to this

28   inquiry. To be sure, it is a settled principle that an agent cannot be imputed with

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4838-6777-2930.1

-13-

1  knowledge of information known to its principal. (*Waswick v. Stutsman County*

2  *Bank* (Bkrtch.D.N.D. 1997) 212 B.R. 350, 353 (citing *S.O.G.-Sane Ore-Gardner v.*

3  *Missouri Pacific R.R. Co.* (8th Cir. 1981) 658 F.2d 562, 567; *Hunt Trust Estate v.*

4  *Kiker* (N.D. 1978) 269 N.W.2d 377, 382).)

5      Indeed, an agent cannot even be held liable for fraud, when the agent is acting

6  at its principal's direction. (*Mars v. Wedbush Morgan Securities, Inc.* (1991) 231

7  Cal.App.3d 1608, 1616.) An agent may reasonably believe in statements made by

8  their principals. Thus, an agent who has innocently acted on the principal's

9  statements cannot be liable for fraud without an independent reason for doubting the

10  statement in question. (See, *Graham v. Ellmore* (1933) 135 Cal.App. 129, 132-133.)

11      Accordingly, because Patenaude had ample probable cause to litigate the

12  underlying action, the instant motion should be granted.

**3.    Plaintiff Cannot Show that Patenaude Acted With Any Malice**

14      In order to establish a claim for malicious prosecution, plaintiff must prove

15  malice, in addition to a favorable termination on the merits and the lack of probable

16  cause. (See, *Grindle v. Lorbeer* (1987) 196 Cal.App.3d 1461, 1465 [trial court

17  properly granted summary judgment for attorney defendant in malicious prosecution

18  action where plaintiff failed to satisfy "heavy burden of proving malice in fact."].)

19      Malice cannot be established simply by arguing the absence of probable cause

20  because malice is based on a subjective test, whereas the test for probable cause

21  (following *Sheldon Appel, supra*) is purely objective. "Merely because the prior

22  action lacked legal tenability, as measured objectively . . . without more, would not

23  logically or reasonably permit the inference that such lack of probable cause was

24  accompanied by the actor's subjective malicious state of mind. In other words, the

25  presence of malice must be established by other, additional evidence." (*Downey*

26  *Venture v. LMI Ins. Co.* (1998) 66 Cal.App.4th 478, 498.)

27      In *Jarrow, supra*, the malicious prosecution plaintiff attempted to establish

28  malice by arguing that there was no probable cause for the underlying claim. The

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4838-6777-2930.1

-14-

1  Supreme Court held, however, that lack of probable cause cannot establish malice

2  because probable cause is based on an objective standard, whereas malice is based

3  on a subjective standard.  Consequently, the Supreme Court held that the trial court

4  committed reversible error by failing to grant defendant's SLAPP motion.

5

6      Merely because the prior action lacked legal tenability, as

7      measured objectively ... without more, would not logically
       or reasonably permit the inference that such lack of
       probable cause was accompanied by the actor's subjective

8      malicious state of mind. (Citations.)

9  (Id. *at* 743, (emphasis added.).)

10      Here, Plaintiff can bring forth no evidence that Patenaude had any ill-will or

11  open hostility toward Plaintiff.  Indeed, as described in the declarations of Victor

12  Patenaudea and Michael Boulanger, Esq., Patenaude was simply representing a client

13  who had a legitimate claim.

14

15  **C.**    **Plaintiff Cannot Show A Probability Of Prevailing As To Her**

16      **Cause Of Action For Violation Of Civil Code Section 1798.92**

17  **1.**    **The Litigation Privilege Bars Plaintiff's Cause of Action For**

18      **Violation of 1798.92**

19      **(a)**    **The litigation privilege is given broad application**

20      A publication or broadcast made in any judicial proceeding is absolutely

21  privileged according to California law.  (Cal. Civ. Code § 47(b)(2)).  This "litigation

22  privilege" affords litigants and witnesses unfettered access to the court without fear

23  of being harassed by derivative tort actions.  (*Silberg v. Anderson* (1990) 50 Cal.3d

24  205.)  Although originally enacted with reference to defamation, the privilege is now

25  held applicable to any communication, whether or not it amounts to publication, **and**

26  **to all torts except malicious prosecution.**  (*Id.* at p. 212, emphasis added; See also,

27  *Hagberg v. California Federal Bank FSB* (2004) 32 Cal.4th 39.)

28      In *Silberg , supra*, 50 Cal.3d 205, 212, the Supreme Court set forth a four-part

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

1  test for determining whether a particular communication falls within the § 47(b)(2)

2  privilege. The court held that the privilege applies so long as the act was: (1) made

3  in judicial or quasi-judicial proceedings; (2) by litigants or other participants

4  authorized by law; (3) to achieve the objects of the litigation; and (4) has some

5  connection or logical relation to the action.

6      In light of its necessary function, the litigation privilege has been given broad

7  application. Indeed, in *Pollock v. University of Southern California* (2003) 112

8  Cal.App.4th 1416, 1430, the appellate court held that a party's perjurious declaration

9  and personal e-mails were within the scope of the litigation privilege because they

10 related to potential and actual litigation, despite Plaintiff's contention that both

11 communications qualified as tortious conduct. Similarly, in *Hagberg v. California*

12 *Federal Bank FSB* (2004) 32 Cal.4th 39, the Supreme Court held that a bank

13 employee's statements to the police regarding a customer's possession of an alleged

14 counterfeit check were absolutely privileged.

15     Other privileged communications include the filing of a motion for a writ of

16 sale (*Merlet v. Rizzo* (1998) 64 Cal.App.4th 53) and the filing of assessment liens.

17 (*Wilton v. Mountain Wood Homeowners Assn., Inc.* (1993) 18 Cal.App.4th 565,

18 568-71; see also, *Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 832 (the

19 assertion of liens as authorized by validly enacted California statutes is shielded by

20 the litigation privilege.) Finally, "[b]ecause the privilege applies without regard to

21 malice or evil motives, it has been characterized as 'absolute.'" (*Shafer v. Berger*

22 *Kahn* (2003) 107 Cal.App.4th 54.)

23     **b.    The litigation privilege applies to the challenged causes**

24         **of action**

25     The litigation privilege applies as against all torts, except malicious

26 prosecution. *(Silberg v. Anderson* (1990) 50 Cal.3d 205.)  Recently, the Supreme

27 Court upheld the granting of an anti-SLAPP motion to a cause of action for abuse of

28 process citing the litigation privilege. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048.)

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  In *Rusheen*, the underlying court found the defendant to be a vexatious litigant and a

2  default judgment was entered against him. When the Plaintiff began executing on

3  the judgment, the defendant filed a cross-complaint against Plaintiff's attorney,

4  alleging abuse of process. (*Id.*) The *Rusheen* court held that an attorney's actions,

5  on which the abuse of process action was based, were protected by the litigation

6  privilege, and thus the action was properly struck as a SLAPP suit. Since the

7  gravamen of the action was the attorney's procurement of the underlying default

8  judgment against the Plaintiff through privileged communicative acts, the litigation

9  privilege extended to the attorney's non-communicative acts enforcing the default

10  judgment, including not only filing the writ of execution, but also the act of levying

11  on Plaintiff's property. (*Rusheen, supra*, at 1061.)

12       In *Knoell v. Petrovich* (1999) 76 Cal.App.4th 164, the Court of Appeal

13  affirmed the sustaining of a demurrer based on the litigation privilege to causes of

14  action for defamation, interference with contractual relations, and interference with

15  prospective business advantage.

16       Here, Plaintiff's cause of action relates directly to the filing and maintaining of

17  an underlying collection action. The filing and maintenance of that action, as well as

18  the letter which were sent in anticipation of its filing are privileged as a matter of

19  law.

20       **2.    Plaintiff's Cause of Action For Violation Of 1798.92 is**

21              **preempted by Federal Law**

22       The Federal Fair Credit Reporting Act ("FCRA" [15 U.S.C. 1681]) establishes

23  standards for the collection, communication and use of consumer information for

24  business purposes. Through the FCRA, Congress has elected to establish a scheme of

25  uniform requirements regulating the use, collection and sharing of consumer credit

26  information. In order to maintain this uniformity, Congress included express

27  preemption clauses in the FCRA. Specifically, the FCRA provides as follows:

28

4838-6777-2930.1

-17-

DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply with respect to section 1785.25(a) of the California Civil Code ....

On its face, the FCRA precludes all state statutory or common law causes of action that would impose any "requirement or prohibition" on the furnishers of credit information. Clearly, section 1798.92 provides restrictions on the furnishers of credit information.

Moreover, the district courts have routinely held that the FCRA preempts state consumer statutes. (See, *Roybal v. Equifax* (E.D.Cal.,2005) 405 F.Supp.2d 1177,1182 ["California Civil Code section 1785.25(a) does not itself provide for a private right of action. Rather, the language which affords consumers a private right of action is found in California Civil Code sections 1785.25(g) and 1785.31. Since only section 1785.25(a) is excepted from preemption but not sections 1785.25(g) or 1785.31, the Court finds that no private right of action exists under section 1785.25(a)."] See, also, *Lin v. Universal Card Servs. Corp.*, 238 F.Supp.2d 1147, 1152 (D.Cal.2002).)

Similarly, *Howard v. Blue Ridge Bank* (N.D. Cal., 2005) 371 F.Supp.2d 1139, 1144 explained that:

> The plain meaning of section 1681t(b)(1)(F) that "[n]o requirement or prohibition may be imposed under the laws of any State (1) with respect to the subject matter regulated under ... (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies"-expresses Congress's intent to preclude state law claims against furnishers of information, and instead to subject them solely to the FCRA. See 15 U.S.C. § 1681t(b)(1)(F). Several courts have reached this same conclusion. See, e.g., *Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356, 361-62 (E.D.Pa.2001) ("it is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies' "); *Hasvold v. First USA Bank*, 194 F.Supp.2d 1228, 1239 (D.Wyo.2002) ("federal law under the FCRA preempts

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1   plaintiff's claims [for defamation and invasion of privacy] against the defendant relating to it as a furnisher of

2   information"); *Riley v. General Motors Acceptance Corp.*,

3   226 F.Supp.2d 1316, 1322 (S.D.Ala.2002) (finding preemption of state tort claims for negligence, defamation,

4   invasion of privacy and outrage, and acknowledging that "there is no question that the statutory prohibition

5   precludes suits under state consumer protection laws").

6   Here, Plaintiff's claim relates to an issue with is specifically dealt with under

7   the FCRA. Accordingly, it is preempted as a matter of law.

8   **3.   Plaintiff failed to provide written notice of the claim pursuant**

9   **to California Civil Code section 1798.93 before filing suit**

10   California Civil Code section 1798.93(5) provides, that a victim of identity

11   fraud must provide the following in order to make a claim under the statute.

12   In order to recover actual damages or attorney's fees in an action or cross-complaint filed by a person alleging that he

13   or she is a victim of identity theft, **the person shall show**

14   **that he or she provided written notice to the claimant that a situation of identity theft might exist, including,**

15   **upon written request of the claimant, a valid copy of the police report or the Department of Motor Vehicles**

16   **investigative report promptly filed pursuant to Section 530.5 of the Penal Code at least 30 days prior to his or**

17   **her filing of the action,** or within his or her cross-complaint pursuant to this section.

18   Here, Patenaude asked Plaintiff and her counsel for a copy of the police report

19   which was procured with respect to her identity fraud situation. Such a report was

20   never provided to Patenaude. Accordingly, Plaintiff cannot recover under her claim

21   as a matter of law.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    **V.    CONCLUSION**

2        For all of the foregoing reasons, Defendant respectfully urges this court to

3    grant the instant motion and award Defendant its attorney's fees and costs of suit

4    herein.

5

6    DATED:  February 5, 2008       STEPHEN H. TURNER

7                               ROGER S. RAPHAEL
                           LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9                             By

10                              Stephen H. Turner

11                              Attorneys for Defendant Patenaude & Felix,
                           APC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1

## CERTIFICATE OF SERVICE

2

3    I certify that on the 6th day of February, 2008, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4

5    Andrew J. Ogilvie, Esq.
Attorney for Plaintiff Emelia M. Pasternak

6

7    Thomas P. Quinn, Esq.
Attorney for Defendant Equifax

8

9    Donald E. Bradley, Esq.
Attorney for Defendant Trans Union

10

11    David L. Wallach, Esq.
Attorney for Defendant Experian

12

13    Veronica Kuiumdjian, Esq.
Attorney for Defendant Capital One Bank

14

15    By:    /s/ Stephen H. Turner

16

17

18

19

20

21

22

23

24

25

26

27

28

4838-6777-2930.1

1  STEPHEN H. TURNER, SB# 89627
   E-Mail: turner@lbbslaw.com
2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
3  Los Angeles, California 90012
   Telephone: (213) 250-1800
4  Facsimile: (213) 250-7900

5  ROGER S. RAPHAEL, SB #111946
   E-Mail: raphael@lbbslaw.com
6  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   One Sansome Street, Suite 1400
7  San Francisco, California 94104
   Telephone: (415) 362-2580
8  Facsimile: (415) 434-0882

9
   Attorneys for Defendant Patenaude & Felix, APC
10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14  EMELIA M. PASTERNAK,                    ) CASE NO. 3:07-cv-04980-MJJ
                                            )
15          Plaintiff,                      ) The Hon. Martin J. Jenkins
                                            )
16      v.                                  )
                                            )
17  TRANS UNION, LLC, EXPERIAN              ) **DECLARATION OF MICHAEL R.**
    INFORMATION SOLUTIONS, INC.,            ) **BOULANGER IN SUPPORT OF**
18  EQUIFAX INFORMATION                     ) **DEFENDANT'S SPECIAL MOTION**
    SERVICES, LLC, CAPITAL ONE              ) **TO STRIKE PLAINTIFF'S FIRST**
19  BANK, a national association, and       ) **AMENDED COMPLAINT**
    PATENAUDE & FELIX, APC, a law           )
20  firm,                                   ) ACTION FILED:    September 26,
                                            )                 2007
21          Defendants.                     )
                                            ) TRIAL DATE:      N/A
22  ──────────────────────────────         )
                                              Date:      March 11, 2008
23                                            Time:      9:30 a.m.
                                              Courtroom: 11
24

25  I, MICHAEL R. BOULANGER, do hereby declare as follows:

26      1.  I am an attorney duly licensed to practice law before all courts of the State

27  of California. I am an associate at the law firm of Patenaude & Felix APC,

28  ("Patenaude") a defendant in this action. I make the following declaration of my

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  own personal knowledge, and if called as a witness could and would competently

2  testify thereto.

3      2.    On approximately June 14, 2007, I sent a letter to Plaintiff's counsel

4  Jeremy Pasternak. A true and correct copy of My June 14, 2007, letter is attached

5  hereto as Exhibit "A".

6      3.    My June 14, 2007, attempted to discern whether Plaintiff had been a

7  victim of identity fraud. Accordingly, the letter asked for Plaintiff to produce either

8  a police report or Affidavit of Identity Theft. To make the process easier for

9  Plaintiff, I even included the necessary Affidavit of Identity Theft.

10     4.    I never received a response to my June 14, 2007, letter.

11     5.    I have never felt any ill-will or hostility toward Plaintiff. My efforts to

12  collect on the debt owed by Plaintiff were motivated by a desire to assist my client in

13  what we believed to be a meritorious claim.

14      I declare under the penalites of perjury under the laws of the state of California

15  that the foregoing is true and correct and that this declaration was executed on this

16  _1_ day of February 2008 in _San Diego_ , California.

17

18

19

20                                        _____
                                          Michael R. Boulanger
21

22

23

24

25

26

27

28

4814-1371-2130.1

DECLARATION OF MICHAEL R. BOULANGER

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

# EXHIBIT A

# PATENAUDE & FELIX, APC

A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO THE OFFICE INDICATED

| [X] 4545 MURPHY CANYON ROAD<br>3RD FLOOR<br>SAN DIEGO, CA 92123<br>(858) 244-7600<br>(858) 836-0319 | [ ] 213 EAST MAIN STREET<br>PITTSBURGH, PA 15106<br>TEL (866) 772-7675 (412) 429-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO ROAD, SUITE 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032 (800) 867-3092<br>FAX (702) 992-8286 |

June 14, 2007

*Via* U.S. Mail

Law Offices of Jeremy Pasternak
445 Bush Street 6th Floor
San Francisco, CA 94108

     RE:   **Capital One Bank v. Emmy Pasternak**
            **Our Reference No.: 764.103**
            **Account No: 4003442485879947**

Dear Mr. Pasternak:

    Emelia Pasternak represents to our office that the above-referenced debt from a revolving charge account with **Capital One Bank** was not incurred by her or anyone authorized by her. Further, she represents that she never received a **Capital One Bank** credit card or a loan or check bearing account number **4003442485879947**. Instead, she believes her identity was stolen and someone else applied for and used the revolving charge account with **Capital One Bank.**

    Victims of identity theft are required to (1) file a police report, and (2) complete an Affidavit of Identity Theft. For your convenience, attached to this letter is an Affidavit of Identity Theft. Please have your client complete this document and send us a copy of her driver's license and a sample of her signature.

    Please return the Affidavit along with the police report within the next twenty (20) days. Thank you.

                          Very truly yours,
                          PATENAUDE & FELIX

                          Michael R. Boulanger, Esq.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**

W:\MICHAELB\FRAUD LETTER\CAP ONE\764.103.FRM

)                                    )

Name _____   Phone number _____   *Page 1*

# ID Theft Affidavit

**Victim Information**

(1)  My full legal name is _____
                        (First)        (Middle)        (Last)        (Jr, Sr., III)

(2)  (If different from above) When the events described in this affidavit took place, I was known as

_____
(First)        (Middle)            (Last)                    (Jr, Sr., III)

(3)  My date of birth is _____
                        (day/month/year)

(4)  My Social Security number is_____

(5)  My driver's license or identification card state and number are_____

(6)  My current address is_____

City _____ State _____ Zip Code _____

(7)  I have lived at this address since _____
                                      (month/year)

(8)  (If different from above) When the events described in this affidavit took place, my address was

_____

City _____ State _____ Zip Code _____

(9)  I lived at the address in Item 8 from _____ until _____
                                        (month/year)     (month/year)

(10) My daytime telephone number is (____)_____

My evening telephone number is (____)_____

## DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

## THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

W:\MICHAEL\FRAUD LETTER\CAP ONE\V64.105.FRM

STEPHEN H. TURNER, SB# 89627
E-Mail: turner@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

ROGER S. RAPHAEL, SB #111946
E-Mail: raphael@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant Patenaude & Felix, APC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, CAPITAL ONE BANK, a national association, and PATENAUDE & FELIX, APC, a law firm,<br><br>Defendants. | CASE NO. 3:07-cv-04980 MJJ<br><br>The Hon. Martin J. Jenkins<br><br>**DECLARATION OF VICTOR PATENAUDE IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>ACTION FILED:     September 26, 2007<br><br>TRIAL DATE:     N/A<br><br>Date:     March 11, 2008<br>Time:     9:30 a.m.<br>Courtroom:     11 |

I, VICTOR PATENAUDE, do hereby declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California. I am an associate at the law firm of Patenaude & Felix APC, ("Patenaude") a defendant in this action. I make the following declaration of my

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    own personal knowledge, and if called as a witness could and would competently

2    testify thereto.

3        2.    On approximately March 27, 2007, Patenaude & Felix was retained by

4    Capital One Bank in order to assist Capital One Bank in its collection efforts on a

5    debt allegedly owed by Emmy Pasternak.

6        3.    On March 27, 2007, I reviewed the account placed with Patenaude. As

7    part of our initial debt collection efforts, on March 27, 2007, Patenaude prepared a

8    letter to Plaintiff which advised Plaintiff that our office had been retained in order to

9    initiate collection activity. The letter was prepared in the ordinary course of

10   business. I reviewed the initial correspondence. A true and correct copy of the

11   initial correspondence is attached, hereto, as Exhibit 1.

12       4.    Following our March 27, 2007, correspondence, our office attempted to

13   contact plaintiff on various occasions in order to discuss her debt to Capital One

14   Bank. Plaintiff never responded to any of these phone calls.

15       5.    On approximately May 8, 2007, our office received a letter from

16   Plaintiff regarding her debt to Capital One Bank. I received and reviewed the

17   correspondence. A true and correct copy of Plaintiff's letter, which is dated May 3,

18   2007, is attached hereto as Exhibit 2.

19       6.    Plaintiff's letter expressly stated that, "My father has told your

20   associates who call his house that I no longer reside there and to stop calling. We

21   have asked you to stop but you ignore our pleas." Plaintiff's letter also stated that

22   she had been the victim of identity fraud. No evidence was provided to substantiate

23   this allegation.

24       7.    Plaintiff's May 3, 2007, letter was suspicious for a variety of reasons.

25   First, Plaintiff had refused to answer any of our offices telephone calls. Moreover,

26   Plaintiff had not brought this identity fraud allegation to our attention previously.

27       8.    Moreover, Patenaude had no record of any conversation with Plaintiff or

28   her father. Indeed, Patenaude maintains detailed records of every communication or

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4836-2797-6962.1

DECLARATION OF VICTOR PATENAUDE

1    attempted communication that it had with Plaintiff. The records were maintained in

2    a computer database in the regular course of business. I have personally reviewed

3    the records and contrary to Plaintiff's letter, Patenaude's records showed no direct

4    communication with Plaintiff or her father prior to May 3, 2007.

5    　　　9.    On May 3, 2007, Patenaude received correspondence from Plaintiff

6    alleging that she had previously provided Capital One Bank with a fraud affidavit

7    and police report. I reviewed the file and did not see any documentation to support

8    this claim.

9    　　　10.    On May 21, 2007, our office filed a lawsuit alleging a single cause of

10   action for common counts on behalf of Capital One Bank. A true and correct copy of

11   the complaint in that lawsuit is attached hereto as Exhibit 3.

12   　　　11.    At no point prior to Patenaude's dismissal of the lawsuit did Plaintiff

13   provide to Patenaude any evidence that she had actually been the victim of identity

14   fraud. In fact, we have never received a police report concerning plaintiff's claim.

15   　　　12.    On approximately, September 26, 2007, I communicated with Plaintiff's

16   counsel regarding plaintiff's fraud allegations. I requested that Plaintiff provide a

17   police report and fraud package so that I could assist in terminating the action filed

18   against her. Instead, Plaintiff's counsel explained that the same could be received

19   through formal discovery.

20   　　　13.    On or about September 24, 2007, Plaintiff answered Capital One's

21   complaint. Attached as Exhibit 4 is a true and correct copy of Plaintiff's Answer.

22   　　　14.    On or about September 24, 2007, a cross-complaint was forwarded to

23   Patenaude's office. A true and correct copy of the cross-complaint is attached

24   hereto as Exhibit 5. The cross-complaint alleged that Patenaude and its client Capital

25   One had violated California Civil Code §§ 1798.92 as a result of its debt collection

26   practices. Plaintiff's cross-complaint against Patenaude was never properly filed.

27   　　　15.    In early October 2007, discovery was propounded on Capital One. This

28   included form interrogatories, special interrogatories and requests for production of

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4836-2797-6962.1

1    documents.

2        16.    In October 2007, Capital One and Patenaude made a business decision

3    to dismiss the lawsuit.  At that time we were still confident in our claim.

4        17.    I have never felt any ill-will or hostility toward Plaintiff.  My efforts to

5    collect on the debt owed by Plaintiff were motivated by a desire to assist my client in

6    what we believed to be a meritorious claim.

7        I declare under the penalties of perjury under the laws of the state of California

8    that the foregoing is true and correct and that this declaration was executed on this

9    _1_ day of February 2008 in _San Diego_ , California.

10

11

12

13                                        Victor Patenaude

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4836-2797-6962.1

DECLARATION OF VICTOR PATENAUDE

**EXHIBIT 1**

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| [X] 4545 MURPHY CANYON RD, 3RD FL<br>SAN DIEGO, CALIFORNIA 92123<br>TEL (858) 244-7600  (800) 832-7675<br>FAX (858) 836-0318 | [ ] 213 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7676  (866) 772-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO RD, STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032 (800) 867-3092<br>FAX (702) 992-6286 |

200919-A1200

03/27/07

EMMY PASTERNAK
4 MIDDLE RD
LAFAYETTE, CA 94549

RE:     CAPITAL ONE BANK
Account Number:     4003442485879947
Our File Number:     764.103
Balance Due:     $20,682.02

Dear EMMY PASTERNAK:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed.  If you wish to eliminate further collection action, please contact us at (858) 244-7600 or out of the 858 area code (800) 832-7675.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very Truly Yours,

Raymond A. Patenaude, ESQ.

### THIS COMMUNICATION IS FROM A DEBT COLLECTOR
#### SEE REVERSE SIDE FOR IMPORTANT INFORMATION

# EXHIBIT 2

May 3, 2007

Patenaude & Felix, A.P.C.
4545 Murphy Canyon Road, Third Floor
San Diego, CA 92123

Dear Patenaude & Felix, A.P.C.,

On Monday, April 2, the first night of Passover, I received a letter from your law firm stating that you were taking over bill collection for Capital One. The account # listed is 4003442485879947 and your file number is 764.103.

I have already written several letters to Capital One informing it that that this account is not mine and that I am the victim of identity theft. Your continued attempts to collect this fraudulent account from me are very upsetting and damaging to me. I am asking you to take all steps to end it now.

I want to list for you my efforts to get Capital One to stop hounding me for this fraudulent account. On March 30, 2006, shortly after I learned that someone had opened a fraudulent account in my name, I faxed a letter to Holly Isbell at Capital One informing her that this is not my account and asking that all future communication go through my attorney. On June 23, 2006, I faxed another letter to Bridgette S. at Capital One Services, Inc. stating that this is not my account. I asked her to send all further communications to my brother, Jeremy Pasternak, who is my attorney.

On July 25, 2006, I faxed another letter about this to Rhonda Smith at MRS Associated Financial, which I believe is a collection agency for Capital One. That letter

also notified her that this is not my account and that I want all further communications to go to my attorney.

On January 25, 2007, I sent Capital One Bank another letter along with a copy of the police report of identity theft. That same day, I sent the same letter and report to Capital One Bank at an alternative address. I know Capital One got these letters because in early March I received a letter dated February 28, 2007, from Capital One acknowledging its receipt of my letters regarding this fraudulent account.

I am very upset that you are continuing to try to collect from me on this fraudulent account. As I have said repeatedly, this account was opened by someone other than me, apparently using my personal identification information. I have spent a huge amount of time trying to get Capital One to close this account and stop harassing me, but it just keeps moving it from one collector to another.

Your law firm is not listening either. My father has told your associates who call his house that I no longer reside there and to stop calling. We have asked you to stop, but you ignore our pleas. My parents are continually bombarded with phone calls from your law firm despite the fact that they have stated repeatedly that I do no live at their place of residence and have asked the person calling to stop contacting them. I too continue to receive phone messages from your associates. This is seriously stressing me out and causing health problems and straining family relationships. Getting your dunning letter during Passover was horrible.

What do I need to do to get you and Capital One to stop harassing me and my

parents? Please let me know so I can do whatever it takes to get this to end

        Sincerely,


        Emelia Pasternak
        55 Allston Way
        San Francisco, CA 94127


My attorney's contact information is:

Jeremy Pasternak
Law Offices of Jeremy Pasternak
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 693-0300
Facsimile: (415) 693-0393
jdp@pasternaklaw.com

**EXHIBIT 3**

# SUMMONS
## (CITATION JUDICIAL)

**SUM-100**

OTICE TO DEFENDANT:
VISO AL DEMANDADO):
MMY PASTERNAK

OES 1 TO 5, INCLUSIVE
**OU ARE BEING SUED BY PLAINTIFF:**
.O ESTÁ DEMANDANDO EL DEMANDANTE):
APITAL ONE BANK



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D

MAY 2 1 2007

C. Kromschroder

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a opy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the ourt to hear your case. There may be a court form that you can use for your response. You can find these court forms and more nformation at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse earest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may ose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an ttorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services rogram. You can locate these nonprofit groups at the California Legal Services Web Site (www.lawhelpcalifornia.org), the California ourts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citaci n y papeles legales para presentar una respuesta por escrito n esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telef nica no lo protegen. Su respuesta por scrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted ueda usar pata su respuesta. Puede encontrar estos formularios de la corte y más informaci n en el Centro de Ayuda de las Cortes de alifornia (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no uede pagar la cuota de presentaci n, pida al secretario de la corte que le dé un formulario de exenci n de pago de cuotas. Si no presenta u respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado immediatamente Si no conoce a un abogado, puede llamar an ervicio de remisi n a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios egales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de alifornia Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

CASE NUMBER: 07-03086
(Número del Caso)

e name and address of the court is:
l nombre y direccion de la corte es):
PERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
RTINEZ DIVISION
COURT STREET
RTINEZ, CA 94553

e name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
l nombre, la direccion y el numero de telefono del abogado del demandante, o del demandante que no tiene abogado, es)
N OFFICES OF PATENAUDE & FELIX A.P.C.
YMOND A. PATENAUDE, ESQ. #128855 / VICTOR S. PATENAUDE #216342
TTHEW B. GOLDING #171123 / MICHAEL R. BOULANGER #226294 / MARILYN PERRIN #174558
-5 MURPHY CANYON ROAD, 3RD FLOOR, SAN DIEGO, CA 92123  Telephone  (858) 244-7600

TE:
echa)   MAY 2 1 2007

Clerk, by   C. Kromschroder   , Deputy
(Secretario)   (Adjunto)

or proof of service of this summons, use Proof of Service of Summons (form POS-010).)
ara prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)

[ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

rm Adopted for Mandatory Use
Judicial Council of California
IM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF PATENAUDE & FELIX A.P.C.<br>RAYMOND A. PATENAUDE #128855 / VICTOR S. PATENAUDE #216342<br>MATTHEW GOLDING #171123 / MICHAEL BOULANGER #226294 / MARILYN PERRIN #174558<br>4545 MURPHY CANYON ROAD, 3RD FLOOR, SAN DIEGO, CA 92123<br>TELEPHONE NO: (858) 244-7600      FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br><br>ATTORNEY FOR *(Name):* PLAINTIFF | F I L E D<br><br>MAY 2 1 2007<br><br>C. Kromschroder<br>Deputy Clerk.<br><br>PER LOCAL RULE 5 THIS<br>CASE IS ASSIGNED TO<br>DEPT ____<br><br>SUMMONS ISSUED |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  CONTRA COSTA

STREET ADDRESS: 725 COURT STREET

MAILING ADDRESS: 725 COURT STREET

CITY AND ZIP CODE: MARTINEZ, CA 94553

BRANCH NAME: MARTINEZ DIVISION

PLAINTIFF:  CAPITAL ONE BANK

DEFENDANT:  EMMY PASTERNAK

[X] DOES 1 TO  5, INCLUSIVE

| CONTRACT | |
|---|---|
| [X] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| [X] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [X] does not exceed $10,000<br>[ ] exceeds $10,000 but does not exceed $25,000<br>[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | L 0 7 - 0 3 0 8 6 |

1.  Plaintiff* *(name or names):* CAPITAL ONE BANK

    alleges causes of action against defendant* *(name or names):* EMMY PASTERNAK

2.  This pleading, including attachments and exhibits, consists of the following number of pages:   3
3.  a. Each plaintiff named above is a competent adult
    - [X] except plaintiff *(name):*  CAPITAL ONE BANK
        - (1) [ ] a corporation qualified to do business in California
        - (2) [ ] an unincorporated entity *(describe):*
        - (3) [X] other *(specify):* a National Banking Association organized and existing under and by virtue of the laws of the United State of America.
    - b. [ ] Plaintiff *(name):*
        - a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
        - b. [ ] has complied with all licensing requirements as a licensed *(specify):*
    - c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4.  a. Each defendant named above is a natural person
    - [ ] except defendant *(name):*
        - (1) [ ] a business organization, form unknown
        - (2) [ ] a corporation
        - (3) [ ] an unincorporated entity *(describe):*
        - (4) [ ] a public entity *(describe):*
        - (5) [ ] other *(specify):*
    - [ ] except defendant *(name):*
        - (1) [ ] a business organization, form unknown
        - (2) [ ] a corporation
        - (3) [ ] an unincorporated entity *(describe):*
        - (4) [ ] a public entity *(describe):*
        - (5) [ ] other *(specify):*

\* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

**PLD-C-001**

| SHORT TITLE: CAPITAL ONE vs. EMMY PASTERNAK | CASE NUMBER: |
|---|---|

4. *(Continued)*

   b. The true names of defendants sued as Does are unknown to plaintiff.

     (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

     (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and

   a. ☐ has complied with applicable claims statutes, *or*

   b. ☐ is excused from complying because *(specify):*

6. ☒ This action is subject to ☒ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because

   a. ☐ a defendant entered into the contract here.

   b. ☐ a defendant lived here when the contract was entered into.

   c. ☒ a defendant lives here now.

   d. ☐ the contract was to be performed here.

   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

   f. ☐ real property that is the subject of this action is located here.

   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   ☐ Breach of Contract

   ☒ Common Counts

   ☐ Other *(specify):*

9. ☒ Other allegations: Before commencement of this action, in those cases where recovery of costs is dependant on such notices, Plaintiff informed the Defendant(s) in writing of its intent to file this action and that this action could result in a judgment against Defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033 (b) (2).

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a. ☒ damages of: $ 17464.21

   b. ☒ interest on the damages

     (1) ☐ according to proof

     (2) ☒ at the rate of *(specify):* 10% percent per year from *(date):* 02/23/06

   c. ☒ attorney's fees

     (1) ☐ of: $ .

     (2) ☒ according to proof.

   d. ☒ other *(specify):*

     FOR SUCH OTHER RELIEF AS THE COURT DEEMS JUST AND FAIR.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 05/04/07

MICHAEL R BOULANGER, ESQ.      ▶       /S/

_____       _____

(TYPE OR PRINT NAME)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(2)

| | |
|---|---|
| SHORT TITLE: CAPITAL ONE vs. EMMY PASTERNAK | CASE NUMBER: |

<u>FIRST</u>                    **CAUSE OF ACTION—Common Counts**
     *(number)*

ATTACHMENT TO [X] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* CAPITAL ONE BANK

     alleges that defendant *(name):* EMMY PASTERNAK

     became indebted to    [X] plaintiff    [ ] other *(name):*

     a.  [X]  within the last four years
         (1)  [ ]  on an open book account for money due.
         (2)  [X]  because an account was stated in writing by and between plaintiff and defendant in which it
              was agreed that defendant was indebted to plaintiff.

     b.  [X]  within the last  [ ]  two years  [X]  four years
         (1)  [ ]  for money had and received by defendant for the use and benefit of plaintiff. for work, labor,
         (2)  [ ]  services and materials rendered at the special instance and request of defendant and for which
              defendant promised to pay plaintiff
              [ ]  the sum of $
              [ ]  the reasonable value.
         (3)  [ ]  for goods, wares, and merchandise sold and delivered to defendant and for which defendant
              promised to pay plaintiff
              [ ]  the sum of $
              [ ]  the reasonable value.
         (4)  [ ]  for money lent by plaintiff to defendant at defendant's request.
         (5)  [ ]  for money paid, laid out, and expended to or for defendant at defendant's special instance and
              request.
         (6)  [X]  other *(specify):* THIS CAUSE OF ACTION IS BASED UPON ACCOUNT NUMBER 4003442485879947
              FOR THE SUM BY WHICH DEFENDANT HAS BEEN UNJUSTLY ENRICHED BY VIRTUE OF DEFENDANT RECEIVING
              MONETARY OR OTHER BENEFIT, BY DEFENDANT KNOWINGLY REQUESTING THE FUNDS AT ISSUE AND/OR
              ACCEPTING THE BENEFITS BESTOWED. IT IS INEQUITABLE FOR DEFENDANT TO RETAIN SAID BENEFITS
              WITHOUT REPAYING PLAINTIFF THE VALUE THEREOF.

CC-2. $ 17464.21              , which is the reasonable value, is due and unpaid despite plaintiff's demand,
     plus prejudgment interest  [ ]  according to proof  [X]  at the rate of  <u>10%</u>  . percent per year
     from *(date):* 02/23/06

CC-3. [X]  Plaintiff is entitled to attorney fees by an agreement or a statute
         [ ]  of $
         [X]  according to proof.

CC-4. [X]  Other:  FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND FAIR.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—Common Counts**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

CAPITAL ONE VS PASTERNAK

NOTICE OF CASE MANAGEMENT CONFERENCE              CIVMSL07-03088

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  10/31/07        DEPT:  22        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3. You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                         SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

      Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  05/23/07              C. Kromschroder
                         C. KROMSCHRODER, Deputy Clerk

Superior Court of California, County of Contra Costa

# NOTICE TO PLAINTIFFS
## IN <u>LIMITED JURISDICTION</u> CIVIL ACTIONS

### <u>AFTER YOU FILE YOUR COURT CASE:</u>

1. Have the forms the clerk gives you served on <u>all</u> defendants in this case:
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants
   e. <u>Blank</u>: Case Management Conference Statement (Form CM-110)
   f. <u>Blank</u>: Issue Conference Statement
   g. <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days
   h. Alternative Dispute Resolution (ADR) Information sheet

> *You may also fill out a Case Questionnaire for Limited Civil Cases (Judicial Council form 982(a(21)) to help organize your case information. If you do, then you must serve the completed form and a blank copy of the form on the defendant(s). Be sure to keep copies of everything you have served. You do not file this form at court.*

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been legally delivered to the defendants** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court

3. **Go to the case management conference on the date indicated on** <u>The Notice of Case Management Conference.</u>

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All Parties must answer questions about ADR on the *Case Management Conference Statement* form. For more information, see the enclosed ADR information sheet, visit www.contracostacourts.org/adr or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the <u>Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 201.7 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CONTRACOSTACOURTS.ORG)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

CV-659a/Rev. 4/18/07

### Superior Court of California, County of Contra Costa
### NOTICE TO DEFENDANTS in Limited Jurisdiction Civil Cases

**YOU ARE BEING SUED.** This packet should contain the following papers:

   a.  The *Summons*
   b.  The *Complaint*
   c.  The *Notice of Case Management Conference* (shows hearing date and time)
   d.  <u>Blank</u>: *Case Management Conference Statement* (Judicial Council form CM-110)
   e.  <u>Blank</u>: *Issue Conference Statement*
   f.  <u>Blank</u>: *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days*
   g.  Alternative Dispute Resolution (ADR) Information sheet

You **may** have also received:

   A <u>Blank</u> *Case Questionnaire for Limited Civil Cases (Judicial Council form DISC-010)*
   *(If the plaintiff served you with a completed Case Questionnaire for Limited Civil Cases, you <u>must</u> complete and serve this form on the plaintiff. It will help both of you to organize your case information.)*

**NOTE: The court strongly recommends consulting an attorney for all or part of your case. While you may represent yourself in this case, lawsuits can be very complicated, and the court cannot give you legal advice.**

---



## WHAT DO I DO NOW?

You Must:

   **1. Complete the** <u>Case Management Conference Statement</u> **(CM-110)**

   **2. File a response**  (See other side of page)

   **3. Appear in Court on the date and time given** in the <u>Notice of Case Management Conference</u>.

   **4. File and serve your court papers on time.**

<u>**IMPORTANT!**</u> **YOU COULD LOSE YOUR CASE IF YOU DO NOT FILE A RESPONSE ON TIME.** If you were served in person **you have to file your response in 30 days**. If the server left a copy of the papers with an adult person in charge at your home or work and you also received a copy by mail you have 40 days. If you do not file a response in time, the case can be decided against you— even before it is heard by a judge or before you can defend yourself.

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at www.courtinfo.ca.gov/forms/.

---

### YOU MUST FILE AND SERVE YOUR COURT PAPERS

You <u>must</u> file your forms (1 original and 2 copies) at the clerk's office. Someone over 18 years old who is NOT involved in your court case must serve one set of forms on the Plaintiff. The server completes a Proof of Service, Judicial Council form POS-040, that you <u>must</u> file with the court within <u>60</u> days.

---

### ARE THERE ALTERNATIVES TO GOING TO TRIAL?

If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the <u>Stipulation to Attend ADR and Delay First Case Management Conference 90 Days</u> can be filed with your other papers. For more information read the enclosed ADR information or visit www.contracostacourts.org/adr. Or call (925) 957-5787.

---

- If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true you can file an Answer.
- And, if you have a claim in the same case against the plaintiff. You can file a Cross-Complaint.
- You want to ask the court to do something on your behalf, you can file a Motion (See TYPES OF MOTIONS below)

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers, depending on whether the Complaint was verified or not. You can tell a Complaint is verified because it says "Verified Complaint" or has a "Verification" statement on the last page.

1. There are standard court Answer forms you can use for Complaints that ARE NOT verified.
   a. For personal injury, property damage, and wrongful death claims, use Judicial Council form PLD-PI-003.
   b. For contract claims, use Judicial Council form PLD-C-010.
   Answers for other types of claims do not have Judicial Council forms and you will have to write your own..
2. Complaints that are verified usually require Answers with Specific Denials. There are no Judicial Council forms for these. You have to write your own Answer on pleading paper and a verification statement.

You can get help with how to write your own Answer from a law librarian who will lead you to samples of Answers. Your papers must be in the format described in Rules of Court 2.100, www.courtinfo.ca.gov/rules/titletwo/titletwo.pdf.

**All answers include:**

| 1. The Denial | General Denial: | Use the correct Judicial Council form (see the forms listed above) |

OR

Specific Denial: *Be sure to deny every claim that you disagree with. For example, you might write: "I believe, or know, that the information in paragraph #__ is untrue/incorrect." Continue your list until you have addressed each paragraph in the Complaint.*

2. Affirmative Defenses     *The Judicial Council forms have spaces for your defenses. Or, if you write your own Answer that is a Specific Denial, list each of your defenses in separate paragraphs.*

3. The Prayer or Relief     *Whether you use a Judicial Council form, or write a specific denial, you can ask the court to deny the Plaintiff's complaint and have the Plaintiff pay your costs.*

**Be sure to include all defenses in the Answer, or you may not be able to use them later in the case. If you are filing a cross-complaint, you must file it when you file the Answer or you may not file it later.**

## TYPES OF MOTIONS

Motions ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(something is wrong with the facts stated in the complaint or it's too late to file);*
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court);*
4. Motion to Quash Service of Summons *(you were not legally served);*
5. Motion to Stay *(put the case on hold);* or
6. Motion to Dismiss *(stops the case).*

**NOTE: Motions are very complicated and you most likely will need to consult a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:   (866) 442-2529
- Bay Legal:   (800) 551-5554
- Contra Costa County Law Library        Martinez: (925) 646- 2783          Richmond: (510) 374-3019
- Ask the Law Librarian:     www.247ref.org/portal/access_law3.cfm

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>(Check one):  ☐ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>  (Amount demanded   (Amount demanded is $25,000<br>  exceeds $25,000)   or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:    Time:    Dept.:    Div.:    Room:

Address of court *(if different from the address above):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(describe, including causes of action):*

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply)*:

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

   ☐ Bankruptcy ☐ Other *(specify):*

   Status:

**14. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

   ☐ Additional cases are described in Attachment 14a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
    Previous case management orders in this case are *(check one)*:  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

 

▶

| _____ | | _____ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

▶

| _____ | | _____ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |
| | | ☐ Additional signatures are attached |

## DO NOT FILE WITH THE COURT
### THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT

DISC-010

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| PLAINTIFF *(Name):* | CASE NUMBER |
| DEFENDANT *(Name):* | |

## CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES
### (Under $25,000)

REQUESTING PARTY *(Name):*

RESPONDING PARTY *(Name):*

—INSTRUCTIONS—

A. The purpose of the case questionnaire is to help the parties settle their differences without spending a lot of money. This is accomplished by exchanging information about the case early in the lawsuit. The exchange of case questionnaires may be started only by a plaintiff (or cross-complainant) in a limited civil case. The case questionnaire is optional, and if plaintiff (or cross-complainant) exercises the option, only this form may be used.

B. Instructions for plaintiffs (and cross-complainants)

   1. Under Code of Civil Procedure section 93, a plaintiff (or cross-complainant) *may* serve a *completed* case questionnaire and a blank questionnaire *with a complaint (or cross-complaint).*

   2. This is the only way you can require defendants (or cross-defendants) to serve you with a completed case questionnaire.

C. Instructions for defendants (and cross-defendants)

   1. If you have been served with a completed case questionnaire by a plaintiff (or cross-complainant), then you must fill in the blank case questionnaire. Your completed case questionnaire must be served on that same plaintiff (or cross-complainant) *with* your answer to *the* complaint (or cross-complaint).

   2. **THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT.**

D. Instructions for all parties

   1. **ALL QUESTIONS REFER TO THE INCIDENT OR AGREEMENT IN THIS LAWSUIT ONLY.**

   2. Answer each question. If a question is not applicable, answer "NA."

   3. Your answers are not limited to your personal knowledge, but you are required to furnish information available to you or to anyone acting on your behalf, whether you are a plaintiff, defendant, cross-complainant, or cross -defendant.

   4. Type or *legibly* print your answer below each question. If you cannot completely answer a question in the space provided on the case questionnaire, check the "attachment" box and put the number of the question and the complete answer on an attached sheet of paper or form MC-025. You should *not* put part of an answer on the case questionnaire and part on the attachment. You may put more than one answer on each attached page.

   5. When you have completed the case questionnaire, sign the verification and serve the original.

   6. You may compel compliance with these requirements under Code of Civil Procedure section 93.

   7. **DO NOT FILE THIS CASE QUESTIONNAIRE WITH THE COURT.**

Form Adopted for Mandatory Use
Judicial Council of California
DISC-010 [Rev. January 1, 2007]

CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES
(Under $25,000)

Page 1 of 4
Code of Civil Procedure, § 93
www.courtinfo.ca.gov

DO NOT FILE WITH THE COURT                                   DISC-010

| PLAINTIFF *(Name):* | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* | |

—QUESTIONS—

1. FOR ALL CASES

    a. State your name and street address.

    b. State your current business name and street address, the type of business entity, and your title.

    c. Describe in detail your claims or defenses and the facts on which they are based, giving relevant dates.

    ☐ See attachment for answer number 1c.

    d. State the name, street address, and telephone number of each person who has knowledge of facts relating to this lawsuit, and specify his or her area of knowledge.

    ☐ See attachment for answer number 1d.

    e. Describe each document or photograph that relates to the issues or facts. You are encouraged to attach a copy of each. For each that you have described but not attached, state the name, street address, and telephone number of each person who has it.

    ☐ See attachment for answer number 1e.

DISC-010 [Rev. January 1, 2007]

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

Page 2 of 4

**DO NOT FILE WITH THE COURT**                                          DISC-010

| PLAINTIFF *(Name):* | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* | |

1. f. Describe each item of physical evidence that relates to the issues and facts; give its location; and state the name, street address, and telephone number of each person who has it.

   ☐ See attachment for answer number 1f.

   g. State the name and street address of each insurance company and the number of each policy that may cover you in whole or part for the damages claimed.

   ☐ See attachment for answer number 1g.

2. FOR PERSONAL INJURY OR PROPERTY DAMAGE CASES

   a. Describe each injury or illness that you received and your present complaints about each.

   ☐ See attachment for answer number 2a.

   b. State the name, street address, and telephone number of each physician, dentist, or other health care provider who treated or examined you; the type of treatment; the dates of treatment; and the charges by each to date.

   ☐ See attachment for answer number 2b.

   c. Itemize the medical expenses you anticipate in the future.

   ☐ See attachment for answer number 2c.

   d. Itemize your loss of income to date, give the name and street address of each source, and show how the loss is computed.

   ☐ See attachment for answer number 2d.

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

## DO NOT FILE WITH THE COURT

DISC-010

| PLAINTIFF (Name): | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): | |

2. e. Itemize the loss of income you anticipate in the future, give the name and street address of each source, and show how the loss is computed.

☐ See attachment for answer number 2e.

f. Itemize your property damage, and state the amount or attach an itemized bill or estimate.

☐ See attachment for answer number 2f.

g. Describe each other item of damage or cost that you claim, and state the amount.

☐ See attachment for answer number 2g.

3. FOR CASES BASED ON AGREEMENTS

a. In addition to your answer to 1e, state all the terms and give the date of any part of the agreement that is not in writing.

☐ See attachment for answer number 3a.

b. Describe each item of damage or cost you claim, state the amount, and show how it is computed.

☐ See attachment for answer number 3b.

### VERIFICATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

|  | FOR COURT USE ONLY |
|---|---|
| ATTORNEY/PRO PER FOR: <br><br> *Superior Court of California, County of Contra Costa* <br> ☐ CONCORD  ☐ PITTSBURG  ☐ RICHMOND  ☐ WALNUT CREEK | |
| PLAINTIFF: | |
| DEFENDANT: | |

| ISSUE CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

| DATE: | DEPARTMENT: | TIME: |
|---|---|---|

Please provide a brief narrative statement regarding the following:

) Description of your claims or defenses and facts and law on which they are based. Include extent of injuries, contentions regarding liability, any unusual evidentiary or legal issues anticipated at trial, and all matters of fact believed by any party to be appropriate for stipulation.

) All witness lists, which includes a brief statement of anticipated testimony.

) Has previously stated estimated length of trial changed? If yes, what is the estimated length of trial?

4)  An exhibit list, which includes a description of each item.


5)  A proposed statement of the case to be read to the jury.


Date: _____          _____    _____
                                 TYPE OR PRINT NAME             SIGNATURE OF PARTY OR PARTY'S ATTORNEY

CV-858c/Rev. 11-00

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                    Plaintiff(s)

vs.

_____

_____
                    Defendant(s)

***Stipulation** to Attend ADR and Delay First Case Management Conference 90 Days*

Case No.:_____ Date complaint filed:_____ First case management conference set for:_____

---

▸ <u>ALL PARTIES MUST SIGN THIS FORM</u> AND MUST FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE

▸ PARTIES MUST ALSO SEND A COPY OF THIS FORM TO THE ADR OFFICE:
  FAX: (925) 957-5689 or MAIL:  P.O. BOX 911, MARTINEZ, CA 94553

▸ THIS STIPULATION <u>MAY NOT</u> BE USED IN COMPLEX LITIGATION CASES

---

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:

☐ Judicial mediation          ☐ Judicial arbitration          ☐ Neutral case evaluation
☐ Private mediation          ☐ Private arbitration

<u>COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS AND CERTIFY</u>:

1. This is not a complex civil case (as described in California Rules of Court, Rule 1800);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

_____ | _____ | _____ | _____
Counsel for Plaintiff *(print)*        Fax          Counsel for Defendant *(print)*        Fax

_____          _____
Signature                        Signature

_____ | _____ | _____ | _____
Counsel for Plaintiff *(print)*        Fax          Counsel for Defendant *(print)*        Fax

_____          _____
Signature                        Signature

---

<u>THIS SECTION WILL BE COMPLETED BY THE COURT CLERK ONLY.</u>

The Case Management Conference set for _____ is vacated and rescheduled for _____ at:
            ☐  8:30 a.m.        ☐  1:30 p.m.        ☐  _____

**PLAINTIFF'S COUNSEL MUST NOTIFY ALL PARTIES OF THE CASE MANAGEMENT CONFERENCE.**

---



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

---

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110)*;
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.contracostacourts.org/adr

---

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 244 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

**EXHIBIT 4**

764.1¢3

1   JEREMY PASTERNAK, (SBN 181618)
    LAW OFFICES OF JEREMY PASTERNAK
2   A Professional Corporation
    445 Bush St., Sixth Floor
3   San Francisco, CA 94108
    Telephone: (415) 693-0300
4   Facsimile: (415) 693-0393

5   Attorney for Plaintiff

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF CONTRA COSTA

9                                          Case No. L07-03088
10  CAPITAL ONE BANK, a national banking
    association,
11                                         ANSWER TO COMPLAINT
                        Plaintiff,
12
            vs.
13
14  EMMY PASTERNAK, an individual, and
    Does 1-5, inclusive,
15
16                      Defendant.
17

18

19      Defendant Emelia Pasternak (improperly named in Plaintiff's Complaint as "Emmy

20  Pasternak") hereby answers and responds to the Complaint of Capital One Bank ("Plaintiff") as

21  follows:

22

23                              GENERAL DENIAL

24

25      Pursuant to Code of Civil Procedure Section 431.30(d), Defendant generally denies each

26  and every allegation of the complaint and each and every alleged cause of action therein, and

27  further denies that Plaintiff has suffered damages, losses or injuries in any sum or sums, to any

28

                                        -1-

1   degree or extent or at all, by reason of any act, breach or omission on the part of Defendant, and

2   further denies that Plaintiff are entitled to any relief whatsoever from Defendant.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each cause of action therein, fails to state a cause of action upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief on any of its causes of action because it has not suffered any damage as a result of any actions taken by Defendant.

### THIRD AFFIRMATIVE DEFENE

Plaintiff's damages, if any, were caused by individuals or entities other than Defendant, over whom Defendant has no control and/or for which Defendant had no responsibility.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, resulted from intervening or superseding cause or causes over which Defendant has no control and/or for whom Defendant had no responsibility.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by the applicable statutes of limitations, including but without limitation those set forth in California Code of Civil Procedure sections 337, 339, and such others as may be applicable based upon evidence and information developed through discovery.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief on any of its causes of action because the Complaint, and each purported cause of action therein, is barred by the doctrine of waiver and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief on any of its causes of action because the Complaint, and each purported cause of action therein, is barred by the doctrine of laches.

-2-

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief on any of its causes of action because Defendant's conduct was at all times reasonable, in complete good faith, based upon good cause, and undertaken pursuant to the terms of applicable laws and regulations.

## NINTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff is barred from obtaining relief because any duty or obligation allegedly owed to Plaintiff, contractual or otherwise, has been fully performed, satisfied, released, excused, modified, and/or discharged.

## TENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff would be unjustly enriched by the relief sought in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff, if injured, failed to mitigate some or all of its alleged damages and is barred from recovering any avoidable loss.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff is barred from obtaining relief by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant specifically reserves his right to assert additional affirmative defenses that may arise as a result of further investigation and/or discovery.

WHEREFORE, Defendant prays:

1.      That Plaintiff's Complaint be dismissed in its entirety;

2.      That Plaintiff takes nothing by way of its Complaint;

3.      That Defendant be awarded her costs incurred in defense of this action; and

///

///

-3-

1      4.     For such other and further relief as this Court may deem proper.

2

3    Dated: September 24, 2007                    LAW OFFICES OF JEREMY PASTERNAK

4                                                A Professional Corporation

5

6                                       By:

7                                              JEREMY PASTERNAK
                                               Attorney for Defendant
8                                              EMELIA PASTERNAK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

ANSWER TO COMPLAINT FOR DAMAGES

PROOF OF SERVICE

I, the undersigned, hereby certify that I am over the age of 18 years, not a party to this

action and my business address is 445 Bush Street, 6th Floor, San Francisco, California 94108.

On September 24, 2007, I served the following document(s):

**Answer to Complaint**

on the party stated below by the following means of service:

X    By First-Class Mail:  I caused such envelope, with first-class postage thereon fully
     prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San
     Francisco, California, for collection and mailing to the office of the addressee following
     ordinary business practices.

___   By Personal Service:  I caused each such envelope to be given to a courier messenger
      with instructions to deliver each such envelope to the office of the below-referenced
      attorneys of record.

___   By Facsimile:  Fax Number:    See below

Addressee(s):

Joseph Deocampo
Patenaude & Felix
4545 Murphy Connon Road, 3rd Floor
San Diego, CA 92123

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct and that this declaration was executed on September 24, 2007.

Alison Gilmore, Declarant



US POSTAGE
$0.41⁰
09/24/2007
044J83046629
Mailed From 94108
neopost

Joseph Deocampo
Patenaude & Felix
4545 Murphy Connon Road, 3rd Floor
San Diego, CA 92123

5212344363 C032

Law Offices of Jeremy Pasternak
445 Bush Street, 6th Floor
San Francisco, CA 94108

# EXHIBIT 5

764.103

1  Andrew J. Ogilvie (SBN 57932)
   Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
2  445 Bush Street, 6th Floor
   San Francisco, CA 94108
3  Ph: (415) 861-2265
   Fax: (415) 861-3151
4  ajogil@kabolaw.com
5
   Attorneys for Defendant and Cross-Complainant
6  Emelia Pasternak, sued herein as Emmy Pasternak
7
8                    SUPERIOR COURT OF CALIFORNIA
9          COUNTY OF CONTRA COSTA, MARTINEZ DIVISION
10                          UNLIMITED CIVIL
11  CAPITAL ONE BANK,
12          Plaintiff,                       Case no. L07-03088
13      v.
14
15  EMMY PASTERNAK and DOES 1 to 5,          CROSS-COMPLAINT
    inclusive,
16
17          Defendants.                      ***Notice to Clerk to Reclassify this case:***
18  EMELIA PASTERNAK, sued herein as         Pursuant to Code of Civil Procedure §
19  "Emmy Pasternak,"                        403.030, cross-complainant states that this
                                             cross-complaint causes the action to exceed the
20          Cross-Complainant,               maximum amount in controversy for a
                                             "limited" civil case, so it should be reclassified
21      v.                                   as an "unlimited" civil action. The $140 fee
                                             required by Gov't Code § 70619 for this
22  CAPITAL ONE BANK, a National             reclassification is paid herewith.
23  Association, and LAW OFFICES OF
    PATENAUDE & FELIX, A.P.C., a law
24  corporation,
25          Defendants.
26
27
28  *Capital One Bank v. Pasternak*, Contra Costa County Superior Court, case no. L07-03088
    Cross-Complaint                                                                    1

1.     This cross-complaint is brought pursuant to California's Identity Theft Statute, Civil Code §§ 1798.92 *et seq.*

2.     Cross-complainant Emelia Pasternak ("Ms. Pasternak"), who has been sued herein as "Emmy Pasternak," is a natural person who resides in San Francisco, California.

3.     Cross-defendant Capital One Bank ("Capital One") is a national banking association organized and existing under the laws of the United States of America.

4.     Cross-defendant Law Offices of Patenaude & Felix A.P.C. ("Patenaude & Felix") is a law firm existing under the laws of California.

5.     Ms. Pasternak is the "victim of identity theft" as defined in Civil Code § 1798.92(b) because she had her personal identification information used without authorization by another to obtain credit, goods, services, money or property and did not use or possess the credit, goods, services, money or property obtained by the identity theft, and filed a police report in this regard pursuant to section 530.5 of the Penal Code.

6.     Capital One and Patenaude & Felix are "claimants" as that term is defined in Civil Code § 1798.92(a) because each of them purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft.

7.     In November 2005, Ms. Pasternak learned that an unknown person had used her personal identifying information (defined in Civil Code § 1798.92(c)) to open fraudulent accounts with various credit grantors.

8.     Ms. Pasternak promptly filed an identity theft police report pursuant to Penal Code section 530.5 in which she listed the fraudulent accounts of which she was then aware, including the account that is the subject of the complaint herein.

9.    After filing the police report and more than 30 days before filing this cross-complaint, Ms. Pasternak notified Capital One and Patenaude & Felix, at the locations designated by them for complaints relating to credit reporting issues to the extent they have made such designations and at other locations where they received her notice, that she is the victim of identity theft.

10.    More than 30 days prior to the filing of this cross-complaint, Ms. Pasternak sent copies of her identity theft police report to Capital One and Patenaude & Felix.

11.    Capital One failed to investigate diligently Ms. Pasternak's notification of identity theft.

12.    After Ms. Pasternak had advised Capital One that it had opened an account in her name for an identity thief, Capital One continued its efforts to collect that account from her.

13.    After Ms. Pasternak notified Capital One about this situation of identity theft, it ignored her letters and faxes informing it that the account was fraudulent.

14.    After Ms. Pasternak notified Capital One about this situation of identity theft, it sent the fraudulent account to collection agencies and instructed them to dun her for collection.

15.    After Ms. Pasternak notified Capital One about this situation of identity theft, it sent the fraudulent account to Patenaude & Felix and instructed it to file this lawsuit against Ms. Pasternak.

16.    Patenaude & Felix failed to investigate diligently Ms Pasternak's notification of the theft of her identity.

17.    Patenaude & Felix ignored her identity theft notification.

*Capital One Bank v. Pasternak*, Contra Costa County Superior Court, case no. L07-03088
Cross-Complaint

3

18.     After receiving Ms. Pasternak's notice of identity theft and without conducting a diligent investigation, Patenaude & Felix sued Ms. Pasternak to collect on the fraudulent account.

19.     As a result of Capital One's and Patenaude & Felix's violations of California's identity theft statute, Ms Pasternak has suffered, now suffers, and will suffer in the future, actual damages. Ms. Pasternak is unable at this time to quantify the amount of those damages but believes that are at least $25,000. The actual amount will be determined by the jury.

### PRAYER

Emelia Pasternak, sued herein as "Emmy Pasternak," prays for judgment as follows:

1.     A declaration that she is not obligated to Capital One Bank, Patenaude & Felix, or their agents or assigns for the obligation asserted in the complaint herein or for the account referenced in that action;

2.     A declaration that any security interest or other interest Capital One and/or Patenaude & Felix purportedly obtained in Ms. Pasternak's property in connection with its claim or account is void and unenforceable;

3.     An injunction restraining cross-defendants and their agents and assignees from collecting or attempting to collect from Ms. Pasternak on that claim or account, from enforcing or attempting to enforce any security interest or other interest in her property in connection with that claim or account, and from enforcing or executing on any judgment against Ms. Pasternak on that claim or account;

4.     The dismissal of the complaint herein;

5.     Actual damages of at least $25,000;

6.     A civil penalty of $30,000 against each cross-defendant;

7.     Attorney fees and costs;

8.     Such other equitable relief as the court may deem appropriate.

Dated: September 24, 2007     KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP

By _____

Andrew J. Ogilvie

Attorney for Cross-Complainant, Emelia Pasternak

*Capital One Bank v. Pasternak*, Contra Costa County Superior Court, case no. L07-03088
Cross-Complaint

4

PROOF OF SERVICE

     I, the undersigned, hereby certify that I am over the age of 18 years, not a party to this

action and my business address is 445 Bush Street, 6th Floor, San Francisco, California 94108.

On September 24, 2007, I served the following document(s):

    **Cross-Complaint**

on the party stated below by the following means of service:

X    By First-Class Mail: I caused such envelope, with first-class postage thereon fully
    prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San
    Francisco, California, for collection and mailing to the office of the addressee following
    ordinary business practices.

____    By Personal Service: I caused each such envelope to be given to a courier messenger
    with instructions to deliver each such envelope to the office of the below-referenced
    attorneys of record.

____    By Facsimile: Fax Number:    See below

Addressee(s):

Joseph Deocampo
Patenaude & Felix
4545 Murphy Connon Road, 3rd Floor
San Diego, CA 92123

    I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct and that this declaration was executed on September 24, 2007.

    Alison Gilmore, Declarant