United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK, | No. C07-04980 MJJ |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| TRANS UNION, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Capital One Bank's ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (Docket No. 30.) Plaintiff Emelia M. Pasternak ("Plaintiff") opposes the Motion.

For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.

## FACTUAL BACKGROUND

Plaintiff alleges she was a victim of identity theft. (FAC ¶ 56.) She alleges that the identity thief applied for and obtained credit cards from credit card issuers including Capital One, Defendant. (*Id.* at ¶ 57.) In November 2005, when Plaintiff learned that she was a victim of identity theft, she subsequently filed a police report and notified Defendant. (*Id.* at ¶¶ 58-61.) Defendant continued its collection efforts against Plaintiff. (*Id.* at ¶ 63.) In May 2007, Defendant filed a lawsuit against Plaintiff to collect on the allegedly fraudulent account. (*Id.* at ¶ 65.) In October 2007, Plaintiff retained counsel, filed an answer, and attempted to file a cross complaint. A week later, Defendant

1 dismissed its collection action against Plaintiff. (*Id.* at ¶¶ 68 and 71.) Plaintiff then disputed the
2 allegedly fraudulent account with consumer reporting agencies (CRA's).

3 Plaintiff seeks actual damages, punitive damages, statutory damages and attorney's fees.
4 Plaintiff asserts three causes of action against Defendant: a Fair Credit Reporting Act (FCRA)
5 violation, a violation of California Civil Code §1798.92 *et seq.*, and a malicious prosecution claim.
6 (*Id.* at ¶¶ 4,6 and 7.)[1] Defendant moves to dismiss Plaintiff's FRCA claims against Defendant for
7 failure to state a claim. Defendant further contends that Plaintiff's state law claim, under California
8 Civil Code §1798.92, is preempted by the FCRA, and that Plaintiff has not satisfied the requirements
9 to plead a malicious prosecution claim. In the alternative, Defendant seeks a more definite statement
10 of Plaintiff's claims under Rule 12(e).

11 **LEGAL STANDARD**

12 A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal
13 sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a
14 Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the
15 Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News*
16 *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court
17 accepts the plaintiff's material allegations in the complaint as true and construes them in the light
18 most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).
19 Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or
20 failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v.*
21 *Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*,
22 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th
23 Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is
24 more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127
25 S.Ct. 1955, 1974 (2007).

26 ///

27

28 [1] Plaintiff has also brought claims against other defendants, including credit reporting agencies and a San Diego law firm. Those claims are not at issue in this Motion, which is brought solely by Defendant Capital One Bank.

2

## ANALYSIS

**A.     Plaintiff's Claim Under California Civil Code §1798.92 Is Not Preempted By The FCRA.**

Defendant contends that Plaintiff's state law claim under California Civil Code §1798.92 is preempted by § 1681t(b) of the FCRA. The Court disagrees.

The FCRA has two preemption provisions, § 1681t(b) and § 1681h(e). Defendant only asserts that Plaintiff's claim is preempted under § 1681t(b). § 1681t(a) states that there is a presumption against preemption, and subsection (b) of the section then goes on to enumerate specific exceptions to this presumption. In relevant part, subsection (b) states:

> (b) General exceptions. No requirement or prohibition may be imposed under the laws of any State--
>   (1) with respect to any subject matter regulated under--
>     (A) subsection (c) or (e) of section 1681b of this title, relating to the prescreening of consumer reports;
>     ...
>     (C) subsections (a) and (b) of section 1681m, relating to the duties of a person who takes any adverse action with respect to a consumer;
>     (D) section 1681m(d), relating to the duties of persons who use a consumer report of a consumer in connection with any credit or insurance transaction...
>     ...
>     (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--
>       (I) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
>       (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);
>     ...
>     (H) section 1681s-3 of this title, relating to the exchange and use of information to make a solicitation for marketing purposes; or
>     (I) section 1681m(h) of this title, relating to the duties of users of consumer reports to provide notice with respect to terms in certain credit transactions;
>     ...
>   (5) with respect to the conduct required by specific provisions of –
>     ...
>     (F) subsections (e),(f), and (g) of section 1681m of this title;
>     ...
>     (H) section 1681 s-2(a)(6).

15 U.S.C. § 1681t(b) (Supp. 2007).

In interpreting a preemption clause, this Court must give effect to its plain language unless there is good reason to believe Congress intended the language to have some more restrictive meaning. *American Bankers Ass'n v. Gould*, 412 F. 3d 1081, 1086 (9th Cir. 2005). "In interpreting

3

1  the scope of a preemption clause, we generally presume that Congress has not intended to preempt
2  state law, starting with the assumption that the historic police powers of the States are not to be
3  superseded by federal legislation unless that is the clear and manifest purpose of Congress." *Id.*
4  (quotations omitted, citing *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992)).  In
5  construing the preemption clauses of the FCRA, this Court starts with the premise that "the words of
6  a statute must be read in their context and with a view to their place in the overall statutory scheme."
7  *Id.*

Defendant argues that § 1681t(b)(1)(F), § 1681t(b)(5)(F) and/or § 1681t(b)(5)(H) preempt the California Civil Code §1798.92 claim.

**1.    Section 1681(t)(b)(1)(F) Does Not Preempt The California Civil Code §1798.92 Claim.**

**a.    Section 1681(t)(b)(1)(F) Does Not Preempt All State Claims Against Furnishers Of Credit Information.**

Defendant argues that § 1681(t)(b)(1)(F) completely preempts all state causes of action against furnishers of credit information.  Section 1681(t)(b)(1)(F) prohibits state regulation "with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies", except for certain enumerated exceptions not applicable here.  Section 1681s-2, in turn, explains the duties of furnishers of information to provide accurate information, *see* 15 U.S.C. § 1681s-2(a), and the obligations of furnishers once they are notified of a dispute, *see* 15 U.S.C. § 1681s-2(b).

District courts interpreting the scope of §1681t(b)(1)(F) have disagreed as to whether its scope sweeps so broadly as to preempt, as Defendant asserts, all state law causes of action against furnishers of credit information.  *See Stafford v. Cross Country*, 262 F. Supp. 2d 776, 785-89 (W.D. Ky 2003).  In a detailed discussion of § 1681(t)(b)(1)(F) in *Stafford*, the district court examined other how other courts had interpreted the scope of  § 1681(t)(b)(1)(F)'s preemptive effect on state law claims.  *Stafford* recognized that some courts had read § 1681t(b)(1)(F) in a way  "completely preempts *all* state causes of action, and thus also eliminates the possibility of *any* supplemental state claims against furnishers of information."  *Id.* at 785 (citing  *Hasvold v. First USA Bank, N.A.*, 194

4

F. Supp. 2d 1228, 1239 (D. Wyo. 2002) and *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361 (D. Pa. 2001)). Courts adopting this approach have concluded that § 1681(t)(b)(1)(F)'s reference to "any subject matter under ...section 1681s-2" suggests that "Congress intended to preempt all state law claims that bear any connection to furnishers of credit information." *Stafford,* 262 F. Supp. 2d at 785. .

However, other district courts, including *Stafford* itself, have held that the § 1681(t)(b)(1)(F) preemption on state law claims has a more limited scope. *Id.* at 785 (citing *Vasquez- Garcia v. Trans Union de Puerto Rico*, 222 F. Supp. 2d 150, 161 (D.P.R. 2002) and *Aklagi v. Nationscredit Fin. Servs. Corp.*, 196 F. Supp. 2d 1186, 1194 (D. Kan. 2002)). These courts reasoned that the only state law claims that are preempted by § 1681(t)(b)(1)(F) are those that relate "to the obligations of furnishers of information once they know, or have reason to know, about possible inaccuracies." *Id.*

This Court is persuaded by the detailed analysis in *Stafford* that § 1681(t)(b)(1)(F) has a more limited scope than Defendant suggests. To find that § 1681(t)(b)(1)(F) preempts all tort claims would extend the section well beyond its express terms, in contravention of the cannons of statutory construction that apply to a preemption analysis, and prevent even state law claims not regulated by § 1681s-2 that have nothing to do with the furnisher's correlation to a credit reporting agency. *See Stafford,* 262 F. Supp. 2d at 785-86. Moreover, interpreting § 1681(t)(b)(1)(F) so broadly would render other, more narrowly-drawn preemption provisions in of the FCRA superfluous. *See id.* at 786-87. The FCRA simply does not evidence a clear and manifest purpose by Congress to make § 1681(t)(b)(1)(F) so sweeping as to cause states to lose any and all power to regulate credit card companies in the manner that Defendant suggest. *See id.* at 787. Accordingly, Plaintiff's claims here are preempted by § 1681(t)(b)(1)(F) only to the extent they implicate Defendant's conduct falling with the "subject matter regulated under . . . section 1681s-2."

### b.   Plaintiff's State Claim Does Not Implicate The Subject Matter Regulated By Section 1681s-2.

Plaintiff's state law claim brought under California Civil Code § 1798.92 does not implicate the subject matter regulated by Section 1681-2 of the FCRA. Section 1681s-2 only regulates conduct involved in the reporting of credit information. In contrast, Plaintiff's state law claim

5

concerns the direct relationship between the credit provider and the consumer. Plaintiff's claim under California Civil Code § 1798.92 is premised on the allegations that Defendant failed to diligently investigate after Plaintiff directly notified Defendant that she was a victim of identify theft, and that Defendant wrongfully continued their collection efforts against her even after receiving that notification. Such allegations do not relate to conduct involved in the reporting of credit information between credit reporting agencies and credit card companies. Plaintiff is not asserting in her California Civil Code § 1798.92 claim that Defendant unfairly denied her credit because of information received from credit reporting agencies, or that as a result of derogatory information provided to credit reporting agencies Plaintiff was denied credit.

Defendant argues that subsections (6) and (8) of §1681s-2(a) further its contention that Plaintiff's state law claim implicates the subject matter regulated by § 1681s-2 and thereby preempted by § 1681(t)(b)(1)(F). The Court disagrees. Subsection (6), by its own terms, only regulates the duties of furnishers of information upon notice of identity theft from the credit reporting agency, and the duties of furnishers of information not to refurnish information to credit report agencies upon an identity theft report received directly from a consumer. Plaintiff's state law claim does not relate to a notice of identity theft received by Defendant from a credit reporting agency, and also does not assert as a basis for relief that Defendant continued to furnish information to CRAs.[2]

Subsection (8) regulates the duties of furnishers upon receiving an identify theft complaint directly from a consumer, but only with respect to the furnisher's obligation to correct the information it has previously provided to the credit reporting agency. Once again, Plaintiff's California Civil Code §1798.92 claim does not implicate this FCRA provision. Plaintiff's state claim seeks relief because Defendant continued to collect from Plaintiff, to the extent of bringing an action against Plaintiff despite notification by Plaintiff that the claim was a result of identity theft.

///
///

---

[2] For the same reason, Section 1681t(b)(5)(H), which prohibit state regulation "with respect to the conduct required by specific provisions of . . . section 1681 s-2(a)(6)", does not preempt Plaintiff's state law claim.

6

### 2. Sections 1681t(b)(5)(F) Does Not Preempt The California Civil Code §1798.92 Claim.

Defendant also argues that Section 1681(t)(b)(5)(F) preempts Plaintiff's state law claim. Section 1681(t)(b)(5)(F) prohibits state regulation "with respect to the conduct required by specific provisions of . . . subsections (e),(f), and (g) of section 1681m of this title." In particular, Defendant contends that Plaintiff's state law claim concerns the conduct required by § 1681m(e) and § 1681m(f). The Court disagrees. These subsections to § 1681m do not have a broad enough scope to preempt state regulation of the alleged misconduct.

Section 1681m(e) refers to "red flag guidelines and regulations" banking agencies and other like businesses shall jointly establish including safeguards triggered by address changes and consistency with verification requirements. *See* §1681m(e). The regulations prescribed by this section do not concern a bank's behavior towards a consumer other than reporting information about consumer to CRAs.

Defendant argues that §1681m(f) regulates the activities of creditors and debt collectors who have notice of identity theft and prohibits such creditors from "placing that account for collection. The Court disagrees with Defendant's reading of §1681m(f). Section 1681m(f) states that no person can place under collection a debt "that such person has been notified under section 1681c-2 of this title has resulted from identity theft." §1681c-2, in turn, establishes certain procedures that CRAs must take to block information when notified by a consumer of identity theft, and requires CRAs to notify the furnisher of the identity theft complaint and the block. Plaintiff's state law claim does not implicate state regulation "with respect to the conduct required by specific provisions"[3] of § 1681m(f), because Plaintiff's state law claim, which is alleged in the alternative, does not allege that Defendant ever received a notice from a CRA regarding Plaintiff's identity theft complaint, which is required to trigger the duties that a furnisher has under § 1681m(f). (FAC ¶¶ 65-72.)[4]

---

[3] Congress, by wording this § 1681t(b)(5)(F) preemption clause to prohibit only state regulation "with respect to the conduct required by specific provisions of" certain subsections, clearly intended a narrower scope of preemption than with § 1681t(b)(1)(f), which prohibits state regulation "with respect to any subject matter regulated under" certain subsections.

[4] In contrast, Plaintiff's third cause of action against Defendant for violation of the FCRA does allege that the CRAs notified Defendant that plaintiff disputed the information it had furnished concerning plaintiff. (FAC ¶ 42.) Plaintiff's state law claim does not incorporate this allegation and is pleaded in the alternative.

7

1  Instead, Plaintiff's state law claim is premised on the allegation that Defendant engaged in
2  misconduct, including continued collections efforts, after being directly notified by Plaintiff of an
3  identity theft.

4  For the above reasons, Defendant's argument that a private right of action for violation of
5  §1681s-2(a) is barred by subsection (c) and (d) of §1681, and that §1681m(h)(8) bars a private right
6  of action for claims under of §1681s-2, is unavailing.  The bar on private rights of action under these
7  sections refers to liability created by the passing of inaccurate information between CRAs and
8  furnishers of information.  They do not encompass state regulation of the relationship between the
9  consumer and creditor directly, such as that invoked by Plaintiff in her California Civil Code
10 §1798.92 claim.

11  Accordingly the Court finds that Plaintiff's claim under California Civil Code §1798.92 is
12 not preempted.

### B. Plaintiff's Malicious Prosecution Claim Is Adequately Pleaded.

14  Defendant argues that Plaintiff's malicious prosecution claim is not adequately pleaded and
15 should be dismissed.  In order to establish a case for malicious prosecution of either a criminal or
16 civil proceeding, a plaintiff must demonstrate that the prior action: (1) was commenced by or at the
17 discretion of the defendant and was pursued to a legal termination in his, plaintiff's favor; (2) was
18 brought without probable cause; and (3) was initiated with malice.  *See Casa Herrera, Inc. v.*
19 *Beydoun*, 32 Cal. 4th 336, 341 (2004).  Defendant argues, in particular, that Plaintiff has not
20 pleaded,  and cannot plead, the first element of a malicious prosecution claim, because the dismissal
21 of the earlier collections lawsuit by Defendant was voluntary.  A voluntary dismissal, according to
22 Defendant, cannot amount to termination favorable to the plaintiff.

23  In order to determine whether a termination was favorable for plaintiff, the court must look at
24 the judgment in the prior action as a whole.  *See Casa Herrera*, 32 Cal. 4th at  341.  It is not
25 essential that the previous trial was terminated following trial on the merits.  *See id*.  However, if the
26 termination does not relate to the merits and reflects on neither innocence nor responsibility for the
27 alleged misconduct, the termination is not favorable in the sense that it would support a subsequent
28 action for malicious prosecution.  *See id*. at 342.  Therefore, a technical or procedural termination, as

8

distinguished from a substantive termination, would not be favorable. *See id.* Examples of technical or procedural terminations are dismissals due to statute of limitations, laches or settlement. *See id.*

Under certain circumstances, however, a voluntary dismissal by a defendant can nonetheless amount to favorable termination. *See MacDonald v. Joslyn*, 275 Cal. App. 2d 282, 289 (1969). In *Joslyn,* the defendant appealed a judgment against him on a malicious prosecution lawsuit. The plaintiff had brought a malicious prosecution claim against the defendant because the son filed a will contest action, but later dismissed it voluntarily. *See id.* at 286. On appeal, the defendant challenged the judgment against him on the grounds that the original action was not terminated in the plaintiff's favor. *See id.* The appellate court observed that a voluntary dismissal was not ordinarily considered a dismissal on technical grounds, and could constitute a termination in plaintiff's favor even if dismissed without prejudice. *See id.* at 289. The appellate court, after reviewing the record, determined that there was no evidence of any reason for the defendant to believe he had grounds to contest the will, and affirmed the malicious prosecution judgment. *See id.* at 292.

Here, drawing all inferences in favor of Plaintiff, the Court finds that Plaintiff's allegations, if true, would establish that Defendant dismissed the collections lawsuit case because it did not have a basis to bring it in the first place. Plaintiff alleges Defendant lacked probable cause when filing the collection suit against her, despite Defendant's knowledge of Plaintiff's claim that she was a victim of identity theft. She further alleges that her own attempt to file a cross-complaint, which required a stipulation or leave of court, spurred Defendant to dismiss its allegedly baseless action. Under such circumstances, drawing all inferences in favor of Plaintiff, a factfinder could conclude that Defendant dismissed the lawsuit because it believed the lawsuit had no basis and would not succeed. Such a dismissal could be considered to be in Plaintiff's favor and would bring Plaintiff's malicious prosecution claim within the scope of *Joslyn*.[5]

Accordingly, the Court finds that Plaintiff's malicious prosecution claim is adequately pleaded.

---

[5] The cases cited by Defendant would not bar such a malicious prosecution claim. "Where a proceeding is terminated other than on the merits, the reasons underlying the termination must be examined to see if the termination reflects the opinion of either the court or the prosecuting party that the action would not succeed." *Sierra Club v. Graham*, 72 Cal. App. 4th 1135, 1149 (1999); *Pender v. Radin*, 23 Cal. App. 4th 1807, 1814 (1994); *Oprian v. Goldrich, Kest & Assoc.*, 220 Cal. App. 3d 337, 343 (1990); *see also Robbins v. Blecher*, 52 Cal. App. 4th 886, 893 (1997) ("The focus is not on the malicious prosecution plaintiff's opinion of his innocence, but on the opinion of the dismissing party.").

**C.    Plaintiff's FCRA Claim Is Adequately Pleaded.**

Defendant contends that Plaintiff's FCRA claim is insufficiently pleaded. Plaintiff alleges that Defendant furnished inaccurate information to CRAs, that Defendant was notified by CRAs of Plaintiff's dispute and that its actions, and that Defendant negligently or willfully violated the FCRA by failing to conduct an appropriate investigation. (FAC ¶¶ 40, 42 and 44.) The Court finds that under Rule 8(a)(2), Plaintiff's FAC gives Defendant fair notice of the grounds upon which the FCRA claim rests.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

Dated: April 3, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

10