1   Abraham J. Colman (SBN 146933)
    Felicia Y. Yu (SBN 193316)
2   Veronica Kuiumdjian (SBN 244825)
    REED SMITH LLP
3   355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071-1514
4   Telephone: 213.457.8000
    Facsimile: 213.457.8080
5
    Attorneys for Defendant
6   Capital One Bank

7

8                 UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

10  EMELIA M. PASTERNAK,                    )   No.: CV 07 4980 CW
                                            )
11              Plaintiff,                  )   **DEFENDANT CAPITAL ONE
                                            )   BANK'S ANSWER TO PLAINTIFF'S
12      vs.                                 )   FIRST AMENDED COMPLAINT**
                                            )
13  TRANS UNION, LLC, EXPERIAN              )
    INFORMATION SOLUTIONS, INC.,            )   Compl. Filed:   September 26, 2007
14  EQUIFAX INFORMATION SERVICES,           )
    LLC, and CAPITAL ONE BANK, a            )
15  national association,                   )   Honorable Claudia Wilken
                                            )
16              Defendants.                 )
                                            )
17  ─────────────────────────────────

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Defendant Capital One Bank, ("Capital One"), for itself and for no one

2    else answers the First Amended Complaint ("FAC") of Plaintiff Emelia M. Pasternak

3    ("Plaintiff") as follows:

4

5                          **JURISDICTION AND VENUE**

6

7        1.      Answering Paragraph 1 of the FAC, Capital One admits that

8    jurisdiction is proper in this court pursuant to 15 U.S.C. 1681p.  Capital One admits

9    that Plaintiff has amended his complaint to bring claims pursuant to the FCRA, Fair

10   Debt Collection Practices Act, California Civil Code § 1798.92 and malicious

11   prosecution.  Capital One, however, denies any implication that it is liable to Plaintiff

12   or that Plaintiff's Complaint states a cause of action against Capital One.  Except as

13   stated, Capital One is without sufficient knowledge or information to form a belief as

14   to the truth of the allegations contained in said paragraph, and on that basis denies

15   each and every allegation contained therein.

16

17       2.      Answering Paragraph 2 of the FAC, Capital One does not have

18   sufficient information or knowledge to form a belief as to the truth of these

19   allegations, and on that basis, denies these allegations.

20

21       3.      Answering Paragraph 3 of the FAC, Capital One does not have

22   sufficient information or knowledge to form a belief as to the truth of these

23   allegations, and on that basis, denies these allegations.

24

25       4.      Answering Paragraph 4 of the FAC, Capital One denies each and

26   every allegation of wrongdoing contained therein.  Capital One denies that it received

27

28

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  any notice from the credit reporting agencies ("CRAs") that Plaintiff had disputed

2  information reported by Capital One.

3

4      5.      Answering Paragraph 5 of the FAC, Capital One does not have

5  sufficient information or knowledge to form a belief as to the truth of these

6  allegations, and on that basis, denies these allegations.

7

8      6.      Answering Paragraph 6 of the FAC, Capital One denies each and

9  every allegation of wrongdoing contained therein.  Except as stated, Capital One is

10  without sufficient knowledge or information to form a belief as to the truth of the

11  remaining allegations contained in said paragraph, and on that basis denies each and

12  every remaining allegation contained therein.

13

14      7.      Answering Paragraph 7 of the FAC, Capital One admits that it

15  filed an action against Ms. Pasternak in state court regarding a credit card account in

16  her name.  Capital One denies the remaining averments contained in Paragraph 7 of

17  the FAC.

18

19                          **THE PARTIES**

20

21      8.      Answering Paragraph 8 of the FAC, Capital One admits that

22  Emelia M. Pasternak is a consumer as defined by 15 U.S.C. § 1681a(c).  Except as

23  stated, Capital One is without sufficient knowledge or information to form a belief as

24  to the truth of the allegations contained in said paragraph, and on that basis denies

25  each and every allegation contained therein.

26

27

28

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

9.     Answering Paragraph 9 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

10.     Answering Paragraph 10 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

11.     Answering Paragraph 11 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

12.     Answering Paragraph 12 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

13.     Answering Paragraph 13 of the Complaint, Capital One admits that it is a national banking association.  Capital One further admits that Capital One is a furnisher of credit information to one or more of the other credit reporting defendants.

14.     Answering Paragraph 14 of the FAC, Capital One admits that Patenaude & Felix is a law firm with an office in San Diego.

## FIRST CLAIM

15.     Answering Paragraph 15 of the FAC, Capital One incorporates and re-alleges its responses to Paragraphs 1 through 14 as though set forth in full.

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

16.    Answering Paragraph 16 of the FAC, the cited statutes speak for themselves.

17.    Answering Paragraph 17 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

18.    Answering Paragraph 18 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

19.    Answering Paragraph 19 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

20.    Answering Paragraph 20 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

21.    Answering Paragraph 21 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

22.    Answering Paragraph 22 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

23.    Answering Paragraph 23 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

24.    Answering Paragraph 24 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

25.    Answering Paragraph 25 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

26.    Answering Paragraph 26 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

27.    Answering Paragraph 27 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

## SECOND CLAIM

28.    Answering Paragraph 28 of the FAC, Capital One incorporates and re-alleges its responses to Paragraphs 1 through 10 as though set forth in full.

29.    Answering Paragraph 29 of the FAC, the cited statutes speak for themselves.

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

30.    Answering Paragraph 30 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

31.    Answering Paragraph 31 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

32.    Answering Paragraph 32 of the FAC, Capital One admits that it did not receive any notification of disputed information from the CRAs.  Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33.    Answering Paragraph 33 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

34.    Answering Paragraph 34 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

35.    Answering Paragraph 35 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1        36.    Answering Paragraph 36 of the FAC, Capital One does not have

2  sufficient information or knowledge to form a belief as to the truth of these

3  allegations, and on that basis, denies these allegations.

4

5        37.    Answering Paragraph 37 of the FAC, Capital One does not have

6  sufficient information or knowledge to form a belief as to the truth of these

7  allegations, and on that basis, denies these allegations.

8

9                      **THIRD CLAIM**

10

11        38.    Answering Paragraph 38 of the FAC, Capital One incorporates and

12  re-alleges its responses to Paragraphs 1 through 14 as though set forth in full.

13

14        39.    Answering Paragraph 39 of the FAC, the cited statutes speak for

15  themselves.

16

17        40.    Answering Paragraph 40 of the FAC, Capital One admits that it

18  reported information to the CRAs in the last two years that Plaintiff disputed.

19

20        41.    Answering Paragraph 41 of the FAC, Capital One does not have

21  sufficient information or knowledge to form a belief as to the truth of these

22  allegations, and on that basis, denies these allegations.

23

24        42.    Answering Paragraph 42 of the FAC, Capital One denies that it

25  received any notification from the CRAs that Plaintiff had disputed the information it

26  had furnished concerning Plaintiff.

27

28

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

43.    Answering Paragraph 43 of the FAC, Capital One denies that it received any information from the CRAs that Plaintiff provided to the CRAs. Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44.    Answering Paragraph 44 of the FAC, Capital One denies these allegations.

45.    Answering Paragraph 45 of the FAC, Capital One denies these allegations.

46.    Answering Paragraph 46 of the FAC, Capital One denies that Plaintiff is entitled to any of the relief set forth in this Paragraph.

47.    Answering Paragraph 47 of the FAC, Capital One denies that Plaintiff is entitled to any of the relief set forth in this Paragraph.

### FOURTH CLAIM

48.    Answering Paragraph 48 of the FAC, Capital One incorporates and re-alleges its responses to Paragraphs 1 through 14 as though set forth in full.

49.    Answering Paragraph 49 of the FAC, Capital One admits that Patenaude & Felix is a law firm with an office in San Diego. Patenaude & Felix has engaged in debt collection. Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

in said paragraph, and on that basis denies each and every allegation contained therein.

50.    Answering Paragraph 50 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

51.    Answering Paragraph 51 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

52.    Answering Paragraph 52 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

53.    Answering Paragraph 53 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

54.    Answering Paragraph 54 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

55.    Answering Paragraph 55 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FIFTH CLAIM**

56.    Answering Paragraph 56 of the FAC, Capital One denies that Plaintiff is currently a "victim of identity theft" as defined in Civil Code § 1798.92(b). Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

57.    Answering Paragraph 57 of the FAC, Capital One denies that Capital One and Patenaude & Felix are "claimants" as that term is defined in Civil Code § 1798.92(a).  Capital One and Patenaude & Felix do not purport to have a claim for money or an interest in property in connection with a transaction procured through identity theft.

58.    Answering Paragraph 58 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

59.    Answering Paragraph 59 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

60.    Answering Paragraph 60 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

61.    Answering Paragraph 61 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

62.    Answering Paragraph 62 of the FAC, Capital One denies these allegations.

63.    Answering Paragraph 63 of the FAC, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

64.    Answering Paragraph 64 of the FAC, Capital One denies that Plaintiff is entitled to any of the relief set forth in this Paragraph.

### SIXTH CLAIM

65.    Answering Paragraph 65 of the FAC, Capital One admits that Patenaude & Felix filed a lawsuit against Ms. Pasternak in Contra Costa County to collect on a debt opened with Capital One.  Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

66.    Answering Paragraph 66 of the FAC, Capital One denies these allegations.

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

67.    Answering Paragraph 67 of the FAC, Capital One denies these allegations.

68.    Answering Paragraph 68 of the FAC, Capital One admits that Ms. Pasternak's attorneys sent Patenaude & Felix a copy of a proposed cross-complaint in the Contra Costa County action.  Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

69.    Answering Paragraph 69, Capital One admits that Ms. Pasternak's cross-complaint was not filed with her answer.  As to the remaining allegations, Capital One does not have sufficient information or knowledge to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

70.    Answering Paragraph 70 of the FAC, Capital One admits that the cross-complaint was never filed.  Except as stated, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

71.    Answering Paragraph 71 of the FAC, Capital One admits that Patenaude & Felix dismissed the Contra Costa County collection action against Ms. Pasternak.  As to the remaining allegations, Capital One denies each and every one.

72.    Answering Paragraph 72 of the FAC, Capital One denies these allegations.

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

73.    Answering Paragraph 73 of the FAC, Capital One denies that Plaintiff is entitled to any of the relief set forth in this Paragraph.

## PRAYER

74.    Answering the prayer for relief, Capital One denies that Plaintiff is entitled to any of the relief set forth in this Paragraph.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    Plaintiff fails to state a claim against Capital One upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2.    Plaintiff's claims are barred by the equitable doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.    Plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Mistake)

4.    Any alleged acts or omissions of Capital One giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite

reasonable procedures implemented by Capital One.  Capital One acted in a reasonable manner in connection with the transactions at issue in this action.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

5.     Plaintiff has failed, in whole or in part, to mitigate her alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

(Waiver)

6.     Plaintiff has waived any and all claims, rights and demands made in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Fault of Others)

7.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Capital One.

### EIGHTH AFFIRMATIVE DEFENSE

(Intervening Acts)

8.     The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Capital One.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Contribution)

9.      Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## TENTH AFFIRMATIVE DEFENSE

### (Several Liability)

10.      Should Plaintiff prevail against Capital One, Capital One's liability is several and limited to its own actionable segment of fault, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Duty to Plaintiff)

11.      Capital One owed no duty to Plaintiff to control the alleged conduct of third persons.

## TWELFTH AFFIRMATIVE DEFENSE

### (Causation)

12.      The Complaint fails to show that any alleged acts or omissions of Capital One caused the injuries or damages claimed by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

13.      The injuries or damages of which Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action.

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Malice)

14.    Capital One specifically denies acting with any willfulness, oppression, fraud or malice towards Plaintiff or others.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Justification)

15.    The acts and omissions alleged in the Complaint were justified.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

16.    Plaintiff's claims are barred by all applicable statutes of limitations, including but not limited to 15 U.S.C. § 1681p.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

17.    Plaintiff's demand for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

18.    Plaintiff's claims against Capital One are uncertain, ambiguous and unintelligible.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## NINETEENTH AFFIRMATIVE DEFENSE

(Protection of Economic Interest)

19.    Capital One at all times acted in good faith and in accordance with reasonable commercial standards to protect Capital One's economic interest, thus precluding any recovery by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Give Notice)

20.    Plaintiff and credit reporting agencies failed to give proper notice to Capital One of identity theft and/or fraud as required by law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure of Conditions Precedent)

21.    Conditions precedent, which may have given rise to a duty to act or liability on the part of Capital One, did not arise.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

22.    Some or all of Plaintiff's claims are barred by the doctrine of Unclean Hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Preemption)

23.    Plaintiff's state law claims are preempted under federal law, including but not limited to the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

24.    Plaintiff's actions prevented Capital One's required performance, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Claim Preclusion)

25.    Plaintiff's claims are barred under the doctrine of claim preclusion, Fed. R. Civ. P. 13 and Cal. Code Civ. Proc., § 426.30.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Advice of Counsel)

26.    Capital One is not liable on Plaintiff's causes of action because Capital One acted at all times in reasonable and good faith reliance on the opinion and advice of counsel based on counsel's full and complete understanding of all relevant facts.

27.    Capital One may have additional, as yet unstated, affirmative defenses available.  Capital One therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Capital One prays for judgment as follows:

1.    That Plaintiff takes nothing by reason of the Complaint;

2.    That the Complaint be dismissed with prejudice;

3.    For its costs of suit herein;

4.    For attorney's fees according to proof; and

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1        5.     For such other and further relief as this Court may deem just and

2

3  proper.

4

5           DATED:  May 9, 2008

6

7                                  REED SMITH LLP

8

9                            By___*/s/ Felicia Y. Yu*_____

                              Abraham J. Colman

10                           Felicia Y. Yu

                         Veronica Kuiumdjian

11                           Attorneys for Defendant

                         CAPITAL ONE BANK

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# PROOF OF SERVICE

I, Candice A. Spoon, declare:

I am employed in the County of Los Angeles, State of California. My business address is Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On May 9, 2008, I served the document(s) described as:

***DEFENDANT CAPITAL ONE BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT***

on the interested parties in this action by the methods listed below:

### *SEE ATTACHED SERVICE LIST*

☒ BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the United States District Court, Northern District of California, San Francisco Division's website www.ecf.cand.uscourts.gov.

☐ BY PERSONAL DELIVERY: I personally delivered the document(s) listed above to the person(s) at the address(es) set forth on the attached list.

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071

☐ BY ☐ UPS NEXT DAY AIR ☐ FEDERAL EXPRESS ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ UPS ☐ FEDERAL EXPRESS ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ UPS ☐ FEDERAL EXPRESS OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s): in accordance with the written confirmation of counsel in this action.

☐ BY EMAIL: I sent via electronic mail a copy of said document(s) to the following addressee(s):

☐    [State]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2008, at Los Angeles, California.

Candice A. Spoon

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PROOF OF SERVICE

<div style="text-align:left; writing-mode: vertical">REED SMITH LLP
A limited liability partnership formed in the State of Delaware</div>

**Service List**
*Pasternak v. Trans Union, LLC, et al.*
USDC, Case No.: CV 07-04980 CW

| | |
|---|---|
| **Andrew Jones Ogilvie**<br>Kemnitzer Anderson Barron Ogilvie & Brewer, LLP<br>445 Bush Street, Sixth Floor<br>San Francisco, CA 94108<br>Tel: (415) 861-2265<br>Fax: (415) 861-3151<br>Email: ajogil@kabolaw.com | *Attorneys for Plaintiff*<br>*Emelia M. Pasternak* |
| **Donald E. Bradley**<br>Musick Peeler & Garrett LLP<br>650 Town Center Drive<br>Suite 1200<br>Costa Mesa, CA 92626<br>Tel: 714-668-2400<br>Fax: 714-668-2490<br>Email: d.bradley@mpglaw.com | *Attorneys for Defendant*<br>*Trans Union LLC* |
| **Thomas P. Quinn**<br>Nokes & Quinn<br>450 Ocean Avenue<br>Laguna Beach, CA 92651<br>Tel: 949-376-3055<br>Fax: 949-376-3070<br>Email: yhoman@nokesquinn.com | *Attorneys for Defendant*<br>*Equifax Information Services LLC* |
| **Cara Hergenroether**<br>King & Spalding, LLP<br>1180 Peachtree Street N.E.<br>Atlanta, Georgia 30309-3521<br>Tel: (404) 215-5796<br>Fax: (404) 572-5100<br>Email: chergenroether@kslaw.com | *Attorneys for Defendant*<br>*Equifax Information Services LLC*<br>*Admitted Pro Hac Vice* |
| **David L. Wallach**<br>Jones Day<br>555 California Street<br>26th Floor<br>San Francisco, CA 94104<br>Tel: 415-875-5827<br>Fax: 415-875-5700<br>Email: dwallach@jonesday.com | *Attorneys for Defendant*<br>*Experian Information Solutions Inc* |

- 3 -

PROOF OF SERVICE

1

## Service List
*Pasternak v. Trans Union, LLC, et al.*
USDC, Case No.: CV 07-04980 CW

2

| **Lucinda Warnett Andrew** | *Attorneys for Defendant* |
|---|---|
| Jones Day | *Experian Information Solutions Inc.* |
| 2727 North Harwood Street | *Admitted Pro Hac Vice* |
| Dallas, TX  75201 | |
| Tel:  214.220.3939 | |
| Fax:  214.969.5100 | |
| Email:  candrew@jonesday.com | |

3

4

5

6

7

DOCSLA-15639590.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 4 -