Abraham J. Colman (SBN 146933)
Felicia Y. Yu (SBN 193316)
Veronica Kuiumdjian (SBN 244825)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendant
Capital One Bank (USA), N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association,<br><br>　　　　Defendants. | No.: CV 07 4980 CW<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS BY ALEXANDER TRUEBLOOD AND FOR ORDER QUASHING PLAINTIFF'S SUBPOENA**<br><br>Date:　　　July 24, 2008<br>Time:　　　2:00 p.m.<br>Courtroom:　2<br><br>Honorable Claudia Wilken<br><br>[Filed Concurrently with: Declaration of Lily J. Zhang; Declaration of Veronica Kuiumdjian; and Proposed Order] |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 24, 2008 at 2:00 p.m. in Courtroom 2 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Capital One Bank (USA) N.A. will and hereby does move the Court for a protective order and an order quashing Plaintiff Emelia Pasternak's subpoena to Alec Trueblood

This motion is made on the grounds that Mr. Trueblood has signed a protective order in another case, which precludes him from disclosing the materials sought by Plaintiff. Second, the documents Plaintiff seeks to obtain have no relevance or involvement in any respect to Plaintiff's alleged claims.

This motion is based on this Notice, the concurrently filed Memorandum of Points and Authorities, the Declaration of Veronica Kuiumdjian and Lily Zhang the Exhibits thereto, and such other evidence and argument that the Court may permit.

DATED: June 13, 2008.

        REED SMITH LLP

        By   /s/ Veronica Kuiumdjian
            Abraham J. Colman
            Felicia Y. Yu
            Veronica Kuiumdjian
            Attorneys for Defendant
            Capital One Bank (USA), N.A.

# I. MEMORANDUM OF POINTS AND AUTHORITIES

## A.   INTRODUCTION

This motion seeks protection from an attempt by Plaintiff, using an overbroad subpoena on a third party attorney, to obtain confidential and personal information and documents that were produced in an unrelated state court proceeding. *See* Exhibit ("Exh.") 1, attached to Kuiumdjian Declaration. Apart from being an unusual incursion into a separate, unrelated case involving a different Capital One customer, the subpoena seeks documents specifically protected by a protective order precluding the use of the documents in any other proceeding. *See* Exh. 1 to Zhang Decl. Plaintiff and her counsel are certainly capable of requesting relevant discovery specific to this case. There is no need for their broad subpoena, which only burdens this case with irrelevant facts and discovery issues. It also prejudices the privacy and confidentiality interests of Capital One and its customers.

Specifically, on May 16, 2008, Plaintiff served a subpoena to Alexander Trueblood, an attorney who recently litigated another case against Capital One.[1] The subpoena broadly seeks: "All depositions, including exhibits, of personnel of Capital One or Patenaude & Felix and all interrogatory responses of Capital One or Patenaude & Felix in any litigation involving claims of identity theft, credit reporting violations and/or malicious prosecution." *See* Exh. 1, attached to Kuiumdjian Decl.

Yet apart from some of the legal claims asserted, there is no connection between the instant case and the one litigated by Mr. Trueblood. This case arises out of a credit card application fraudulently submitted by an unknown perpetrator in Plaintiff's name. Here, Plaintiff challenges how the account was opened, and how Capital One responded to her dispute of identity theft. In distinct contrast, Mr.

---

[1] *Valdez v. Capital One Bank, et al*, Los Angeles Superior Court Civil Case No. BC363338.

REED SMITH LLP

Trueblood's state court action involved an intra-family dispute. There, the disputed accounts were not opened by strangers. Rather, one account was admittedly opened by the cardholder and the other was opened by the consumer's girlfriend, who was given a power of attorney by the consumer. A core issue in that case was whether the girlfriend exceeded the scope of her authority and whether the consumer benefitted from any the charges made on the account. The fact that both cases superficially involve claims of fraud and disputed charges is not enough to justify importing irrelevant issues, documents and testimony from the state court case to this one.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) and 45(c)(3)(B)(i), Capital One hereby moves this Court for a protective order and an order quashing Plaintiff's subpoena to Alec Trueblood, Esq. First, an existing protective order in another case that has been settled precludes the disclosure of the documents to Plaintiff and her counsel here. *See* Exhibit 1, attached to Zhang Decl. Second, the request for documents is patently overbroad and seeks to obtain information that has no relevance to Plaintiff or her claims in this case. Accordingly, Capital One respectfully requests that the Court quash the non-party document subpoena, served on inadequate notice, and enter a protective order that Mr. Trueblood shall not produce the documents sought by Plaintiff.

## II.  FACTUAL BACKGROUND

Capital One received a signed written application for the account at issue with the name "Emmy Pasternak" on October 5, 2004. Capital One verified the information on the application with various credit reporting agencies ("CRAs")-- Equifax, Experian and Transunion. Capital One also sent a letter to the applicant requesting address verification on October 6, 2004. The information on the application matched the information from the CRAs and Capital One also received address verification in response to the letter it sent. Thereafter, Capital One opened

the account on October 13, 2004.[2]

This account remained open for around a year and a half without any dispute and Capital One received payments on the account. Plaintiff later claimed that an unidentified individual stole her identity and opened the account. Capital One placed a disagreement code on her credit file until resolution of the dispute. The account was placed with Patenaude & Felix, a collection attorney firm, that filed suit in Contra Costa County Superior Court. Plaintiff filed a complaint in federal court on September 26, 2007. On October 19, 2007, Patenaude & Felix dismissed the state court collection action against Plaintiff.

Alexander Trueblood litigated a recent case against Capital One and Patenaude & Felix filed in Los Angeles Superior Court entitled *Valdez v. Capital One Bank, et al. ("Valdez")*. *See* Zhang Decl. ¶ 2. Plaintiff now seeks confidential and proprietary information from Alec Trueblood regarding the *Valdez* suit. The *Valdez* lawsuit involved a completely different set of facts and issues. That lawsuit involved two cards opened over the internet. *See* Zhang Decl. ¶ 5. Plaintiff Valdez in that suit claimed that his girlfriend of 12 years (now his ex-girlfriend), with whom he has a son, used a validly opened Capital One card and also opened a second Capital One credit card in his name without his authority, which she also used. *See* Zhang Decl. ¶ 5. At issue were charges on the two accounts during three months in 2005, which Valdez claims were made by his girlfriend while he was stationed in Iraq. *See* Zhang Decl. ¶ 6. Significantly, the charges were not challenged by Valdez for close to a year, including charges that admittedly involved transfers by courtesy check into Valdez' savings account and payment of other cards in Valdez' names including one

---

[2] In August of 2003, Plaintiff disputed another account opened with Capital One in her name. The account was closed and Capital One advised Plaintiff to report the fraud to the credit reporting agencies, as well as Plaintiff's actual creditors, so as to prevent future identity theft.

he acknowledged he gave his girlfriend permission to use. *See* Zhang Decl. ¶ 7. Further, it was discovered on the eve of trial and before most of the depositions were taken in the Valdez action - discovery which lead to significant pre-trial rulings against Valdez – that several months prior to the date of the allegedly unauthorized activity Valdez had executed a Power Of Attorney ("POA") which, by its terms, authorized his girlfriend to, among other things, manage and conduct all of Plaintiff's banking, credit and other financial affairs. *See* Zhang Decl. ¶ 8. The Valdez case, after a dramatic decline in the plaintiff's demand, settled while the jury panel was brought into the courtroom.[3] *See* Zhang Decl. ¶ 9.

Simply put, Plaintiff cannot prove that Capital One violated any law or statutes with regard to its handling of this account by showing that Capital One attempted to collect a debt from someone else, who had given his girlfriend a power of attorney to handle his finances, and who had received direct benefit from the charges she made including credit card advance checks written to the then cardholder's bank account. Plaintiff cannot make a showing that they are similarly situated or the circumstances between the matters are the same. Capital One should not have to defend against Plaintiff's claims by justifying unrelated decisions or acts involving different accounts and a person with non-similar circumstances. Nor should information related to another cardholder, including credit bureau screens, screen shots of Capital One computer information for the other cardholder revealing balance, social security, address and other personal information or testimony concerning the other cardholder be revealed in this case because to do so, besides revealing information manifestly irrelevant in this action, would violate the other cardholder's privacy rights and the

---

[3] Other facts discovered just before trial are worth note including: Valdez' girlfriend of over ten years handled his financial affairs during other military deployments without any written POA, was the mother of his minor son and took care of his other children, resided at a residence leased in both of their names, wrote checks on Valdez' checking account including checks to his former wife for child support, received money regularly from Valdez and remained as a dependent on Valdez' medical insurance. *See* Zhang Decl. ¶ 10.

letter and intent of privacy based statutes like the FCRA.

### III.  LEGAL ARGUMENT

**A.  THE DOCUMENTS REQUESTED BY PLAINTIFF ARE PROTECTED BY A PROTECTIVE ORDER.**

Pursuant to the protective order signed by the Judge and entered into by Capital One, Patenaude & Felix and the plaintiff in *Valdez*, who was represented by Trueblood, the parties acknowledged the confidential and private nature of the materials produced in that action and are bound to maintain the privacy and confidentiality of those records including depositions and documents.  *See* Exhibit 1, attached to Zhang Decl.  All Capital One deposition testimony is deemed confidential.  *See also*, Exh. 2, attached to Zhang Decl.  In addition, confidential documents and information from Capital One files relating to Valdez have been used to draft interrogatory responses and those responses are unique to Mr. Valdez, who is not a party to this action.

The purpose of a protective order is to provide a safeguard for parties and allow courts the ability to control the discovery process.  *United State v. CBS, Inc.,* 666 F. 2d 364, 368-369 (9th Cir. 1982).  Finding good cause, the Judge in *Valdez* signed the protective order and this court should honor Judge Minning's decision as to what materials should be kept confidential and not be produced.  In having the protective order stipulated and approved by the court in *Valdez*, the parties showed that the information they sought to protect were "trade secret(s) or other confidential research, development, or commercial information," under FRCP 26(c)(1)(G) and its disclosure would be harmful to the party's interest.  Therefore, pursuant to the *Valdez* protective order, the documents being sought, which admittedly contain substantial private, proprietary, trade secret and other confidential materials, should not be produced.

REED SMITH LLP

1  **B.   THE DOCUMENTS REQUESTED BY PLAINTIFF ARE NOT RELEVANT AND
2        NOT WITHIN THE SCOPE OF PERMISSIBLE DISCOVERY.**

Courts have incorporated relevance as a factor when determining a motion to quash a subpoena. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662 (D. Kan. 2003). Specifically, FRCP 45(c)(3)(A), requires the court to consider "[s]uch factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (quoting *Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)).

The scope of discovery is governed by Rule 26, which allows discovery regarding any matter, not privileged, that "is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Oppenheimer Fund v. Sandars*, 437 U.S. 340, 351-52 (1978). A non-party recipient of a subpoena "is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." *Moon,* 232 FRED. at 636 (citing Advisory Committee Notes to 1991 Amendment.)

A party's failure to establish that the requested documents are reasonably calculated to lead to admissible evidence justifies a protective order preventing the documents from being produced. Defendants have standing to move for a protective order if the subpoenas seek irrelevant information. Defendants also have standing to quash a subpoena when they have a "privilege, personal interest, or proprietary interest." *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

As an initial matter, the party who moves to quash a subpoena has the "burden

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of persuasion" under FRCP 45(c)(3). *Moon*, 232 F.R.D. at 637 (citing *Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)). In this case, that means that Capital One has the burden to demonstrate that Plaintiff's subpoena reaches beyond the scope of discovery set out in FRCP 26 and 45. Capital One has met this burden because there is a total lack of specificity with regard to the date and subject matter of the documents demanded in the subpoena and a protective order already bars their production. Equally important, Plaintiff cannot explain to this Court why it seeks production of deposition testimony and interrogatory responses relating to another Capital One cardholder and his unique account and credit history because there is simply no way to justify such a blatantly irrelevant and overbroad subpoena. Under this standard, discovery into deposition testimony and discovery responses involving a third party having an account with Capital One is not proper where, as here, the compared individuals are not similarly situated. A plaintiff must show that the other individual is similarly situated in all respects. *See, e.g., Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 583 (6th Cir. 1992) ("[T]o make a comparison of a discrimination plaintiff's treatment to that of non-minority employees, the plaintiff must show that the 'comparables' are similarly situated in all respects"); *Marquez v. Bridgestone Firestone, Inc.*, 353 F. 3d 1037, 1038 (8th Cir. 2004) (employee required to point to individuals who have dealt with same supervisor, have been subject to same standards, and engaged in same conduct without any mitigating or distinguishing circumstances); *In re Fontaine*, 402 F. supp. 1219 (E.D.N.Y 1975) (disallowed discovery of nonparty loan applications, despite the fact that they were submitted to and processed by the same bank); *Food Lion, Inc. V. United Food and Commercial Workers Int'l Union, et al.*, 103 F. 3d 1007, 1014 (D.C. 1997) (vacating the order compelling the public relations firm to produce nonparty union documents because "[a]llowing the discovery would enable an employer at war with an organizing union to get its hands on the documents of two completely independent unions, which have absolutely no connection that that employer at all"); *Haskell v.*

- 7 -

REED SMITH LLP

*Kamen Corp.*, 743 F. 2d 113, 122 (2d Cir. 1984) (error to allow former employees to testify as to the circumstances of their termination; such "pattern and practice" evidence was of an unscientific nature); *Chlopek v. Federal Ins. Co.*, 499 F. 3d 692, 699 (7th Cir. 2007) (In order to admit evidence of another accident, "the proponent must show that the other accidents occurred under substantially similar circumstances….this showing is necessary because the probative force of evidence of other accidents decreases [a]s the circumstances and conditions of the other accidents become less similar to the accident under consideration. At the same time, the risk of unfair prejudice remains, along with potential costs in terms of time and distraction.")

The instant case is not a class action and, accordingly, Plaintiff could not possibly make the requisite showing necessary to obtain discovery regarding Capital One's handling of a wholly unrelated individual in another case. Plaintiff is also not similarly situated to plaintiff in the *Valdez* suit. The facts surrounding the opening of the account and charges made to the account are no where close to being comparable. Enforcing Plaintiff's subpoena would serve no purpose other than to allow Plaintiff to peruse account and credit information of a third party, as well as Capital One's handling of the third party's unique situation, and this is not a purpose of discovery. The account of Valdez is subject to separate privacy and credit protection statutes and is completely irrelevant to the matters in issue in this case. Therefore, the Court should issue a protective order to preclude the production of document by Mr. Trueblood for yet another independent reason dealing with FRCP 26.

**C.    THE SUBPOENA IS DEFECTIVE AND SHOULD BE QUASHED.**

In addition to the fact that Plaintiff is seeking protected and irrelevant documents and testimony, Plaintiff also violated FRCP 45 by not serving a notice of the subpoena to the parties in this lawsuit prior to serving the subpoena on Mr. Trueblood.

REED SMITH LLP

In *Spencer*, the court found that a failure to give notice prior to the issuance of subpoenas violates Rule 45(b)(1). *Spencer v. Steinman*, 179 F.R.D. 484, 488-89 (E.D. Penn. 1998). "It is settled that a party issuing a subpoena to a nonparty for the production of documents during discovery must provide prior notice to all parties to the litigation." *Id.* at 487. The court in *Seewald* found that even though opposing counsel received notice prior to production, this was insufficient to meet the requirements of Rule 45(b)(1). *Seewald v. IIS Intelligent Info. Sys., Ltd.*, 1996 WL 612497 (E.D.N.Y. Oct. 16, 1996) at *4-5; *see also BioCore Medical Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998) ("The committee's use of the term 'prior' must be given effect….Based upon the cases, the history, and the language of Rule 45(b)(1), we interpret it to require notice prior to service of a subpoena duces tecum…To the extent that the subpoena is improper, opposing counsel must be able to interfere with its enforcement.")

### IV. CONCLUSION

For the foregoing reasons, Capital One respectfully requests that the Court quash the subpoena and enter a protective order preventing the documents from being produced.

DATED: June 13, 2008.

        REED SMITH LLP

        By   /s/ Veronica Kuiumdjian
           Abraham J. Colman
           Felicia Y. Yu
           Veronica Kuiumdjian
           Attorneys for Defendant
           Capital One Bank

DEFENDANT CAPITAL ONE BANK (USA) N.A.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS AND FOR ORDER QUASHING SUBPOENA

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On June 13, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS BY ALEXANDER TRUEBLOOD AND FOR ORDER QUASHING PLAINTIFF'S SUBPOENA**

☒ <u>On the recipients designated on the Transaction Receipt located on the CM/ECF website.</u>

☒ **<u>FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.</u>**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 13, 2008 at Los Angeles, California.

<u>/s/ Davina Bernal</u>
Davina Bernal

- 1 -
Proof of Service

1  Abraham J. Colman (SBN 146933)
   Felicia Y. Yu (SBN 193316)
2  Veronica Kuiumdjian (SBN 244825)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA  90071-1514
4  Telephone:  213.457.8000
   Facsimile:   213.457.8080
5
   Attorneys for Defendant
6  Capital One Bank (USA), N.A.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11  EMELIA M. PASTERNAK,              ) No.: CV 07 4980 CW
                                      )
12              Plaintiff,            ) **[PROPOSED] ORDER GRANTING**
                                      ) **DEFENDANT CAPITAL ONE BANK**
13       vs.                          ) **(USA), N.A.'S MOTION FOR**
                                      ) **PROTECTIVE ORDER AND MOTION TO**
14  TRANS UNION, LLC, EXPERIAN        ) **QUASH PLAINTIFF'S SUBPOENA**
    INFORMATION SOLUTIONS, INC.,      )
15  EQUIFAX INFORMATION SERVICES,     ) Date:        July 24, 2008
    LLC, and CAPITAL ONE BANK, a      ) Time:        2:00 p.m.
16  national association,             ) Courtroom:   2
                                      )
17              Defendants.           ) Honorable Claudia Wilken
                                      )
18                                    ) [Filed Concurrently with:
                                      ) Motion for Protective Order and Motion
19                                    ) to Quash; Declaration of Veronica
                                      ) Kuiumdjian; and Declaration of Lily J.
20                                    ) Zhang]
                                      )
21                                    )
                                      )
22                                    )
                                      )
23                                    )

24

25

26

27

28

Defendant Capital One Bank (USA), N.A.'s ("Capital One") Motion for Protective Order and Motion to Quash came on for hearing in Courtroom 2 of the above-captioned Court on July 24, 2008 at 2:00 p.m. Appearances were as stated in the minutes.

Having considered the papers and arguments submitted by counsel, and after consideration of the pleadings, all documents and admissible evidence filed relating to the Motion and all arguments of the parties, and good cause appearing, the Court orders as follows:

1. Capital One's Motion for Protective Order to preclude Alexander Trueblood from producing documents sought in Plaintiff's subpoena dated is hereby GRANTED; and

2. Capital One's Motion to Quash Plaintiff's subpoena to Alexander Trueblood is hereby GRANTED.

IT IS SO ORDERED.

DATED: _____    _____
                                 Honorable Claudia Wilken
                                 United States District Court Judge

- 1 -
[PROPOSED] ORDER GRANTING DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFF'S SUBPOENA

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On June 13, 2008, I served the following document(s) by the method indicated below:

**[PROPOSED] ORDER GRANTING DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH PLAINTIFF'S SUBPOENA**

☒ <u>On the recipients designated on the Transaction Receipt located on the CM/ECF website.</u>

☒ **<u>FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.</u>**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 13, 2008 at Los Angeles, California.

/s/ Davina Bernal
Davina Bernal