Abraham J. Colman (SBN 146933)
Felicia Y. Yu (SBN 193316)
Veronica Kuiumdjian (SBN 244825)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendant
Capital One Bank (USA), N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>   Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association,<br><br>   Defendants. | No.: CV 07 4980 CW<br><br>**LILY J. ZHANG'S DECLARATION IN SUPPORT OF DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS BY ALEXANDER TRUEBLOOD AND FOR ORDER QUASHING PLAINTIFF'S SUBPOENA**<br><br>Date: July 24, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>Honorable Claudia Wilken<br><br>[Filed Concurrently with:<br>Motion for Protective Order and Motion to Quash; Declaration of Veronica Kuiumdjian; and Proposed Order] |

# DECLARATION OF LILY J. ZHANG

I, Lily J. Zhang, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of California, and I am an associate at the law firm Reed Smith, LLP, attorneys of record for Defendant Capital One Bank (USA), N.A. ("Capital One") in this matter. I make this declaration on the basis of personal knowledge, and if called as a witness I could and would testify competently thereto under oath.

2. I was one of the attorneys representing Defendant Capital One in the lawsuit filed by Alexander Trueblood on behalf of Emanuel Valdez, Jr. in Los Angeles Superior Court, entitled *Valdez v. Capital One Bank, et al.*, with civil case no. BC363338.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation Re Confidentiality and Protective Order entered into by all the parties to the lawsuit entitled *Valdez v. Capital One Bank, et al ("Valdez")*.

4. Attached hereto as Exhibit 2 is a true and correct copy of a letter written by me to Alexander Trueblood on April 25, 2008, noting that Capital One depositions are designated as confidential.

5. The *Valdez* case involved two credit cards opened over the internet—one admittedly opened by the cardholder and the other opened by the cardholder's girlfriend of 12 years, with whom he has a son, who had been given a power of attorney by the cardholder.

6. At issue were charges on the two accounts during three months in 2005, which Valdez claims were made by his ex-girlfriend while he was stationed in Iraq.

7.  The charges were not challenged by Valdez for close to a year, including charges that admittedly involved transfers by courtesy check into Valdez's savings account and payment of other cards held in Valdez' names including one he acknowledged he gave his girlfriend permission to use.

8.  Further, it was discovered on the eve of trial and before most of the depositions were taken in the *Valdez* action - discovery which lead to significant pre-trial rulings against Valdez – that several months prior to the date of the allegedly unauthorized activity Valdez had executed a Power Of Attorney which, by its terms, authorized his girlfriend to, among other things, manage and conduct all of Plaintiff's banking, credit and other financial affairs.

9.  The *Valdez* case, after a dramatic decline in the plaintiff's demand, settled while the jury panel was brought into the courtroom.

10. Other facts discovered just before trial include: Valdez' girlfriend of over ten years handled his financial affairs during other military deployments without any written POA, was the mother of his minor son and took care of his other children, resided at a residence leased in both of their names, wrote checks on Valdez' checking account including checks to his former wife for child support, received money regularly from Valdez and remained as a dependent on Valdez' medical insurance.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this declaration was executed on June 13, 2008 in Los Angeles, California.

/s/ Lily J. Zhang
Lily J. Zhang, Declarant

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On June 13, 2008, I served the following document(s) by the method indicated below:

**LILY J. ZHANG'S DECLARATION IN SUPPORT OF DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS BY ALEXANDER TRUEBLOOD AND FOR ORDER QUASHING PLAINTIFF'S SUBPOENA**

☒ <u>On the recipients designated on the Transaction Receipt located on the CM/ECF website.</u>

☒ **<u>FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.</u>**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 13, 2008 at Los Angeles, California.

/s/ Davina Bernal
Davina Bernal

1  Scott H. Jacobs (SBN 81980)
   Abraham J. Colman (SBN 146933)
2  Lily J. Zhang (SBN 244824)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071-1514
4  Telephone:  213.457.8000
   Facsimile:   213.457.8080
5
   Attorneys for Defendants CAPITAL ONE
6  BANK and CAPITAL ONE SERVICES, INC.

**ORIGINAL FILED**

SEP 1 7 2007

LOS ANGELES
SUPERIOR COURT

REC'D
SEP 1 7 2007
DEPT. 61

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| EMANUEL VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CAPITAL ONE BANK, CAPITAL ONE SERVICES, INC., PATENAUDE & FELIX, A Professional Corporation, MICHAEL BOULANGER, RAYMOND PATENAUDE, DAVID C. SCOTT, and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | No.: BC 363338<br><br>The Honorable David L. Minning<br><br>**STIPULATION RE CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, (i) the litigants are private parties; (ii) the information that the parties will seek from each other and/or from non-parties in discovery might include information that one or more parties believe is important and confidential commercial information and (iii) this Protective Order contains an appropriate mechanism for weighing the interests of those called upon to produce confidential information against the interests of those who may desire broader disclosure; based on these considerations, IT IS HEREBY ORDERED as follows:

**A.  Scope of Order.**

1. Discovery in this action may involve production of documents by a party or a non-party (the "Producing Party") which are trade secrets and other confidential research, development or commercial information. This Protective Order shall govern the pretrial designation, use and handling of documents, deposition testimony and related information (collectively, the "Material") which are, or which embody or disclose any information, designated hereunder as "Confidential," and shall apply to:

   a. All such documents so designated in accordance with this Protective Order and all information contained therein;

   b. Portions of deposition testimony and transcripts and exhibits thereto which include, refer to, or relate to any Confidential Material (as defined below);

   c. All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Material; and

   d. Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Material (as defined below).

2. The provisions of this Protective Order shall apply to Plaintiff Emanuel Valdez ("Plaintiff") and Defendants Capital One Bank, Capital One Services, Inc. (collectively, "Capital One"), Patenaude & Felix, A Professional Corporation ("Patenaude"), Michael Boulanger, Raymond Patenaude, and David C. Scott, who are the parties to this action, and any non-party who agrees in writing to be bound by the terms of this Protective Order.

3. "Confidential Material" is defined as any document, material, or thing including, without limitation, writings (as defined in Cal. Evid. Code § 250), deposition testimony and related

information – which has been preserved or maintained in a manner calculated to protect its confidentiality, and which would reveal confidential or proprietary research or development, financial or business information, or trade secrets.

**B.     Use of Confidential Material.**

4.     The parties, and all people or entities subject to this Protective Order, must not use Confidential Material for any purpose whatsoever other than in preparation for and in trial of the above-captioned proceeding or any appeals thereof unless specific, written authorization is provided by the Producing Party. Nothing in this Protective Order, however, prevents any use by a Producing Party of the Confidential Material that it produces. Nothing herein shall prevent any Producing Party from seeking, by written agreement of the signatories hereto or Court order, further, greater or lesser protection with respect to the use of any Material designated as Confidential in connection with this litigation.

**C.     Designation of Confidential Material.**

5.     Any party or non-party may designate as Confidential any Material it produces in this litigation if counsel for such Producing Party has reviewed and in good faith believes that such Material is subject to this Protective Order as Confidential Material.

6.     The designation of Confidential Material for the purposes of this Order shall be made in the following manner:

   a.     Material produced in discovery, apart from deposition or other pretrial testimony, may be designated as Confidential, when appropriate to do so, by placing on or affixing to each page of the document or on the object container (in such manner as will not interfere with the legibility thereof) the designation "Confidential," or by reference to Bate Nos. or other document identifying information.

   b.     Deposition or other pretrial testimony may be designated as Confidential, when appropriate to do so, either (i) by a statement on the record, by counsel, at the time of such disclosure, identifying with particularity the precise Confidential Material(s); or (ii) by written notice, sent by counsel to all parties, within thirty days after receipt by the designating party of the transcript of the deposition or other pretrial testimony, identifying with particularity the precise

1  Confidential Material(s). All transcripts shall be treated as Confidential and subject to this Order
2  until the expiration of such thirty-day period, but thereafter only to the extent designated by the
3  Producing Party.

**D. Disclosure of Material Designated as Confidential.**

7. Material designated as Confidential and the information contained therein, including any extract, abstract, chart, summary, note, or copy made therefrom, may be disclosed only to the parties and counsel of record for the Parties and, unless otherwise directed by the Court, may be disclosed by such counsel only to the following persons:

   a. Any author or co-author of the document;

   b. Any recipient of the document;

   c. Any management employee of any party;

   d. Any management employee of the non-party producing the Material at issue;

   e. The outside counsel appearing or assisting in this litigation, and the employees of such counsel, including regular and temporary employees, contractors and agents who are assisting in the above-captioned proceeding;

   f. Outside Experts (meaning experts or consultants who have been retained (or have been considered to be retained) to assist counsel in the above-captioned proceeding and who are not directors, officers, or employees of any of the parties or of any affiliates of the party) retained or considered for retention to assist in the preparation, prosecution, resolution or administration of the above-captioned proceeding by any attorney described in subparagraph (e) above, as well as employees, contractors and agents of such Outside Expert.

   g. Outside photocopying, graphic production services or litigation support services employed by counsel to assist in the above-captioned proceeding, and computer service personnel performing duties in relation to a computerized litigation system;

   h. Any individual who previously had access to the Confidential Material in question, in the form that the Confidential Material was produced by the Producing Party, in the ordinary course of business or employment;

   i. In-house counsel (and their paralegals) for each of the parties;

      j.    The Court and court personnel, court reporters, stenographers, court personnel, jurors and alternate jurors, if any;

      k.    Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties; and

      l.    Percipient witnesses (other than expert witnesses and consultants), including any person while testifying at deposition, hearing or trial. A witness must sign the Non-Disclosure Certificate before being shown Confidential Material, except that Confidential Material may be disclosed to a witness who will not sign the Certificate only in a deposition at which the party who designated the Confidential Material is represented or has been given notice that Confidential Material produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Material may be designated Confidential pursuant to paragraphs 5 and 6 above, and such witnesses shown Confidential Material are not allowed to retain copies.

8.    Each individual given access to Confidential Material pursuant to the terms of this Protective Order shall be advised that the Confidential Material is being disclosed pursuant to the terms of this Protective Order, and may not be disclosed or used other than pursuant to the terms thereof.

**E.    Challenges to Designations.**

9.    Any party who disagrees with the designation by a Producing Party of a document or other information as Confidential ("Objecting Party") may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, not Confidential.

      a.    Prior to bringing such motion, the Objecting Party shall notify the Producing Party in writing of the objection via fax. Within 10 business days of any such objection, and before the Objecting Party submits any disagreements concerning the designation to the Court, the interested parties or other persons shall attempt in good faith to resolve such disagreements. If no agreement is reached, the Objecting Party may, if it desires, file a motion requesting the Court to determine that the designation is improper.

      b.    If a motion challenging the confidentiality designation is brought, the party or other person asserting that a document or other information is Confidential shall bear the burden of demonstrating that the Confidential designation is warranted.

      c.    Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat as Confidential all documents or information previously designated as Confidential under the terms of this Protective Order, unless the Producing Party who claims that the Material produced in discovery is Confidential withdraws such designation in writing.

### F. Pleadings and Papers Containing Confidential Material.

10.    Any Material designated Confidential that is to be used or filed with the Court in this action and any pleading or other paper containing Confidential Material, other than discovery motions (discussed in paragraph 13 below), shall be lodged with the Court conditionally under seal in accordance with Rule 243.2 of the California Rules of Court, but a party lodging another party's Confidential documents conditionally under seal shall not be obligated to make a motion in the first instance to seal such documents. Within ten court days of the lodging of any documents conditionally under seal, such documents shall be unsealed and publicly filed unless the party who originally designated any such documents Confidential, or any other party who desires such documents to remain under seal, files a motion pursuant to Rules 243.1 and 243.2 of the California Rules of Court to have such documents filed under seal. As to any non-parties, any party who wishes to file a document designated Confidential by a non-party shall likewise originally lodge such documents conditionally under seal, and provide contemporaneous notice to such non-party of doing so, and such non-party shall then have ten court days to file a motion pursuant to Rules 243.1 and 243.2 to have such document or documents remain filed under seal.

11.    Discovery motions shall be an exception to the general provisions of paragraph 12, above. Any Material designated Confidential that is to be used or filed with the Court or court appointed referee in connection with discovery related motions in this action, and any supporting papers containing Confidential Material, shall be filed with the Court or court appointed referee under seal without the need for a separate motion for permission to file the Material and/or papers

under seal. This provision is included pursuant to Rule 243.1(a)(2) of the California Rules of Court, which states that "[t]hese rules [pertaining to sealed records] also do not apply to discovery motions and records filed or lodged in connection with discovery motions or proceedings."

### G. Use of Confidential Material at Trial.

12. This Order does not preclude, limit, restrict or otherwise apply to the use of Confidential Material at trial. Prior to trial, upon application by any party, the Court may establish procedures for the use at trial of Material designated as Confidential.

### H. Inadvertent Productions.

13. If Confidential Material is disclosed to any person other than in the manners authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to the disclosure, and make every reasonable effort to retrieve the Confidential Material and to prevent any disclosure by each unauthorized person. In no event shall good faith or inadvertent disclosure of Confidential by a receiving party or counsel be the basis for any motion or any other form of relief or of any other action, so long as the receiving party makes every reasonable effort to retrieve the Confidential Material. Nothing contained in this Order shall limit in any respect the Producing Party's rights and/or claims against any unauthorized person who fails to return Confidential Material.

14. The inadvertent failure to designate any Material produced in discovery as Confidential shall not be deemed a waiver of such claim of confidentiality. Upon discovery of such inadvertent failure to designate, the Producing Party may correct the error by providing to all parties written notice and an additional copy of the Material marked as Confidential. Within 10 days of receipt of the additional copy of the Material, each party shall return or certify the destruction of all copies of such Material not marked Confidential.

### I. Subpoenas and Document Demands in Other Cases.

15. If any person or entity possessing Confidential Material is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential Material, the person receiving the subpoena or document

demand shall give prompt written notice to counsel for the Producing Party, and shall not respond to the subpoena before its due date, in order to give the Producing Party an opportunity to quash or limit the subpoena.

**J.    Modification.**

16.    Any person may move the Court for a modification of or relief from the terms of this Order at any time upon notice to all parties. The Court may modify or grant relief from the terms of this Order upon request of any person if the circumstances so warrant.

**K.    Return or Destruction of Confidential.**

17.    Within 60 days after the final disposition of the above-captioned proceeding and all appeals therefrom, whether by judgment, settlement, or otherwise, all Confidential Material(s), and all copies thereof, shall be returned to the Producing Party or shall be certified to have been destroyed. Notwithstanding the previous provisions of this paragraph, outside counsel may retain a copy of any document filed with the Court.

18.    This Protective Order shall survive the termination of this litigation and the Court shall retain continuing jurisdiction to enforce its terms.

DATED: __SEP 1 7 2007__, 2007          SO ORDERED:

**DAVID L. MINNING**
_____
The Honorable David L. Minning

The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an order of the Court, and further stipulate that in addition the Protective Order shall constitute a binding contract among the parties and their counsel, irrespective of whether an order is entered by the Court.

DATED: September 10, 2007.

REED SMITH LLP

By_____
Lily J. Zhang, Esq.
Attorneys for Defendants CAPITAL ONE BANK
and CAPITAL ONE SERVICES, INC.


TRUEBLOOD LAW FIRM


By_____
Alexander B. Trueblood, Esq.
Attorney for Plaintiff, EMANUEL VALDEZ


PATENAUDE & FELIX APC


By_____
Raymond Patenaude, Esq.
Michael Richard Boulanger, Esq.
Attorneys for Defendants PATENAUDE & FELIX
APC, MICHAEL BOULANGER, RAYMOND
PATENAUDE and DAVID C. SCOTT

STIPULATION RE CONFIDENTIALITY AND [~~PROPOSED~~] PROTECTIVE ORDER

1  The undersigned counsel of record stipulate that the Court should enter the above Protective
2  Order as an order of the Court, and further stipulate that in addition the Protective Order shall
3  constitute a binding contract among the parties and their counsel, irrespective of whether an order is
4  entered by the Court.

DATED: September 6, 2007.

REED SMITH LLP

By_____
Lily J. Zhang, Esq.
Attorneys for Defendants CAPITAL ONE BANK
and CAPITAL ONE SERVICES, INC.

TRUEBLOOD LAW FIRM

By_____
Alexander B. Trueblood, Esq.
Attorney for Plaintiff, EMANUEL VALDEZ

PATENAUDE & FELIX APC

By_____
Raymond Patenaude, Esq.
Michael Richard Boulanger, Esq.
Attorneys for Defendants PATENAUDE & FELIX
APC, MICHAEL BOULANGER, RAYMOND
PATENAUDE and DAVID C. SCOTT

1  The undersigned counsel of record stipulate that the Court should enter the above Protective
2  Order as an order of the Court, and further stipulate that in addition the Protective Order shall
3  constitute a binding contract among the parties and their counsel, irrespective of whether an order is
4  entered by the Court.

DATED: September 7, 2007.

REED SMITH LLP

By_____
Lily J. Zhang, Esq.
Attorneys for Defendants CAPITAL ONE BANK
and CAPITAL ONE SERVICES, INC.

TRUEBLOOD LAW FIRM

By_____
Alexander B. Trueblood, Esq.
Attorney for Plaintiff, EMANUEL VALDEZ

PATENAUDE & FELIX APC

By_____
Raymond Patenaude, Esq.
Michael Richard Boulanger, Esq.
Attorneys for Defendants PATENAUDE & FELIX
APC, MICHAEL BOULANGER, RAYMOND
PATENAUDE and DAVID C. SCOTT

# ReedSmith

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
+1 213 457 8000
Fax +1 213 457 8080
www.reedsmith.com

Lily J. Zhang
Direct Phone: +1 213 457 8070
Email: lzhang@reedsmith.com

April 25, 2008

**Via Facsimile (310) 234-4023 and U.S. Mail**

Alexander Trueblood
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024

**Valdez v. Capital One Bank, et al.**
**L.A.S.C. Case No.: BC363338**

Dear Alec:

We have received your correspondence, dated April 25, 2008, in which you advised that Plaintiff has designated the entire deposition of Alexander Trueblood as confidential and that the deposition of Emanuel Valdez was previously designated as confidential.

Please also note that the Capital One depositions were previously designated as confidential. The court reporter in Virginia corrected the deposition transcripts to reflect the designation shortly after the transcripts were mailed, but drafts and some initial copies do not have the confidential coversheet. Capital One requests that those without the corrected coversheet be destroyed to avoid violations of the order in the future.

Very truly yours,

*Lily Zhang* /DB

Lily J. Zhang

LJZ:db

cc:   Stephen Turner; Patrik Johansson [via fax (213) 250-7900 and U.S. Mail]
      Luke Wallace; David Humphreys [via fax (918) 747-5311 and U.S. Mail]

DOCSLA-15637828.1

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE