Abraham J. Colman (SBN 146933)
Felicia Y. Yu (SBN 193316)
Veronica Kuiumdjian (SBN 244825)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendant
Capital One Bank (USA), N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>            Plaintiff,<br><br>    vs.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association,<br><br>            Defendants. | No.: CV 07 4980 CW<br><br>**VERONICA KUIUMDJIAN'S DECLARATION IN SUPPORT OF DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS BY ALEXANDER TRUEBLOOD AND FOR ORDER QUASHING PLAINTIFF'S SUBPOENA**<br><br>Date:         July 24, 2008<br>Time:        2:00 p.m.<br>Courtroom: 2<br><br>Honorable Claudia Wilken<br><br>[Filed Concurrently with:<br>Motion for Protective Order and Motion to Quash; Declaration of Lily J. Zhang; and Proposed Order] |

# DECLARATION OF VERONICA KUIUMDJIAN

I, Veronica Kuiumdjian, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of California, and I am an associate at the law firm Reed Smith, LLP, attorneys of record for Defendant Capital One Bank (USA), N.A. ("Capital One") in this matter. I make this declaration on the basis of personal knowledge, and if called as a witness I could and would testify competently thereto under oath.

2. Attached hereto as Exhibit 1 is a true and correct copy of the subpoena issued by Plaintiff's attorney, Andrew Ogilvie, to Alexander Trueblood, dated May 16, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this declaration was executed on June 13, 2008 in Los Angeles, California.

                                                  /s/ Veronica Kuiumdjian
                                                  Veronica Kuiumdjian, Declarant

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On June 13, 2008, I served the following document(s) by the method indicated below:

**VERONICA KUIUMDJIAN'S DECLARATION IN SUPPORT OF DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS BY ALEXANDER TRUEBLOOD AND FOR ORDER QUASHING PLAINTIFF'S SUBPOENA**

☒ <u>On the recipients designated on the Transaction Receipt located on the CM/ECF website.</u>

☒ <u>**FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.**</u>

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 13, 2008 at Los Angeles, California.

/s/ Davina Bernal
Davina Bernal

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### Central District of California

Emelia M. Pasternak

V.

Trans Union, LLC et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:07-CV-04980 CW

*N. D. California*

TO: Alec Trueblood
Trueblood Law Firm,
10940 Wiltshire Blvd., Ste 1600
Los Angeles, CA 90024

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All depositions, including exhibits, of personnel of Capital One or Patenaude & Felix and all interrogatory responses of Capital One or Patenaude & Felix in any litigation involving claims of identity theft, credit reporting violations and/or malicious prosecution.

| PLACE | DATE AND TIME |
|---|---|
| Trueblood Law Firm, 10940 Wilshire Blvd, Ste 1600, Los Angeles, CA. Alternatively, deponent may mail the documents to plaintiff's counsel in SF. | 6/10/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Andrew J. Og-L* | 5/16/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Andrew J. Ogilvie, Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP, 445 Bush Street, Sixth Fl., San Francisco, CA 94108  tel. 415/861-2265  fax 415/861-3151, email: ajogil@kaboblaw.com

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).