Andrew J. Ogilvie (SBN 57932)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
ajogil@kaboblaw.com

Robert S. Sola     *Pro hac vice*
Robert S. Sola, P.C.
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Ph: (503) 295-6880
Fax: (503) 291-9172
rssola@msn.com

Attorneys for Plaintiff Emelia M. Pasternak

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>   Plaintiff,<br><br>  v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association,<br><br>   Defendants. | Case No. 4:07-cv-04980 CW (BZ)<br><br>PLAINTIFF'S OPPOSITION TO CAPITAL ONE'S MOTION FOR PROTECTIVE ORDER AND FOR ORDER QUASHING PLAINTIFF'S SUBPOENA<br><br>Date:  July 23, 2008<br>Time:  10:00 am<br>Courtroom  G, 15th Floor |

   Plaintiff has subpoenaed the depositions and discovery responses of Capital One in a single case that is similar to plaintiff's case because it involves Capital One's fraud investigation unit, the procedures of the fraud investigation unit, and the working

relationship between Capital One and its lawyers at Patenaude & Felix. See Ogilvie dec. submitted herewith. Plaintiff subpoenaed these documents to prepare for depositions of Capital One in Virginia. *Id*. Plaintiff needs the background information contained in these depositions and discovery responses to focus and shorten the depositions. (Capital One's focus on the specifics of Mr Valdez and his girlfriend is a red-herring. Plaintiff wants the depositions for what they reveal about Capital One, not Mr. Valdez.)  Plaintiff has tried to get this information through discovery in this case. Plaintiffs' counsel has written many letters to Capital One's lawyers and engaged in follow up phone calls, but Capital One has refused to provide it.[1]

By moving to quash the subpoena, Capital One is trying to prevent plaintiff from learning anything about its fraud investigation unit, its organization and procedures, and its working relationship with the Patenaude & Felix law firm. Capital One wants to force Pasternak to take the depositions in Virginia without any meaningful information beforehand, thereby giving Capital One an unfair advantage in this litigation. Capital One's motion should be denied.

---

[1] While this Court does not believe in 'meet & confer' letters and has its own procedures for resolving discovery disputes that do not include exchanges of correspondence, plaintiff's counsel did not know that until recently. Plaintiff served her discovery in late December 2007. Plaintiff sent a meet & confer letter in early February, to which Capital One's lawyer responded by saying that "with a large company like Capital One, it takes time to obtain approval and identify relevant witnesses." After another round of letters, Capital One eventually served Supplemental Responses to a few interrogatories but did not supplement the document demand responses. It still has not identified the witnesses that plaintiff has asked about. That was the status when Judge Wilken referred the case to this Court for discovery in mid-June 2008.

*Pasternak v. Trans Union, et al.*, ND Cal. case no. 4:07-cv-04980 CW (BZ)
Plff's Opp'n to Capital One's Motion For Protective Order and Order Quashing Plaintiff's Subpoena     2

The discovery sought by the subpoena is neither cumulative nor duplicative. Capital One has been refusing to provide responsive answers to discovery in this case, so the subpoena is a way to get around its obfuscation. Given Capital One's refusal to provide discovery, this is a reasonable and economic way for plaintiff to obtain the background information to shorten depositions of Capital One's employees.

The burden and expense to Capital One is nil. The subpoena is directed to Mr Valdez's counsel, Alexander Trueblood. Neither Mr Trueblood nor Mr. Valdez have objected. They are not complaining about burden or invasion of privacy.

Capital One's motion is part of a larger effort to limit severely the information that may be shared by consumers' lawyers. To accomplish this, Capital One tries to make it appear that some other court has looked at this information and determined that it qualifies as confidential. Nothing could be further from the truth. No court has ever made any ruling about the information sought by this subpoena. The subpoenaed information is "confidential" only because Capital One designated everything in the *Valdez* case "confidential."

In designating everything confidential, Capital One abused the protective order in *Valdez*. A copy of the *Valdez* Protective Order is Exhibit 1 to the Zhang declaration filed by Capital One in support of its motion. Dkt #71. Under that Protective Order, the parties were authorized to designate material "confidential" only if counsel had "reviewed and in good faith believe[d] that such Material is subject to this Protective Order as Confidential Material." Dkt. #71, Protective Order, paragraph 5. "Confidential Material" was defined as "confidential or proprietary research or development or business information, or trade

secrets." Protective Order, paragraph 3. Capital One did not attempt to limit its confidential designations to information that fits within that description. Instead, it made a blanket designation of all the Capital One depositions taken in the case. See Exhibit 2 to Zhang declaration.

**A.     Capital One Has Not Met Its Burden On This Motion**

Capital One has the burden of persuasion. See Dkt 70, page 6-7. It must show that the documents sought by the subpoena are outside the scope of discovery permitted by Rule 26. It has not carried its burden.

The two cases are similar because they involve credit card fraud investigations by Capital One's fraud department and subsequent litigation by its southern California collection firm, Patenaude & Felix. Both cases involve consumers who complained that Capital One did not investigate their fraud claims properly and that it maliciously prosecuted them for claims that had no merit. See Dkt 70 & 71 and Ogilvie declaration submitted herewith. Capital One has refused to provide plaintiff with information concerning the organization and operations of its fraud investigation department. See Ogilvie declaration. Under the circumstances it is appropriate for Pasternak to seek testimony from other cases that will help her to understand how Capital One's fraud investigation unit is organized and what its procedures and policies are prior to trying to depose the company.

**1.     The information is relevant.**

The threshold for relevance is low. F.R.Civ.P. Rule 26 provides information is relevant and therefore discoverable if it appears "reasonably calculated to lead to the

discovery of admissible evidence." One District Court aptly referred to it as a "Lilliputian threshold of relevance." *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.* (D.Conn.) 2007 WL 313568, *4.

There are numerous cases in which deposition testimony of employees has been held discoverable in other cases because it will enable counsel to focus and shorten depositions. In *Scripps Clinic and Research Foundation v. Baxter Travenol Laboratories, Inc.* (D.Del.) 1988 WL 70013, the court ordered Scripps to produce the deposition transcripts of its employees because the transcripts would enable the moving party to "shorten the depositions by addressing only more important areas" not covered in prior depositions. *Id.* at *2. In the *Enron Securities* case, the court ordered production of prior deposition testimony because:

> Having the transcripts and statements themselves would allow the parties to streamline their determination of the depositions that need taking in the civil suit and would also serve as possible impeachment tools.

*In re Enron Corporation Securities Litigation* (S.D.Tex.) 2004 WL 613091, *2. See also *In re NASDAQ Market-Makers Antitrust Litigation* (S.D.N.Y. 1996) 169 F.R.D. 493, 531 and *In re Domestic Air Transp. Antitrust Litigation* (N.D.Ga. 1992) 142 F.R.D. 354, 355, both of which hold that employee testimony given in Justice Department investigations is discoverable in later civil cases.

Slightly more than a year ago this Court ordered CitiFinancial Retail Services to produce the deposition transcripts of its fraud investigation personnel from the *Sloane* case in Virginia where CitiFinancial had designated them "confidential." The Court

*Pasternak v. Trans Union*, *et al.*, ND Cal. case no. 4:07-cv-04980 CW (BZ)
Plff's Opp'n to Capital One's Motion For Protective Order and Order Quashing Plaintiff's Subpoena     5

ordered CitiFinancial to produce those transcripts subject to the protective order herein. See *Smith v. CitiFinancial*, ND Cal. 3:06-cv-02966 BZ, Dkt #78. Plaintiff seeks the same result here.

**2.     The subpoena is narrow.**

Pasternak subpoenaed the depositions from one case only: the *Valdez* case. That is the only identity theft and malicious prosecution case handled by Mr Trueblood against Capital One. The case involved Capital One Bank and its credit card operations. The persons deposed were from its fraud investigation department and from Patenaude & Felix, the collection law firm that brought suit against Mr Valdez. Ms Pasternak's subpoena did not expressly name the *Valdez* case because her attorney did not know the name of the case. Mr Trueblood was concerned about retribution by Capital One and would not reveal the name of the case or the case number. Ogilvie declaration.

During the conference call concerning this motion, the Court said it was concerned about "wide-ranging discovery" and a "slippery slide." This discovery request is not wide-ranging, nor does Pasternak intend to seek all depositions ever taken of Capital One's fraud unit employees. The subpoena is very limited.

**3.     There is no burden to Capital One.**

In the conference call, the Court said it would carefully weigh the likely benefit of the discovery against its burden and expense. Here there is no burden to Capital One at all. Mr Valdez and his attorney, Alex Trueblood, are willing to produce the subpoenaed materials and are not complaining about burden or privacy. Since Capital

*Pasternak v. Trans Union, et al.*, ND Cal. case no. 4:07-cv-04980 CW (BZ)
Plff's Opp'n to Capital One's Motion For Protective Order and Order Quashing Plaintiff's Subpoena         6

One could have provided the information in its responses to written discovery but has refused to provide full answers, Pasternak had no alternative. Without seeing the depositions and discovery responses, Pasternak cannot be certain how beneficial the material will be, but that is always the case with discovery from other parties or non-parties. It is reasonable to expect that some benefit will come from reading the depositions of personnel who are familiar with Capital One's procedures for investigating credit report disputes and identity theft accounts.

Plaintiff has offered to have the materials made subject to the protective order in this case, just as the Court ordered in the *Smith* case last year. Capital One rejected that offer. See Ogilvie dec.

**B.      Ninth Circuit Precedent Favors Use Of Discovery In Similar Cases.**

"Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman Industries, Inc. v. International Ins. Co*. 966 F.2d 470, 475 (9th Cir. 1992). Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery. *Foltz v. State Farm Mut. Auto. Ins. Co*. 331 F.3d 1122, 1131-1132 (9th Cir. 2003). As the Ninth Circuit explained in *Foltz, supra,* when a party obtains a blanket protective order without making a particularized showing of good cause with respect to any individual document, it can not reasonably rely on the order to hold these records under seal forever. *Foltz, supra at* 1138.

Capital One does not cite or discuss *Foltz* and from the discussion in its moving papers it appears that it believes that designating material 'confidential' under a

*Pasternak v. Trans Union, et al.*, ND Cal. case no. 4:07-cv-04980 CW (BZ)
Plff's Opp'n to Capital One's Motion For Protective Order and Order Quashing Plaintiff's Subpoena        7

blanket protective order somehow insulates it from any disclosure in any future case. That appears to be a misunderstanding of Ninth Circuit law and certainly an abuse of the protective order that was approved by the state court in *Valdez*. There was supposed to be some care and consideration in designating material 'confidential,' yet Capital One designated everything in every deposition 'confidential.'

**CONCLUSION**

For the reasons discussed above, Capital One's motion for protective order and for order quashing the subpoena should be denied. Plaintiff has no objection to allowing Capital One to designate the depositions and other materials confidential under the protective order in this case, but reserves the right to challenge such designations if they are over-broad.

Dated: July 14, 2008         KEMNITZER, ANDERSON, BARRON,
                                             OGILVIE & BREWER LLP
                                                    and
                                             ROBERT S. SOLA, P.C.


                             By _____/s/_____
                                             Andrew J. Ogilvie
                                     Attorney for Plaintiff Emelia M. Pasternak

*Pasternak v. Trans Union, et al.*, ND Cal. case no. 4:07-cv-04980 CW (BZ)
Plff's Opp'n to Capital One's Motion For Protective Order and Order Quashing Plaintiff's Subpoena        8