Abraham J. Colman (SBN 146933)
Felicia Y. Yu (SBN 193316)
Veronica Kuiumdjian (SBN 244825)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:   213.457.8000
Facsimile:    213.457.8080

Attorneys for Defendant
Capital One Bank (USA), N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association,<br><br>    Defendants. | No.: CV 07 4980 CW<br><br>**REPLY IN SUPPORT OF DEFENDANT CAPITAL ONE BANK (USA), N.A.'S  MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS BY ALEXANDER TRUEBLOOD AND FOR ORDER QUASHING PLAINTIFF'S SUBPOENA**<br><br>Date:   July 23, 2008<br>Time:   10:00 a.m.<br>Courtroom: G<br><br>Honorable Bernard Zimmerman |

# I. MEMORANDUM OF POINTS AND AUTHORITIES

## A. INTRODUCTION

Plaintiff seeks to discover materials from a separate, unrelated state court lawsuit entitled *Valdez v. Capital One Bank, et al. ("Valdez")* that are specifically protected by a protective order precluding the use of the documents in any other proceeding. Plaintiff claims that the information is relevant because both suits involve Capital One's fraud investigation unit and the law firm Patenaude & Felix ("Patenaude"). This is not enough to show that the materials Plaintiff seeks to gain access to are relevant to the instant case. Indeed, as pointed out in Capital One's moving brief, the cases are distinctly different—they involve different types of fraud, different methods of disputing the fraud, different fraud departments, different investigators and different methods of investigation.

Moreover, Plaintiff already has a means for obtaining the information she purportedly needs by simply asking for it in this case. Plaintiff and her counsel are certainly capable of requesting relevant discovery specific to this case. Indeed, Capital One already produced hundreds of pages of documents, answered written discovery, conferred numerous times with opposing counsel about various discovery issues, and offered specific dates for depositions. Thus, there is no justification for Plaintiff's broad subpoena, which only burdens this case with irrelevant facts and discovery issues. The fact that both cases superficially involve claims of fraud and disputed charges is not enough to justify importing irrelevant issues, documents and testimony from the state court case to this one.

In addition, allowing Plaintiff access to the *Valdez* materials would just invite further intrusion into other cases involving fraud investigation, the law firm of Patenaude & Felix and Capital One as parties. Such a precedent would make it difficult for the court to limit the number of other cases that a party could request

discovery from to use in their own lawsuit.

Finally, even if this Court were to find that the documents in *Valdez* are relevant and discoverable, Plaintiff still cannot obtain the documents until she follows the procedure articulated in *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F. 3d 1122, 1133 (9th Cir. 2003), which includes intervening in the *Valdez* case and asking the state court to modify the protective order. Therefore, Capital One hereby moves this Court for a protective order and an order quashing Plaintiff's subpoena to Alec Trueblood, Esq.

## II. LEGAL ARGUMENT

### A. THE MATERIALS REQUESTED BY PLAINTIFF ARE SUBJECT TO A PROTECTIVE ORDER IN *VALDEZ.*

In the interests of comity and due process, the Court should not order production of the materials sought in the state court action entitled *Valdez v. Capital One Bank, et al. ("Valdez")* because the materials sought have been designated as confidential under the protective order in that case and thus are barred from production to Plaintiff in this case.

In *Hawley v. Business Computer Training Inst., Inc.*, 2008 WL 2048329, *2 (W.D. Wash. 2008), defendants sought an order from federal court that any and all discovery obtained by plaintiff from a state court matter involving the same defendants not be used unless it was produced or obtained through discovery in the federal matter. The district court held that the protective order in the state court action "would bar use in this case and retention, after the conclusion of the state court litigation, of materials that were designated as 'confidential'." *Id.* at *3. The district court concluded that "the means of avoiding this effect of the Amended Protective Order are (1) challenging the designation of material as 'confidential'…or (2) seeking

modification or rescission of the Amended Protective Order from the [state court]." *Id.* The court further concluded that "in the interests of comity and due process" it would not disturb the Amended Protective Order and it granted the defendants' motion seeking "an order providing that any and all discovery obtained or produced in [the state court action] shall not be used in any manner unless it was produced or obtained through discovery in this matter and prohibiting Plaintiffs from presenting, referencing, alluding to, or otherwise making use of any documents, information, witness, or other discovery materials produced during [the state court action]." *Id.* at *2-3.

Here, the court in *Valdez* entered a similar protective order with a provision that states that "within 60 days after the final disposition of the above-captioned proceedings and all appeals therefrom, whether by judgment, settlement, or otherwise, all Confidential Material(s), and all copies thereof, shall be returned to the Producing Party or shall be certified to have been destroyed." *See* Valdez Protective Order, ¶ 17; Exhibit 1 to Zhang Declaration. Sixty days have passed since the settlement of the *Valdez* suit and yet the copies have not been destroyed or returned. As the district court in *Hawley* did not disturb the state court's protective order due to interests of comity and due process, so too should this Court acknowledge the protective order signed by Judge David L. Minning in Los Angeles Superior Court and grant Capital One's motion precluding Plaintiff from accessing the protected materials in *Valdez*.

The policy behind enforcing protective orders further militates in favor of precluding the *Valdez* materials from being discovered in this suit. In *Smithkline Beecham Corp. v. Synthon Pharm. LTD.*, 210 F.R.D. 163, 165 (M.D.N.C. 2002), the plaintiffs sought to use the deposition transcript of defendant's vice president in a previous action in a current action pending in federal court in Pennsylvania involving the same patent at issue. Defendants argued that the "confidential information was

only divulged in reliance upon the confidentiality guaranteed by the protective order in this case." *Id.* Similarly, the Capital One depositions were taken and conducted with the reliance that the protective order in *Valdez* would maintain the confidentiality Capital One sought. Indeed, "nothing else appearing, a court may presume that any production of documents or information under a protective order has been in reasonable reliance on that order." *Id.* at 167. Consequently, "[a] court should be hesitant to modify protective orders for matters unrelated to the litigation in front of it because otherwise, in the long run, parties may begin to distrust protective orders. Discovery, in turn, will become more complicated and expensive and settlements will be more difficult. A natural feeling of unfairness arises when the rules are modified during the middle of the game, especially without very good cause." *Id.* at 166. (citations omitted). The Ninth Circuit in *Foltz, supra,* also articulates that "[a]mong the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery. Where that has happened, changing the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery." *Foltz*, 331 F. 3d at 1137.

In her Opposition, Plaintiff claims that Capital One "did not attempt to limit its confidential designation to information that fits within the description" in the protective order and so it should not be allowed to rely on it for protection of the documents Plaintiff now seeks. Opp. at pg. 4, line 1-3. First, Plaintiff's statement begs the question how Plaintiff even knows what was included in these deposition transcripts and whether or not the information deemed confidential by Capital One fit within the confidentiality provision of the *Valdez* protective order. Second, Capital One did not make a blanket designation of all discovery as "confidential" in *Valdez*. Finally, case law holds that confidential designations that have not been challenged pursuant to a blanket protective order should be deemed confidential. For example, in

REPLY IN SUPPORT OF CAPITAL ONE BANK (USA) N.A.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS AND FOR ORDER QUASHING SUBPOENA

*Smithkline Beecham Corp.*, *supra*, the plaintiffs tried to make the same argument that Plaintiff is advancing here.  The Smithkline plaintiffs claimed that the protective order was a blanket protective order and defendant had the duty to prove the confidentiality of the information to the court.  210 F.R.D. at 168.  In *Smithkline Beecham Corp.*, the court rejected that argument and cited to the protective order, which provided that "if any party disagrees with the confidentiality designation, it must…seek appropriate relief from the Court."  *Id.*  Since no party challenged the designations, the court there did not "find any basis for conducting an evidentiary hearing into the confidentiality" of the depositions that were designated as so and it "assume[d] that the deposition contains trade secret and/or confidential commercial information."  *Id.*  Like *Smithkline Beecham Corp.*, the plaintiff in *Valdez* never challenged any Capital One confidentiality designation and so this Court has no reason to doubt the confidentiality of the depositions.

In sum, the materials being sought by Plaintiff in the *Valdez* suit should not be produced because there is a protective order in place that protects the designated materials as confidential.

**B.     THE DOCUMENTS REQUESTED BY PLAINTIFF ARE NOT RELEVANT AND NOT WITHIN THE SCOPE OF PERMISSIBLE DISCOVERY.**

In the Opposition, Plaintiff's reliance on the *Foltz* decision is misplaced.  Notably, Plaintiff ignored *Foltz's* requirement that there be a demonstration that the protected material a party seeks to discover is relevant.  The Ninth Circuit in *Foltz* cautioned that "a court should not grant a collateral litigant's request for such a modification [of a protective order] automatically.  As an initial matter, ***the collateral litigant must demonstrate the relevance of the protected discovery*** to the collateral proceedings and its general discoverability therein."  *Foltz*, 331 F. 3d at 1131-32 (emphasis added)*; Moreno v. Autozone, Inc.*, 2008 WL 1701871 (N.D. Cal. 2008).

REED SMITH LLP

Plaintiff has not met this burden. "The case law suggests that the court that entered the protective order should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Foltz*, 331 F. 3d at 1132. In this situation, the discovery in *Valdez* will not avoid substantial amounts of duplicative discovery. It will instead substantially increase the amount of discovery as Plaintiff will attempt to question the deponents in this case, who have no familiarity with *Valdez*, to distinguish the procedures that were followed there versus the procedures that were followed in this case. Further, Plaintiff's claim that she needs the information to ascertain Capital One's "organization" and the "working relationship" with Patenaude & Felix [Opp. at pg. 2] again begs the question how she knows the discovery will satisfy her curiosity in this regard.

In *Moreno v. Autozone, Inc.*, the Plaintiff sought to use confidential documents subject to a protective order in two other cases. The court denied plaintiff's request because he had "failed to establish the relevance of the protected discovery to the [two collateral suits]." 2008 WL 170871 at *1. The court held that even though all three cases involved the same defendant and alleged the "similar labor code violations" plaintiff did not satisfy the threshold for relevance. *Id.* Since Plaintiff here is subpoenaing documents from a different lawsuit, *Valdez*, that are protected by a protective order, she has the burden to show relevance and has failed. Other than alleging that some of the causes of action are the same and the defendants are the same, Plaintiff has not alleged any facts that would warrant a substantial similarity to allow for discovery into the *Valdez* case. Merely alleging the same or similar causes of actions against the same parties is not enough to establish relevance. Further, the threshold for relevance is not low as Plaintiff suggests in her Opposition. In fact, the "requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be ***firmly applied***, and the district courts should not neglect their power to

1  restrict discovery….With this authority at hand, judges should not hesitate to exercise
2  appropriate control over the discovery process." *See also Herbert v. Lando*, 441 U.S.
3  153, 177 (1979).

5  In the Opposition, Plaintiff actually concedes that "Pasternak cannot be certain
6  how beneficial the material will be [and] that is always the case with discovery from
7  other parties or non-parties." Opp. pg. 7, lines 4-6. This confirms that the subpoena is
8  improper. Plaintiff claims to have no idea as to what the case is about and whether the
9  depositions will be "beneficial," but is asking the court to allow her to gain access to
10 depositions and exhibits just in case they may be "beneficial." This request is
11 unreasonable. Before burdening Capital One and the Court with discovery of other
12 cases, Plaintiff should know if the materials will be relevant. In fact, the very cases
13 that Plaintiff cites to in her Opposition involved parties that gained access to materials
14 from other lawsuits because the materials were undeniably relevant to their case and
15 because the cases involved the exact same transaction, occurrence or incident. For
16 example, in *Horace Mann Ins. Co v. Nationwide Mut. Ins. Co.*, 240 F.RD. 44, 46 (D.
17 Conn. 2007), the insurer for the driver of the automobile involved in an accident sued
18 the insurer for the automobile's owner, seeking to recover under indemnification for
19 the settlement payment made to the accident victim. One insurer served a subpoena
20 requesting all documents regarding the two original state court personal injury action
21 as well as the accident victims bad faith action against the insurers. *Id.* The
22 documents were relevant because they involved the same car accident being litigated
23 in the current suit and the settlements in those suits. *Id.* at 49 *See also In re Enron*
24 *Corp. Sec. Litig.*, 2004 WL 613-91, *2 (S.D. Tex. 2004) (court acknowledging that the
25 bankruptcy case and the civil case have "worked very well together or the entire time
26 the respective cases have been pending," and "the witnesses knew that the statements
27 would be provided" to other parties, so "any reliance by the witnesses upon
28 confidentiality, in the instant case, would have been misplaced"); *In re Domestic Air*

REED SMITH LLP

*Transp. Antitrust Litig.*, 142 F.R.D. 354, 355 (N.D. Ga. 1992) (involved discovery of civil investigation demand depositions made by the Department of Justice for the exact same violation involving the same set of facts ); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 501 (S.D.N.Y. 1996) ("The Government Action was assigned to this Court as a related action to the instant class action."); *Scripps Clinic and Research Foundation v. Baxter Travenol Laboratories, Inc.*, 1988 WL 70013, *3 (D. Del. 1988) (patent infringement case involving the same exact same pattern and information sought involved the patenting process).  In distinct contrast to the cases cited by Plaintiff, the *Valdez* materials are irrelevant to the instant case because they involve different types of fraud, different disputes and different methods for investigation.

Further, it appears that in *Smith v. CitiFinancial*, ND Cal. 3:06-cv-02966 BZ, Judge Zimmerman ordered production of the non-confidential portions of the transcript from the prior case -- subject to the protective order in the pending case.  He did not order production of any confidential deposition transcripts.

Plaintiff has not made the requisite showing necessary to obtain discovery regarding Capital One's handling of a wholly unrelated individual in another case. Plaintiff is also not similarly situated to plaintiff in the *Valdez* suit.  She only points to the fact that both cases involve fraud and in both cases Patenaude & Felix filed a lawsuit on behalf of Capital One.  The facts surrounding the opening of the account, charges made to the account, fraud type and the investigations are no where close to being comparable.  Enforcing Plaintiff's subpoena would serve no purpose other than to allow Plaintiff to peruse Capital One's handling of the third party's unique situation, and this is not a purpose of discovery.  Therefore, the Court should issue a protective order to preclude the production of document by Mr. Trueblood because they are completely irrelevant to the matters in issue in this case. The probative force

- 8 -

REPLY IN SUPPORT OF CAPITAL ONE BANK (USA) N.A.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS AND FOR ORDER QUASHING SUBPOENA

REED SMITH LLP

of the evidence in the *Valdez* suit here is low. At the same time, the risk of potential costs in terms of time and distraction is high.

### C. PLAINTIFF CAN OBTAIN THE INFORMATION IT SEEKS FROM CAPITAL ONE DIRECTLY INSTEAD OF SUBPOENAING DOCUMENTS FROM AN UNRELATED CASE.

Before asking for materials from the *Valdez* suit, Plaintiff needs to "show the inability to reasonably obtain the information by alternative means" *Smithkline*, 210 F.R.D. at 166. Plaintiff has not made such a showing. When Plaintiff does not show "an inability to obtain the information by alternative means" it "throws the balance in the case." *Id.* at 168.

Plaintiff claims that she has tried to obtain information of the organizational structure, fraud policies and procedures, and the relationship with Patenaude and Felix and Capital One has not cooperated. Preliminarily, Capital One has never received any request for production or interrogatory that has asked for the organizational structure of Capital One or any description of its relationship with Patenaude & Felix. Further, Plaintiff broadly demanded all fraud investigation practices and policies. After several lengthy meet and confer efforts over the scope of that request, Capital One produced the applicable policies and procedures for the investigation unit involved in this case. Moreover, Capital One informed Plaintiff's counsel as early as March 19, 2008, the witness that would testify on behalf of Capital One regarding its fraud policies and procedures and the general organization of Capital One. Capital One also identified the fraud investigator that same day. Yet, Plaintiff has waited until this month to notice any depositions of any parties in this case. Plaintiff's accusations of Capital One's discovery conduct are unfounded and an ineffective smokescreen for improper attempts to expand scope of discovery in this case via the subpoena at

REPLY IN SUPPORT OF CAPITAL ONE BANK (USA) N.A.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS AND FOR ORDER QUASHING SUBPOENA

issue.[1]

### D. PLAINTIFF HAS NOT FOLLOWED THE PROPER PROCEDURE OUTLINED IN *FOLTZ* TO OBTAIN THE DOCUMENTS IN *VALDEZ.*

Even if Plaintiff were to persuade this court that the *Valdez* materials are discoverable in this litigation, Plaintiff is still not allowed to seek access to the *Valdez* materials. Plaintiff must seek intervention in the *Valdez* suit. *Foltz, supra,* describes "the proper role of each of the courts involved: the court responsible for the original protective order decides whether modifying the order will eliminate the potential for duplicative discovery. If the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court." *Foltz*, 331 F. 3d at 1137.

"Where collateral litigants seek access to discovery materials subject to a protective order in another case, it is the responsibility of the court issuing the protective order to determine whether modification or rescission of the protective order is proper by considering whether the discovery material is relevant to, and generally discovery in, the collateral litigation." *Hawley v. Business Computer Training Inst., Inc.*, 2008 WL 2048329, *2 (W.D. Wash. 2008) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F. 3d 1122, 1132 (9th Cir. 2003).

Plaintiff has not attempted to modify the protective order in *Valdez* and so the materials cannot be produced even if a finding of relevance were made by this Court.

### III. CONCLUSION

For the foregoing reasons, Capital One respectfully requests that the Court

---

[1] The issues mentioned in paragraph 10 of Mr. Ogilvie's declaration are not related to any of the information Plaintiff claims to seek from its subpoena of the materials in *Valdez*.

REPLY IN SUPPORT OF CAPITAL ONE BANK (USA) N.A.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS AND FOR ORDER QUASHING SUBPOENA

1  quash the subpoena and enter a protective order preventing the documents from being
2  produced.  First, an existing protective order in *Valdez* precludes the disclosure of the
3  documents to Plaintiff and her counsel here.  Second, the request for documents is
4  patently overbroad and seeks to obtain information that has no relevance to Plaintiff or
5  her claims in this case.  Third, Plaintiff has alternative means of obtaining the
6  information it seeks by requesting it in this case.  Further, Plaintiff has yet to seek to
7  intervene and modify the protective order in that matter.  Capital One respectfully
8  requests that the Court quash the non-party document subpoena.

10  DATED: July 18, 2008.

11              REED SMITH LLP

13              By     /s/ Veronica Kuiumdjian
                    Abraham J. Colman
14                  Felicia Y. Yu
                    Veronica Kuiumdjian
15                  Attorneys for Defendant
                    Capital One Bank

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On July 18, 2008, I served the following document(s) by the method indicated below:

**REPLY IN SUPPORT OF DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF DOCUMENTS BY ALEXANDER TRUEBLOOD AND FOR ORDER QUASHING PLAINTIFF'S SUBPOENA**

☒ <u>On the recipients designated on the Transaction Receipt located on the CM/ECF website.</u>

☒ **<u>FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.</u>**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 18, 2008 at Los Angeles, California.

/s/ Veronica Kuiumdjian
Veronica Kuiumdjian