1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   EMELIA M. PASTERNAK,           )
                                    )
12            Plaintiff(s),         )        No. C07-4980 CW (BZ)
                                    )
13        v.                        )
                                    )        **ORDER GRANTING CAPITAL**
14   TRANS UNION LLC, et al.,       )        **ONE BANK'S MOTION FOR**
                                    )        **PROTECTIVE ORDER AND TO**
15            Defendant(s).         )        **QUASH**
                                    )
16   _____)

17        Before the court is defendant Capital One Bank's motion

18   for a protective order and to quash a subpoena plaintiff

19   served on Alec Trueblood.  Having read the moving papers, the

20   opposition and the reply and having had an informal discovery

21   conference with the parties, I find no need or further hearing

22   and vacate the July 23, 2008 hearing date.  **IT IS ORDERED** that

23   the motion is **GRANTED** for the following reasons:

24        1.  Plaintiff's claim that the information in question

25   was improperly designated as confidential in the Valdez

26   litigation is best addressed to the Superior Court in Los

27   Angeles which issued the protective order.  See Foltz v. State

28   Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1132-33 (9th Cir.

                                    1

1    2003).  It does not appear that plaintiff has sought relief

2    from that court.

3        2.  In any event, the court agrees with defendant that

4    the information sought is of very marginal relevance to this

5    action.  As defendant notes, <u>Valdez</u> involved an inter-family

6    dispute whereas here the disputed accounts were opened by

7    strangers.  Different fraud departments and different

8    investigators handled each matter.  The court is not persuaded

9    that granting plaintiff access to the requested information

10   would facilitate the preparation of plaintiff's case, avoid

11   wasteful discovery in this case or "shorten the depositions."

12   Ultimately, plaintiff will still have to discover the

13   procedures and practices applicable to plaintiff's situation

14   and depose the people who conducted the fraud inquiry in this

15   case and satisfy herself whether the defendant acted properly

16   and lawfully.  If plaintiff gets relief from the Superior

17   Court, and that court concludes that it has protected

18   information of some relevance to this suit, plaintiff may seek

19   reconsideration of this ruling.

20   Dated: July 22, 2008

21

22                          Bernard Zimmerman
                       United States Magistrate Judge
23

24   G:\BZALL\-REFS\PASTERNAK V. TRANS UNION\ORDER RE DEF CAPITAL ONE.FINAL RULING.wpd

25

26

27

28

                            2